**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MARIO SAVA, et al., | ) | Case No.: 1:22-cv-06083 |
| | ) | |
| Plaintiffs, | ) | Honorable Joan H. Lefkow |
| | ) | |
| v. | ) | |
| | ) | |
| 21st CENTURY SPIRITS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Now comes Defendants 21st Century Spirits, LLC ("21st Century"), Leanna Bartlett, Alexa Collins, Sara Houchens, Metisha Schaefer, Nina Serebrova, Skyler Simpson, Kristen Strout, Kathy Picos f/k/a Kathy Cruzalegui, Jamie Villamor, and Anna Katharina Von Staehle a/k/a Anna Katharina (the remaining named individual Defendants shall be referred to as "Influencers") (collectively 21st Century and Influencers shall be referred to as "Defendants"), by and through counsel, and pursuant to Federal Rules of Procedure 9(b) and 12(b)(6) as well as Article III of the United States Constitution, hereby move for dismissal of all claims asserted by Plaintiffs Mario Sava ("Sava") and Alin Pop ("Pop") (collectively "Plaintiffs") in the instant matter. [1] This Motion to Dismiss is more fully supported by the attached Memorandum in Support.

---

[1] This is the third lawsuit Plaintiffs' counsel has filed against Defendant Alexa Collins and the second lawsuit by Plaintiff Pop against Defendant Alexa Collins. The other lawsuits are: *Alin Pop, et al. vs. Lulifama.com, LLC, et al.*, Case No. 8:22-cv-02698 (M.D. Fla.) (Compl. filed Nov. 23, 2022), and *Colceriu v. Influize, Ltd.*, Case No. 502021CA0004891 (15th Cir., Palm Beach County, FL) (Comp. filed Apr. 15, 2021).

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     PLAINTIFFS' CLAIMS ....................................................................................... 3

III.    LEGAL STANDARD ........................................................................................... 5

IV.     LAW AND ARGUMENT ..................................................................................... 7

    A.  Federal Rule of Civil Procedure 9(b) Requires Dismissal. .......................... 7

    B.  Not Only Do Plaintiffs' Claims Fail Under Federal Rule of Civil Procedure 9(b), Neither Plaintiff has Article III Standing as Both Failed to Plead a Concrete Injury. 10

    C.  Plaintiffs' Fail to Allege Any Deceptive Statement or Misrepresentation .................. 12

       1.  The Label ........................................................................................... 12

       2.  The Alleged Statements By Influencers and 21st Century ..................... 15

    D.  The FDA Guidance is NOT a Mandate ...................................................... 16

    E.  There is No Causal Connection Between the Influencer Posts and Quality .............. 17

    F.  Plaintiffs Fail to State a Claim under FDUTPA ......................................... 18

       1.  There was No Misrepresentation ............................................................. 19

       2.  There is No Causation ....................................................................... 21

       3.  Dissatisfaction with the Quality of Blue Ice Is Not Enough for Plaintiffs to Claim Injury under FDUTPA and Does Not Establish Actual Damages ........................ 23

       4.  Plaintiffs' Request for Injunctive Relief and Declaratory Judgment Must be Dismissed .......................................................................................... 23

    G.  Plaintiffs Fail to State a Claim Under the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1 et seq. ................................. 24

       1.  Plaintiffs' Failure to Identify a Deceptive or Unfair Practice Occurring in a Course of Conduct Involving Trade or Commerce Mandates Dismissal. ......................... 25

       2.  Plaintiffs Did Not Rely on Any Act or Promise of Defendants. ................... 26

       3.  Plaintiffs Did Not Sustain Any Damage ............................................... 26

       4.  There is No Causation. ..................................................................... 27

       5.  The Transaction of Sava's Purchase of Blue Ice is Not Substantially Connected to Illinois. ............................................................................................ 27

    H.  Plaintiffs Fail to State a Claim Under Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") – 815 ILCS 510 et seq. ........................................................ 27

    I.  Plaintiffs Fail to State a Claim Under the Legal Remedy Act ("CLRA"). Cal. Civ. Code §§1750 et seq. ................................................................................. 28

       1.  Plaintiffs Failed to Allege any Unfair or Deceptive Acts or Practices Undertaken with an Intent to Sell Blue Ice Mandating Dismissal. ................................ 30

2. Plaintiffs' Claims Must be Dismissed as They Failed to Notify Defendants of Allegations and Request a Correction. ................................................................... 30

3. Plaintiffs Sustained No Injury. .............................................................................. 30

4. The TTB Approved the Label on Blue Ice Barring any Claim Against 21st Century. ................................................................................................................................ 30

J. Plaintiffs Fail to State a Claim Under California's Unlawful Business Practices Act ("UCL"). Cal. Bus & Prof. Code §17200 et seq. ...................................................... 31

K. Plaintiffs' Unjust Enrichment Claim is Barred ............................................................ 31

L. Plaintiffs' Negligent Misrepresentation Claim is Barred............................................. 32

M. Plaintiffs' Breach of Express Warranty Claim is Barred.............................................. 33

V. CONCLUSION................................................................................................................. 34

# TABLE OF AUTHORITIES

## Cases

*Aliano v. Louisville Distributing Company, LLC,* 115 F.Supp.3d 921, 928 (N.D. Ill 2015).......... 7

*Alin Pop, et al. vs. Lulifama.com, LLC, et al.,* Case No. 8:22-cv-02698....................................... 1

*Anders Elec. v. Ledbetter Erection Corp.,* 115 Ill.2d 146, 150 (1986)........................................ 33

*Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F.Supp.3d 911, 917 (C.D. Ca. 2021). 30, 31

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) .................................................................... 6, 10

*Ass'n Benefit Servs. v. Caremark Rx, Inc.,* 493 F.3d 841, 855 (7th Cir. 2007) ............................ 31

*BCBSM, Inc. v. Walgreen's,* 512, F.Supp.3d 837, 856 (N.D. Ill. 2021)........................ 25, 31, 32

*Beardsall v. CVS Pharmacy, Inc.,* 2019 WL 1168103, *3 (N.D. Ill. 2019)................................. 13

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 560, 1964–65 (2007)........................................ 6, 10, 13

*Bell v. Publix Super Markets, Inc.,* 982 F.3d 468, 493 (7th Cir. 2020) ...................................... 12

*Blair v. Wachovia Mortgage Corp.*, Case No. 11-cv-566, 2012 WL 868878, *3 (M.D. Fla. Mar. 14, 2012) .................................................................................................... 17, 19, 20

*Bober v. Glaxco Welcome PLC,* 246 F.3d 934, 938 (7th Cir. 2001) ......................... 13, 15, 16, 25

*Casey v. Fla. Coastal Sch. of Law, Inc.*, Case No. 14-cv-1229, 2015 WL 10096084, *6 (M.D. Fla. Aug. 11, 2015) ............................................................................................. 20, 21

*Cerretti v. Whole Foods Market Group, Inc.,* Case No. 21-cv-5516, 2022 WL 1062793, *3 (N.D. IL 2022)............................................................................................. 12, 13, 15

*Clear Marine Ventures Ltd. v. Brunswick Corp.,* Case No. 08-cv-22418, 2010 WL 528477, *5 (S.D. Fla. Feb. 11, 2010)........................................................................................ 23

*Conley v. Gibson,* 355 U.S. 41, 47 (1957) ....................................................................... 6

*Dorestin v. Hollywood Imports, Inc.,* 45 So.3d 819, 824-825 (Fla. Dist. Ct. App. 2010)........... 18

*Eber v. Fresh, Inc.* 838 F.3d 958, 965 (9th Cir. 2016) .................................................... 13

*Floyd v. Pepperidge Farm, Inc.,* 581 F.Supp.3d 1101, 1009 (S.D. Ill. 2022) ................. 25, 26, 33

*Fuchs v. Menard, Inc.,* Case No. 17-cv-01752, 2017 WL 4339821, *43 (N.D. Ill. Sept. 28, 2017) ..................................................................................................................... 25

*Hennegan Co. v. Arriola*, 855 F.Supp.2d 1354, 1356-57 (S.D. Fla. 2012) ............................... 21

*Hitchcock v. Scipione,* Case No. 13-cv-2581, 2013 WL 6184037, *1 (M.D. Fla. Nov. 25, 2013) .................................................................................................................... 22

*Hoffman v. Fifth Generation, Inc.,* Case No. 14-cv-2569, 2015 WL 5440330 (S.D. Cal. Mar. 18, 2015) .................................................................................................................... 28

*In re Michael Stores Pin Pad Litigation*, 830 F.Supp. 518, 526 (N.D. Ill. 2011)....................... 26

*In re VMS Securities Litigation*, 757 F.Supp. 1353, 1391 (N.D. Ill. 1990) ................................. 7

*Kay v. Copper Cane, LLC,* 549 F.Supp.3d 1014, 1023 (N.D. Ca. 2021) citing *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 938 (9th Cir. 2008) ................................................................. 28

*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673 (1994) .............. 5

*Lokai Holdings,* 306 F.Supp.3d 629, 641 (S.D. NY 2018)................................................... 20

*Marketran v. Brooklyn Water Enter., Inc.,* Case No. 16-cv-81019, 2017 WL 1292983, *4 (S.D. Fla. Jan. 31, 2017)............................................................................................... 24

*Marrache v. Bacardi U.S.A., Inc.,* 17 F.4th 1084 (11th Cir. 2021) ...................................... 21, 23

*Muransky v. Godiva Chocolatier, Inc.*, 979 F3d. 917, 924-925 (11th Cir. 2020) ........................ 10

*Naperville Smart Meter Awareness v. City of Naperville,* 114 F.Supp.3d 606, 610 (N.D. Ill. 2015) ...................................................................................................................... 33

*Nivia v. Nationwide Mtg., LLC*, Case No. 13-cv-24080, 2014 WL 4146889, *6 (S.D. Fla. Aug. 21, 2014) ........................................................................................................................ 22

*Nowruzi v. Maker's Mark Distillery, Inc.*, Case No. 14-cv-2885, 2015 WL 4523551 (S.D. Cal. July 27, 2015).......................................................................................................................... 29

*O'Connor v. Ford Motor Co.*, 477 F.Supp.3d 705, 714 (N.D. Ill. 2020) .................................... 33

*Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 161 (2002) ..................................................... 24, 26, 27

*Parr v. Maesbury Home, Inc.*, Case No. 09-cv-1268, 2009 WL 5171770, *7 (M.D. Fla. Dec. 22, 2009) ....................................................................................................................... 19, 21, 23

*People ex rel. Hartigan v. Knecht Servs., Inc.*, 216 Ill.App.3d 843, 857 (1991).......................... 25

*Pye v. Fifth Generation, Inc.*, Case No. 4:14-cv-493, 2015 WL 5634600, *1 (N.D. Fla. 2015). 13, 14, 19, 20

*Rollins v. Butland*, 951 So.2d 860, 873 (Fla. Dist. Ct. App. 2007) ................................. 18, 23, 26

*Rudy v. Family Dollar Stores, Inc.*, 583 F.Supp3d 1149, 1157-58 (N.D. Ill. 2022)........... 7, 28, 33

*Salcedo v. Hannah*, 936 F.3d 1162, 1167 (11th Cir. 2019) ....................................................... 10

*Sears v. Likens*, 912 F2d 889, 893 (7th Cir. 1990) .................................................................. 7

*Silha v. ACT, Inc.*, 807 F.3d 169, 173 (Ill. App. 7th 2015)....................................................... 5, 11

*Sky Enterprises, LLC v. Offshore Design & Drilling Servs., LLC,* No. 16-cv-916, 2017 WL 519115, *2 (M.D. Fla. Feb. 8, 2017) ...................................................................................... 19

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016) ....................................................... 10, 11, 12

*Stefanski v. City of Chicago*, 390 Ill. Dec. 314, 327 (Ill App. Ct. 2015) ..................................... 31

*Stemm v. Tootsie Roll Indus., Inc.*, 374 F.Supp. 3d 734, 740 (N.D. Ill. 2019) ...................... 25, 31

*Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So. 3d 207, 212 (Fla. 4th DCA 2019) 18, 21

*TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) ...................................................... 10

*Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 802 (2021) .......................................................... 11

*Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) .................................... 25

*Veera v. Banana Republic*, LLC, 6 Cal. App. 5th 907, 915 (2016)............................................. 31

**Statutes**

15 U.C.C. §45(a) ...................................................................................................................... 19

15 U.S.C. §45(a) ...................................................................................................................... 15

15 U.S.C. 45(a) ......................................................................................................................... 9

16 C.F.R. Ch. I, Subchapter B, Part 17 ................................................................................... 16

27 C.F.R. §5.122 ...................................................................................................................... 15

27 C.F.R. §5.142 ...................................................................................................................... 15

27 C.F.R. §5.42(a)..................................................................................................................... 20

27 C.F.R. §7.41(a)..................................................................................................................... 20

810 ILCS 5/2-313 ..................................................................................................................... 33

815 ILCS 505/1 et seq.............................................................................................................. 24

815 ILCS 510 et seq................................................................................................................. 27

Bus & Prof. Code §17200......................................................................................................... 31

Bus. & Prof. Code §17204 ....................................................................................................... 31

Cal. Bus & Prof. Code §17200 et seq. ..................................................................................... 31

Cal. Civ. Code §§1750 et seq................................................................................................... 28

Cal. Civ. Code §1770(a)............................................................................................................ 28

Cal. Civ. Code §1783................................................................................................................ 28

Fla. Stat. §501.203(3)(a) .......................................................................................................... 19

Fla. Stat. §501.211(1) .................................................................................................. 23
Fla. Stat. §501.211(2) .................................................................................................. 21
Fla. Stat. §501.212 ...................................................................................................... 20
Fla. Stat. §501.212(1) .................................................................................................. 19
Fla. Stat. 501.203(3) .................................................................................................... 19

**<u>Other Authorities</u>**
Article III of the United States Constitution ........................................................ 10, 11

**<u>Rules</u>**
16 C.F.R. §255.0(b) ...................................................................................................... 17
16 C.F.R. §255.5 ............................................................................................... 5, 16, 17
16 C.F.R. 255 ................................................................................................................ 16
Federal Rule of Civil Procedure 9(b) .................................................................... 3, 7, 10
Federal Rule of Civil Procedure 12(b)(1) ............................................................... 5, 10

**<u>Treatises</u>**
*Guides Concerning the Use of Endorsements and Testimonials in Advertising,* 85 FR 10104-01
(2020) ...................................................................................................................... 16
*Guides Concerning the Use of Endorsements and Testimonials in Advertising,* 87 FR 44288-01
(2022) ...................................................................................................................... 16

**<u>Other</u>**
https://www.blueicevodka.com/our-videos ........................................................ 2, 15, 18

## MEMORANDUM IN SUPPORT

### I.      INTRODUCTION

This is the attempted start of a class action by a Florida consumer, Pop,[2] and an Illinois consumer, Sava, who claim they bought Blue Ice Vodka ("Blue Ice") made by 21st Century.  About the only things the Complaint tells us about these two (2) Plaintiffs is that each allegedly bought one (1) bottle of Blue Ice after viewing various unidentified, undated, and uncited social media posts ("Posts") of ten (10) women – the Influencers.  We do not know how much either Plaintiff paid for his bottle of Blue Ice, the date of purchase, or when either consumed Blue Ice.  Further, neither Plaintiff alleges that anything was wrong with Blue Ice, that a return was attempted, a complaint lodged or even that anyone was notified of Plaintiffs' personal dissatisfaction with the taste of Blue Ice.  Further, neither allege any personal injury.  Rather, Plaintiffs create a haphazard pleading hoping to find traction for any claim based only upon the purchase of a bottle of Blue Ice when nothing was alleged to be wrong with the product and where no injury ensued.

Blue Ice is a handcrafted and American made vodka produced from Idaho potatoes. Blue Ice explains, on the website cited in Plaintiffs' Complaint, that "handcrafted means that you have complete control over every aspect of the process really from farm to bottle."  Using Idaho potatoes and water from the Grand Teton Mountains, 21st Century ferments and distills Blue Ice in one (1)

---

[2] On October 17, 2022, Plaintiff Alin Pop also initiated an attempted class action complaint through the same Plaintiff's counsel in Florida captioned *Alin Pop, et al. vs. Lulifama.com, LLC, et al.,* Case No. 8:22-cv-02698 in the Middle District of Florida.  One of the named Influencers – Alexa Collins – in this suit is also a Defendant in *Pop v. Lulifama.*  The format of the complaint is very similar to the instant  case (with some paragraphs being identical and at least one screenshot in the *Pop v. Lulifama* case being nearly identical to a screenshot used in this matter) and Pop, who in the *Lulifama* case purchased a swimsuit that was of alleged inferior quality after seeing it on several Influencers he followed, made the following claims: Violation of Florida's Deceptive and Unfair Trade Practices Act (Count I); Unjust Enrichment (Count II); and Negligent Misrepresentation (Count III).  Defendants in that case filed a Motion to Dismiss on many of the same issues addressed herein on December 23, 2022, and on January 12, 2023, Plaintiff was granted an extension to oppose the pending Motion to Dismiss until February 3, 2023 – two (2) days beyond the deadline for Defendants to file a responsive pleading in the instant matter.

facility in Rigby, Idaho. https://www.blueicevodka.com/our-videos (last accessed 2/1/23). Blue Ice does not have added sugar and has a mere sixty-four (64) calories per ounce allowing it to be incorporated into many low-calorie cocktails. Id. It is also gluten free, keto friendly, and without carbohydrates. Id.

Review of the claims asserted by Plaintiffs show that there appear to be two (2) insufficient bases for alleged liability against Defendants: (1) 21st Century misrepresented that Blue Ice was "handcrafted" on the bottle label and not distilled as advertised and (2) the Defendants failed to properly disclose the advertising and promotion of Blue Ice. Plaintiffs claim Influencers were "paid" by 21st Century and Defendants should have disclosed this relationship to Plaintiffs in compliance with Plaintiffs' interpretation of nonbinding Federal Trade Commission ("FTC") guidance. Plaintiffs then summarily conclude that the unidentified Posts by the Defendants constitute a "scheme"[3] of "misleading advertising by promoting Blue Ice as 'handcrafted,' as well as suggesting that there are health benefits of consuming vodka" and by having the Influencers "tag or recommend Blue Ice products, pretending they are disinterested consumers" when, in fact, the Influencers were paid to promote Blue Ice. (Comp. ¶¶3-5.) Plaintiffs summarily claim that, in reliance on the undisclosed and misleading advertising by the Influencers each Plaintiff "purchased Blue Ice products and paid a premium," when the Blue Ice products had a lower value. (Comp. ¶7.) Interestingly, Plaintiffs later contradict this assertion when each allege that the decision to purchase Blue Ice was based upon the consumption of Blue Ice by many of the influencers Plaintiffs follow. (Comp. ¶80.)

---

[3] The term "scheme" is mentioned a mere three (3) places in the Complaint and described as the Defendants working in conjunction to have the Influencers tag Blue Ice pretending they are disinterested consumers. (Comp. ¶¶5, 30, and 150).

Even providing deference to Plaintiffs' claims, there is no scenario where the Complaint should not be dismissed. First, the claims are not pled with particularity as required under Federal Rule of Civil Procedure 9(b) as the ***who, what, when, where, why, and how much*** level of detail required under the Rule is absent. Second, Plaintiffs failed to allege a concrete injury barring subject matter jurisdiction under Article III of the United States Constitution. Third, the Complaint is completely devoid of even one (1) misrepresentation, deceptive or unfair practice by Defendants. Fourth, Plaintiffs' reliance on FTC guidance as a mandate is misguided and unwarranted. Fifth, there is no causal connection between the Posts and alleged quality issues. Finally, permitting Plaintiffs to amend the Complaint would be futile as neither can resolve the deficiencies.

## II.     PLAINTIFFS' CLAIMS

Generally, Plaintiffs claim Blue Ice is misleading consumers regarding the (1) qualities of its vodka; (2) the nature of its operations; and (3) through promotions by influencers on social media. (Comp. ¶15.) Despite Plaintiffs showing the following screenshot statement alleged to be from the website, "WE ARE HANDCRAFTED AND AMERICAN MADE WITH A SINGULAR GOAL – TO CREATE THE BEST TASTING VODKA. BECAUSE TASTE IS EVERYTHING," Plaintiffs expressly misrepresent and mislead this Court by stating that 21st Century "made the unsubstantiated claim that Blue Ice is 'the best tasting vodka; BECAUSE TASTE IS EVERYTHING." (Comp. ¶10.) Plaintiffs provide no place where Blue Ice said it was "the best tasting vodka." More important, Plaintiffs fail to allege that either Plaintiff even saw the website statement at any time, let alone *before* buying Blue Ice and that this correct, non-misleading statement was a factor relied upon. (Comp. ¶¶10, 16.) Next, Plaintiffs allege Blue Ice is manufactured as a "private label" for 21st Century by a third party and the Blue Ice website shows a picture of a Blue Ice sign outside the distillery, but provide no information, assertion or claim

3

telling us how the information presented by Defendants is false.  (Comp. ¶¶13-14.)  Finally, Plaintiffs falsely claim Blue Ice stated it has health benefits that help a person stay fit.  (Comp. ¶¶19-20.)

Fatal to Plaintiffs' claims is a failure to articulate that any of the claimed qualities, nature of operations, or Posts are inaccurate.  Also, erroneous and completely unsupported by any allegation is Plaintiffs' conclusory statement that "false claims and the undisclosed advertising by Influencers are the **_only_** reasons why Blue Ice has a place on shelves and the reasons why the price of Blue Ice is inflated, much higher than the value of the spirit inside."  (Comp. ¶29, emphasis added.)

Plaintiffs alleged, "Given the fact Blue Ice was consumed by many of the influencers they [Plaintiffs] followed, Plaintiffs decided to purchase Blue Ice."  (Comp. ¶80.)   Sava claims he bought Blue Ice from a liquor store in Chicago, Illinois in October 2022 to celebrate his birthday.  (Comp. ¶81.)  Pop claims he bought Blue Ice online in August 2022.  (Comp. ¶84.) Neither identify the influencers followed, let alone which Influencers consumed Blue Ice, provide an exact date of purchase, the exact location of purchase, the cost of the purchase, the exact product purchased, or a date of Plaintiffs' consumption.  Further, despite only basing their respective purchases on the fact that Blue Ice was purportedly **_consumed_** by many of the influencers each followed, Plaintiffs allege Blue Ice to be inferior quality without any health benefits and not handmade thereby supposedly giving both Plaintiffs a sustainable cause of action (and providing each a foundation for each to be a class action representative).[4]  (Comp. ¶¶82-83, 85-86.)

---

[4] Plaintiffs initiate this Complaint as a Class Action lawsuit and while indicating that Pop seeks to represent a Nationwide class of consumers that purchased Blue Ice Vodka as well as a Florida subclass, and that Sava seeks to represent a Nationwide class of consumers that purchased Blue Ice Vodka as well as an Illinois subclass, for the Class Period of September 1, 2018, to present.  Neither have moved for class certification.

Interestingly, in the undated screenshots the Influencers provided in the Complaint which are nearly illegible, neither Plaintiff identifies a Post that was ever viewed, let alone viewed prior to purchase to Plaintiffs' purchases. (Comp. ¶¶20, 45-54, 65.)

Plaintiffs then contradict their sole basis for purchasing Blue Ice (i.e. that seeing influencers they follow consume Blue Ice made them buy the product) and claim that the Influencers were compensated for "pretending to drink and promoting Blue Ice" without using the "'paid partnership' tag" suggested by the FTC guidelines published in November 2019[5] "or other disclosures like '#ad,' or '#sponsored.'" (Comp. ¶69.) Finally, without further support, Plaintiffs, based only on their own misinterpretation and self-serving application, summarily conclude that Defendants' failure to disclose this relationship makes Defendants not compliant with 16 C.F.R. §255.5 and FTC guidelines. (Comp. ¶69.)

These threadbare allegations form the totality of Plaintiffs' claims.

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and the burden of showing jurisdiction rests upon the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994). Claims that lack subject matter jurisdiction must be dismissed under Federal Rule 12(b)(1). Thus, if a Plaintiff fails to support any element of standing (i.e. damages), dismissal must occur. *Silha v. ACT, Inc.,* 807 F.3d 169, 173 (Ill. App. 7th 2015). Plaintiffs' lack of damages mandates dismissal under Fed. R. Civ. Pro. 12(b)(1).

---

As such, Defendants specifically reserve all rights and arguments related to class certification until such time as appropriate. (Comp. ¶¶87-100.)
[5] While the FTC Guidelines are merely guidelines and not mandates as will be discussed later in this brief, it is important to note that Plaintiffs have defined the class period as commencing in September 2018, nearly a year before the FTC guidance upon which they rely.

Additionally, a claim should be dismissed under Federal Rule 12(b)(6) if, accepting the well-pleaded allegations as true, a plaintiff is unable to state enough facts to show that it is plausible the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 560, 1964–65 (2007) A "bare assertion" and "conclusory allegation" will not suffice. *Id.* at 556-557. Thus, to succeed, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. Moreover, the Supreme Court advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp.,* 127 S.Ct. at 1964–65 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

## IV.     LAW AND ARGUMENT

### A.     Federal Rule of Civil Procedure 9(b) Requires Dismissal.

Federal Rule of Civil Procedure 9(b) applies to claims that sound in fraud and mandates that "the circumstances constituting fraud…shall be stated with particularity."   Review of Plaintiffs' Complaint shows that all claims are based on fraud and must meet Rule 9(b)'s heightened pleading requirement.

"Rule 9(b)'s particularity requirement furthers two basic purposes: (1) to reasonably notify defendants of their roles in the alleged scheme so that they may prepare a responsive pleading; and (2) to 'safeguard potential defendants from lightly made claims charging commission of acts that involve some degree of moral turpitude.'"  *In re VMS Securities Litigation*, 757 F.Supp. 1353, 1391 (N.D. Ill. 1990) (internal citations omitted).  However, "conclusory allegations of fraud and averments of state of mind are insufficient."  *Id.* (internal citations omitted).

Satisfaction of the particularity requirement imposed by Rule 9(b) is "usually satisfied if the complaint sets forth the time, place, and substance of the alleged misrepresentations, as well as who made the statements and the method by which the misrepresentation was communicated to the plaintiff."  Id. Further, blanket allegations that lump defendants together and make general allegations are insufficient.  *Id.  See also Sears v. Likens,* 912 F2d 889, 893 (7th Cir. 1990).

Review of the Complaint shows that Plaintiffs fail to allege any claim with sufficient particularity.  Moreover, despite being required to satisfy the particularity requirement with the "who, what, when, where, and how," none of the claims provide the author, substance, or date/time of any alleged misrepresentation. *See Aliano v. Louisville Distributing Company, LLC,* 115 F.Supp.3d 921, 928 (N.D. Ill 2015); *Rudy v. Family Dollar Stores, Inc.*, 583 F.Supp3d 1149, 1157-58 (N.D. Ill. 2022).  All claims lump "Influencers" and/or "Defendants" as alleged violators in

each claim. This alone is fatal. Beyond that, however, the who, what, when where, and how remain vague and unanswered. By way of example, consider the following:

- **<u>Who</u>**: Which Plaintiff followed what Influencers? Which Influencers' Posts omitted the disclaimers that Plaintiffs alleged should have been included? Who did the Defendants (21st Century and Influencers) make statements to?

- **<u>What</u>**: What specific Blue Ice product was purchased? What details give any substantiation to Plaintiffs' subjective assessment of the quality of Blue Ice? What Posts did Plaintiffs view and on what media? What express statements did Plaintiffs rely upon and who made them?[6] What qualities of Blue Ice are being challenged?

- **<u>When</u>**: When did Plaintiff(s) purchase Blue Ice? When did Plaintiff(s) consume Blue Ice? When did each Plaintiff follow each Influencer? When did Plaintiffs view Posts? When did Plaintiffs review the Blue Ice label?

- **<u>Where</u>**: Where did either Plaintiff purchase Blue Ice? Where did Defendants promise Blue Ice had health benefits?

- **<u>How</u>**: How much was paid for Blue Ice? How do Plaintiffs know or have any basis to allege that Blue Ice is not hand crafted? How do Plaintiffs know or have any basis to allege information relative to Blue Ice's distilling process? How did Plaintiffs suffer an injury-in-fact? How is Blue Ice an insufficient "premium" vodka that does not support the price paid by Plaintiffs?

While not all inclusive, the questions above highlight some of the multiple deficiencies in Plaintiffs' Complaint.

That said, the failure is even more pronounced in that review of the Complaint shows neither Plaintiff references a single representation by 21st Century or Post that was viewed (let alone before Plaintiffs' respective purchases). Notably, there is only one (1) mention of any of the Defendants individually – Alexa Collins, the Influencer that has already been sued by Pop and two (2) other times by Plaintiffs' counsel. Ms. Collins was quoted at footnote 2 of the Complaint as

---

[6] As noted in this brief, Plaintiffs, despite repeatedly alleging that misrepresentations were made to their detriment, expressly admitted that their respective purchases were made solely based on the fact that Plaintiffs followed influencers who consumed Blue Ice. (Comp. ¶80.)

stating "I make fit-friendly cocktails that have fewer calories than an apple."[7] However, Plaintiffs do not even allege that statement made by Ms. Collins is false (and it is not). Such repeated generalizations about alleged misrepresentations and the lack of detail render Plaintiffs' allegations fatally insufficient.

Next, Plaintiffs summarily conclude that Defendants violate 15 U.S.C. 45(a). Specifically, Plaintiffs allege the Influencers are in violation of the statute by advertising Blue Ice and 21st Century by "instructing and allowing the influencers to advertise" without making disclosure requirements as promulgated by FTC *guidelines* which were not even published until November 2019. (Comp. ¶¶77-79 and Ex. A.) Yet, like all other conclusory allegations in the Complaint, these baseless claims are also insufficient to establish a claim and continue to leave Defendants guessing who did what and when.

At most, without inclusion of ALL Defendants, Plaintiffs have alleged that 21st Century, not the Influencers, represented it is "hand crafted," "filtered 5 times,"[8] manufactured as a "private label," "helps in weight management" and "tastes better than other vodkas" – with no reference as to who said the statement, when the statement was said, where the statement was made, or how the statement was misleading. (Comp. ¶¶12, 14, 67.) However, most of these statements were never even made as evidenced by Plaintiffs' lack of attribution to any source, date, or time.

First, despite the reality that Blue Ice is hand crafted and filtered multiple times, Plaintiffs summarily conclude it is not. Even taking Plaintiffs unsubstantiated allegations that Blue Ice is manufactured as a "private label," which it is not, there is no misrepresentation and the distillery

---

[7] Plaintiffs do not challenge the veracity of the statement (i.e. the caloric intake is less than an apple), but rather argue that the improper statement is the reference to Blue Ice Vodka being used in "fit-friendly cocktails."

[8] In paragraph 28 of the Complaint, Plaintiffs contradict their prior statement and indicate that 21st Century promotes Blue Ice Vodka as being filtered four (4) times, not five (5) times as previously alleged in paragraph 12 of the Complaint.

referenced in the Complaint is the distillery where Blue Ice is distilled. (Comp. ¶¶12-13.) The remaining two (2) assertions by Plaintiffs regarding "helps in weight management" and "tastes better than other vodkas" are just false statements contained in the Complaint and Plaintiff fails to provide an allegation of who made the statements or where, when and how the statements were made.

Accordingly, Plaintiffs failed to plead facts to address one or more of the who, what, when, where, and how requirements of Rule 9(b) that are required to move the claim "across the line from conceivable to plausible." *Bell Atlantic Corp.,* 550 U.S. at 570. See also, *Ashcroft,* 556 U.S. 662. Not only does this failure infiltrate the entire Complaint, but it is also incurable based upon Plaintiffs' own admission that Plaintiffs purchased Blue Ice after seeing it consumed by unnamed influencers. (Comp. ¶80.) Simply put, Plaintiffs did not and cannot satisfy the mandates of Rule 9(b) which therefore acts as a bar to all claims.

> **B.**     **Not Only Do Plaintiffs' Claims Fail Under Federal Rule of Civil Procedure 9(b), Neither Plaintiff has Article III Standing as Both Failed to Plead a Concrete Injury**

Article III of the United States Constitution defines the role of the judiciary as resolving cases and controversies. Art. III, ¶2. Standing to sue is required to invoke federal jurisdiction. *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021). Conclusory allegations are insufficient. *Muransky v. Godiva Chocolatier, Inc.*, 979 F3d. 917, 924-925 (11th Cir. 2020). Absent an injury-in fact that is "concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,''' Plaintiff does not have standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016) (internal citations omitted). *See also Salcedo v. Hannah*, 936 F.3d 1162, 1167 (11th Cir. 2019).

To allege an injury sufficient to establish Article III standing, a Plaintiff must allege facts that show an injury that personally affect Plaintiff. *Spokeo, Inc.,* 136 S.Ct. at 1548. The injury must be real. *Id.* It cannot be hypothetical or speculative. *Id.* Rather the plaintiff <u>must</u> allege "a completed violation of a legal right." *See Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 802 (2021).

In *Silha v. ACT, Inc.,* Plaintiffs initiated a claim against Defendant ACT, Inc. alleging Defendant failed to disclose it profited from the sale of Plaintiffs' personally identifiable information. 807 F.3d 169. The Seventh District Court of Appeals denied jurisdiction as it found the factual allegations did not support an "injury in fact sufficient for standing under Article III of the Constitution." *Id.* at 174. The court noted "[a] plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution to challenge those acts in a suit in federal court." *Id.* at 174. In other words, defendant's gain was immaterial as plaintiff must allege an injury in fact. *Id.* Therefore, after removal of all conclusory allegations, the court noted that the only facts that remained in the Complaint were insufficient to satisfy Article III standing. *Id.* at 174.

Like *Silha,* when the unsupported conclusory facts asserted by Plaintiffs are removed in this case, the remaining factual allegations are insufficient to establish jurisdiction under Article III. After stripping away Plaintiffs' conclusions, the only remaining facts in this case are that Plaintiffs purchased Blue Ice after seeing many (unnamed) influencers they follow consume Blue Ice. (Comp. ¶80.) Apparently, Plaintiffs thereafter subjectively felt Blue Ice was of inferior quality.

Here, Plaintiffs have no claimed loss – they bought Blue Ice and received Blue Ice. That it was subjectively not up to Plaintiffs' expectations is immaterial and not an injury-in-fact. Despite Plaintiffs' bluster about 21st Century's labeling and manufacture and Defendants'

purported advertising, none of these allegations form the basis for the purchase of Blue Ice and none are even asserted to have occurred before Plaintiffs' purchase of Blue Ice.

A "label is not deceptive as a matter of law when the plaintiff's interpretation is so facially illogical, implausible, of fanciful that no reasonable consumer would think it – and that dismissal is warranted in those circumstances." *Bell v. Publix Super Markets, Inc.,* 982 F.3d 468, 493 (7th Cir. 2020). Moreover, there is an absence of a claim that Plaintiffs saw or relied upon any of this purported information prior to purchase or that any of these alleged statements caused them to purchase Blue Ice.

Even considering Plaintiffs' assertions that each relied upon alleged promotion of Blue Ice by Influencers (even if contradictory to Plaintiffs' own admission that the purchase occurred because each witnessed Influencers consume Blue Ice), no damages are present. Again, a plaintiff must have real damage and absent damage, there is no standing. *Spokeo,* 136 S.Ct. at 1548.

Based on the foregoing, Plaintiffs failed to allege an injury beyond personal dissatisfaction with the product purchased and an arbitrary claim that Blue Ice isn't worth the money each paid for the vodka (despite failing to articulate what was paid/purchased, when/where the product was purchased, or even when the product was consumed). This is not an injury. Thus, Plaintiffs lack Article III standing as the factual allegations fail to establish a plausible claim with a concomitant concrete injury, thereby defeating subject matter jurisdiction.

### C. Plaintiffs' Fail to Allege Any Deceptive Statement or Misrepresentation

#### 1. The Label

Misrepresentations are "likely to deceive reasonable consumers." *Cerretti v. Whole Foods Market Group, Inc.,* Case No. 21-cv-5516, 2022 WL 1062793, *3 (N.D. IL 2022). "A statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxco*

*Welcome PLC,* 246 F.3d 934, 938 (7th Cir. 2001). A consumer standard is applied to determine the likelihood of deception and it requires more than the mere possibility a label could be misunderstood, it requires a "probability that a significant portion of the general consuming public …acting reasonably in the circumstances could be misled." *Beardsall v. CVS Pharmacy, Inc.,* 2019 WL 1168103, *3 (N.D. Ill. 2019) (citing *Eber v. Fresh, Inc.* 838 F.3d 958, 965 (9th Cir. 2016)). "Where a plaintiff alleges 'unreasonable or fanciful interpretations' of labels of advertising, dismissal on the pleadings can be justified." *Cerretti*, 2002 WL 1062793 at *3. "The content of the entire packaging…along with 'all the information available to consumers and the context in which that information is provided and used' is relevant." Id. Moreover, if a reasonable juror could not find a statement to be false or misleading, the case should be dismissed. *Twombly*, 550 U.S. at 569, n. 14.

Plaintiffs' claim that the Blue Ice label represents it is "hand crafted" and "filtered 5 times." (Comp. ¶12.) However, the non-deceptive nature of the "hand crafted" argument has already been dismissed by a federal court in Florida. In *Pye v. Fifth Generation, Inc.*, Case No. 4:14-cv-493, 2015 WL 5634600, *1 (N.D. Fla. 2015), a case directly on point, consumer Plaintiffs initiated suit against the manufacturer of Tito's Handmade Vodka alleging it was not "handmade" as advertised.[9] In dismissing Plaintiffs' claims regarding the "handmade" representation by Tito's, the Court noted that "originally handmade' distinguished products from those naturally occurring in nature and, even with a more modern definition, no reasonable consumer could believe that a nationally marketed brand like Tito's was literally made by hand and without the use of substantial equipment." *Id.* at *2. Further the Court stated that "handmade" could be a carefully monitored

---

[9] In a clear attempt to muddy the waters, Plaintiffs argue that the term "handcrafted" somehow converts to the express representation that Blue Ice was made in a pot still. (Complaint ¶¶16, 86.) Yet, there is no allegation that Blue Ice made this representation.

process or puffery if trying to "glom onto a trend toward products like craft beer," neither of which were deceptive nor a misrepresentation.  Id.

Like *Pye,* the Complaint "includes a long recitation of facts, conclusions, and legal arguments" whereby the essential arguments are that (1) the Blue Ice label says the vodka is "hand crafted" and "filtered multiple times" and Plaintiffs, after following the Influencers on Instagram, purchased Blue Ice and paid a premium for it based on the claims the Influencers made about Blue Ice.  (Complaint ¶¶12, 71.)  Plaintiffs purchased Blue Ice in August and October 2022, respectively, after allegedly relying on the statements made by the Influencers and the statements on 21st Century's advertising and watching the Influencers consume Blue Ice, allegedly believing that each purchased a high-quality handcrafted vodka made by human hands.  (Complaint ¶¶80, 84-85.)

Plaintiffs' assertion of "hand crafted" is like Tito's representation it was "handmade" and the same analysis should be applied by this Court.  *See generally Pye,* 2015 WL 5634600.  Further, even Plaintiffs admit that "hand crafted" can involve different amounts of human intervention when it was expressly admitted in the Complaint that the term "hand crafted" never defined the "amount of human intervention in the process of distilling vodka."  (Comp. ¶28.)

As for Plaintiffs' assertion that Blue Ice represents that it is "filtered 5 times" or "filtered 4 times," depending on the paragraph in the Complaint, there is no allegation submitted by Plaintiffs that even alleges Blue Ice is not filtered multiple times.  (Comp. ¶¶ 12, 28.)  Despite Defendants being accused of providing misleading information relative to Blue Ice, none lied, and Plaintiffs have not alleged even one (1) misrepresentation.

In *Cerretti v. Whole Foods,* this Court dismissed a claim against Whole Foods based upon consumer misinterpretation when a consumer claimed that she believed organic ice cream bars

would be covered only in chocolate and nothing else. *Ceretti*, 2022 WL 1062793. In dismissing the claim the Court noted that Plaintiff's interpretation of chocolate covered was unreasonable as "Whole Foods called its ice cream bars chocolate, and the bars included chocolate." *Id.* at *4.

Here, Blue Ice was hand crafted and distilled multiple times. https://www.blueicevodka.com/our-videos. Thus, there is no misrepresentation related to the qualities of Blue Ice or the nature of operations. Claims based upon labeling that are neither false nor misleading are ripe for dismissal under Rule 12(b)(6). *See Bober,* 246 F.3d 934 (upholding dismissal as the proper decision when none of the statements at issue could be reasonably read as a misrepresentation). The claims presented by Plaintiffs in this matter present this exact scenario.

### 2. The Alleged Statements By Influencers and 21st Century

Next, Plaintiffs assert the Influencers engaged in the commission of some unidentified deceptive acts and practices. Plaintiffs argue the Influencers failed to abide by the requirements of 15 U.S.C. §45(a) and misled consumers by violating 27 C.F.R. §4.39 (which defines wine not vodka; vodka is defined by 27 C.F.R. §5.142. (Comp. ¶¶78-79, 106-107.) However, even if Plaintiffs had properly cited the prohibition on misleading statements or representations applicable to vodka, 27 C.F.R. §5.122, Plaintiffs' claims still fail as there are no allegations or any misleading statements on the label, container, or packaging.

Next, Plaintiffs falsely claim Blue Ice represented it has health benefits that help a person stay fit. (Comp. ¶¶19-20.) Plaintiffs also claim that unknown Influencers state "Together we can stay fit" *"suggesting"* that the consumption of vodka has benefits like weight loss." (Emphasis added.) There is also a screenshot after paragraph twenty (20) wherein Influencer Villamor allegedly posted "Blue Ice can definitely help you stay fit during quarantine." Finally, Influencer Collins was alleged to state, "I make fit-friendly cocktails that have fewer calories than an apple"

15

"*suggesting* that vodka is the healthier alternative." (Emphasis added.) (Comp. ¶¶21-22.) These statements are not false. Collins can make cocktails with fewer calories than an apple and Villamor can encourage others to stay fit. Thus, Plaintiffs' attempts to categorize these statements as false, or misleading should be rejected. Defendants never claimed that vodka benefits weight loss or that vodka is healthier than an apple. Yet, Plaintiffs attempt to hold Defendants liable for *suggestions* that Plaintiffs have manufactured. These mischaracterizations prove fatal to Plaintiffs' claims.

Here, the absence of any misrepresentation mandates dismissal of Plaintiffs' claims. The label on Blue Ice was and is accurate as were the Posts. Moreover, it is impossible for Plaintiffs to assert that any reasonable customer was or has the capacity to be deceived. *See Bober*, 246 F.3d at 938. Thus, Plaintiffs' fanciful interpretations of the label and Posts cannot be justified and dismissal of the complaint, without leave to amend, is proper as the deficiencies cannot be cured.

### D.      The FDA Guidance is NOT a Mandate

Next, in a singular location in the Complaint, Plaintiffs summarily and improperly assert the Influencers are in violation of 16 C.F.R. §255.5 as each fails to be compliant with the FTC *guidelines* regarding advertising on social media. (Comp. ¶69.) However, Exhibit A relied upon by Plaintiffs is a "Guide" not a "rule." 16 C.F.R. 255 ("Guides Concerning Use of Endorsement and Testimonials in Advertising"). Moreover,

> Industry guides are administrative <u>interpretations</u> of laws administered by the Commission for the <u>guidance</u> of the public in conducting its affairs in conformity with legal requirements. They provide the basis for <u>voluntary</u> and simultaneous abandonment of unlawful practices by members of industry. ***

16 C.F.R. Ch. I, Subchapter B, Part 17 (emphasis added). See also, *Guides Concerning the Use of Endorsements and Testimonials in Advertising*, 87 FR 44288-01 (2022) (noting Guides are advisory in nature); *Guides Concerning the Use of Endorsements and Testimonials in Advertising*, 85 FR 10104-01 (2020) (noting Guides are advisory in nature).

Further, since Section 255.5 is only advisory.

More concerning, Section 255.5 only applies to "endorsements." An "endorsement means any advertising message…that consumers are likely to believe reflects the opinions, beliefs, findings, or experiences of a party other than that sponsoring advertiser, even if the views expressed by that party are identical to those of the sponsoring advertiser." 16 C.F.R. §255.0(b). In that regard, there is no allegation of an endorsement and a photograph holding Blue Ice or mentioning that a cocktail was made with Blue Ice that has less calories than an apple is not an endorsement or advertisement within the meaning of 16 C.F.R. §255.5. Thus, there are no factual allegations that would permit this Court to find that Defendants' conduct constituted a violation of any of the named statutes. *See Blair v. Wachovia Mortgage Corp.*, Case No. 11-cv-566, 2012 WL 868878, *3 (M.D. Fla. Mar. 14, 2012).

### E. There is No Causal Connection Between the Influencer Posts and Quality

Plaintiffs next assert that the Influencers posted about the quality of Blue Ice. (Comp. ¶¶82-83, 85-86.) Plaintiffs summarily conclude that the unknown statement of "Together we can stay fit" by an unknown influencer is *"suggesting* that the consumption of vodka has benefits like weight loss." (Emphasis added.) Also, Plaintiffs assert that Influencer Collins' statement regarding the calories of Blue Ice compared to the calories in an apple is "*suggesting* that vodka is the healthier alternative" (Emphasis added.) (Comp. ¶¶21-22.) Both conclusions are preposterous and neither statement *suggests* Plaintiffs' conclusions. None of the Influencers' statements indicate a "health benefit" or a "high-quality handcrafted vodka made by human hands." (Comp. ¶¶82, 85.) Therefore, there is no causal connection between the Influencers and quality. That said, the quality statements regarding hand crafted, distilling, and manufacturing were previously discussed and. as noted in Section III, C of this brief, are not misrepresentations.

17

At most, Plaintiffs purchased Blue Ice and did not like it. While disappointing and certainly not the objective for 21st Century from a customer satisfaction perspective, there is no cause of action. Blue Ice is hand crafted and distilled multiple times. It does not add sugar, is keto friendly, and has no carbohydrates. https://www.blueicevodka.com/our-videos (last accessed 2/1/23). And there is no assertion otherwise in Plaintiffs' Complaint. Further, there never was a representation regarding weight loss. Finally, the fit-friendly comment that a drink of Blue Ice has fewer calories than an apple is accurate. No Defendant stated that drinking Blue Ice vodka was healthy or would help with weight loss. Thus, there is no causal connection to Plaintiffs' claims that their purchase of Blue Ice was related to advertised health benefits.

### F. Plaintiffs Fail to State a Claim under FDUTPA

To succeed on a Florida Deceptive Uniform Trade Practices Act ("FDUTPA") claim for damages, a plaintiff must allege and prove three elements: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages. *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So. 3d 207, 212 (Fla. 4th DCA 2019). "Proof of actual damages is necessary to sustain a FDUTPA claim" and the recovery of other damages (i.e. consequential damages) is not permitted. *Dorestin v. Hollywood Imports, Inc.*, 45 So.3d 819, 824-825 (Fla. Dist. Ct. App. 2010) (internal references omitted). "FDUPTA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins v. Butland*, 951 So.2d 860, 873 (Fla. Dist. Ct. App. 2007). Here, Plaintiffs' claim fails to state a proper claim under FDUTPA as (1) it is devoid of any allegations that Defendants engaged in an unfair or deceptive practice; (2) there is no causal connection between the alleged statements by 21st Century or Influencer Posts and quality; and (3) dissatisfaction with quality is not a damage sufficient to state a claim under FDUTPA.

18

### 1. There was No Misrepresentation.

Absent a "deceptive or unfair practice," there is no FDUTPA claim. *Parr v. Maesbury Home, Inc.*, Case No. 09-cv-1268, 2009 WL 5171770, *7 (M.D. Fla. Dec. 22, 2009). It is undisputed that an assertion of a violation of a FTC rule of "[a]ny law, statute, rule, regulation, or ordinance which prescribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" can be a deceptive or unfair practice under the FDUTPA. *Id.* (citing Fla. Stat. §501.203(3)(a)). However, there must be a factual basis to conclude that there was a violation of the law. *Blair,* 2012 WL 868878 at*3. Here, there is none and without a misrepresentation, dismissal is required.

In a desperate attempt to maintain a cause of action, it is believed that Plaintiffs mentioned 15 U.C.C. §45(a), although inappropriately, as a violation of same is a per se violation of FDUTPA. However, absent an allegation of the content of the instruction, when such instruction occurred, who gave the instruction, or even who received the instruction, the vague and conclusory assertion of a "scheme" is not enough. *Sky Enterprises, LLC v. Offshore Design & Drilling Servs., LLC,* No. 16-cv-916, 2017 WL 519115, 2 (M.D. Fla. Feb. 8, 2017). In other words, recitation of the rule/regulation/statute without an alleged violation is not enough. *Id.* Moreover, a violation of FTC guidelines does not create a violation of FDUTPA as there must be a violation of FTC "rules" to initiate a viable claim. Fla. Stat. 501.203(3).

Fla. Stat. §501.212(1) provides Defendants with a safe harbor exception to the FDUTPA as it explicitly prohibits application to "any act or practice required or specifically permitted by federal or state law." This safe harbor has been specifically applied within the State of Florida regarding the labeling of spirits. *Pye,* 2015 WL 5634600 at *4.

It is undisputed that the labeling and advertising of distilled spirits is regulated by The Alcohol and Tobacco Tax and Trade Bureau ("TTB"). 27 C.F.R. Subchapter A, Part 5. Labels are prohibited from containing false or misleading impressions. 27 C.F.R. §5.42(a). The labels required by the TTB must be issued in accordance with a valid Certificate of Label Approval ("COLA"). 27 C.F.R. §7.41(a). Further, as noted in *Pye*, "the TTB evaluates and preapproves an alcohol label to ensure it contains all mandatory information and contains no prohibited information." *Pye*, 2015 WL 5634600 at *3.

Like in *Pye*, a TTB regulator was charged with ensuring the representations on the Blue Ice label were not misleading. Thus, in addition to the lack of a misrepresentation, the statement could never have been a basis for a viable claim based upon Fla. Stat. §501.212.

Like Plaintiffs' other baseless attempts to identify a claim, Plaintiffs also failed to allege a "traditional violation" of FDUTPA since there was no "representation, omission, or practice that is likely to mislead the consumer" to probably, not possibly, act to his "detriment." *Blair*, 2012 WL 868878, at *3. *See also Casey v. Fla. Coastal Sch. of Law, Inc.*, Case No. 14-cv-1229, 2015 WL 10096084, *6 (M.D. Fla. Aug. 11, 2015). Plaintiffs cannot and did not claim that – the failure to disclose an alleged material connection between an unknown Influencer photograph – would have been enough to mislead a reasonable consumer, let alone to his/her detriment. *See Lokai Holdings*, 306 F.Supp.3d 629, 641 (S.D. NY 2018) (finding a failure to allege facts beyond an alleged violation of FTC guidelines regarding the alleged non-disclosure of paid endorsements is not enough to maintain a claim).

Here, Pop admitted he followed Influencers. (Comp. ¶80.) He also admitted he purchased Blue Ice because many influencers he followed consumed Blue Ice. *Id.* Pop further admitted that he knew some influencers act as advertisers for hire and fail to disclose they are paid. (Comp.

¶64.) Further, Pop admitted he knew the alleged Influencers were paid to advertise alcohol. (Complaint ¶65.) More concerning is Pop's complete absence of any reference by the Influencers to representations of the quality of Blue Ice.

At most, this is a case of buyer's remorse which does not equate to a violation of law. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084 (11th Cir. 2021). More simply, there is no violation of FDUTPA, and the claim fails as a matter of law requiring it to be dismissed with prejudice as there is a complete absence of any facts that state a plausible deceptive or unfair act or practice. *Casey,* 2015 WL 10096084, *16 .

### 2. There is No Causation

The Complaint alleges Blue Ice had inferior quality. (Comp. ¶¶82-83, 85-86.) That harm is not even related to any alleged unfair or deceptive conduct (i.e., the bottle labeling regarding hand crafted, multiple filtering processes, the distillation process, and the Posts). Thus, the FDUTPA claim must be dismissed as Plaintiffs must allege the unfair practice was the direct cause of the harm. *Parr* 2009 WL 5171770 at *7. *See also* Fla. Stat. §501.211(2) (actual damages must be from a "loss as a result of" the statutory violation); *Stewart Agency, Inc.,* 266 So. 3d 2017, 213; *Hennegan Co. v. Arriola*, 855 F.Supp.2d 1354, 1356-57 (S.D. Fla. 2012) (finding no FDUTPA violation when customers left after employee left as customer left for personal reasons not due to the ex-employee's conduct).

At most, Plaintiffs allege that Blue Ice was not "hand crafted;" that the purported link between 21st Century and the Influencers was not disclosed; that Defendants were involved in a scheme whereby the Influencers pretended they were disinterested consumers promoting Blue Ice; and that 21st Century instructed the Influencers to advertise the products without making the proper

disclosure (Comp. ¶¶5, 30, 79, and 150). Pop also alleged he bought Blue Ice because unknown influencers he followed consumed Blue Ice. (Complaint ¶80.)

The "hand crafted" assertion is discussed above and does not provide a basis for Plaintiffs' purchase anyway. Further, Pop failed to allege any conduct by any of the Defendants connecting him to his alleged injury (i.e., Blue Ice was not the quality he expected). Careful review of the Complaint indicates there is no representation regarding the quality of Blue Ice by any Defendant. In fact, Plaintiffs bought Blue Ice and got exactly what was advertised. Neither Plaintiff was injured by any representation on the bottle of Blue Ice or any Post of an Influencer. Here, the lack of particularity regarding the alleged representations and/or scheme prove fatal as there are no actions by any Defendants that can be causally linked to harm to Plaintiffs.

Finally, Plaintiffs fail to show that the misrepresentations "would have deceived an objectively reasonable person" as required for causation. *Hitchcock v. Scipione,* Case No. 13-cv-2581, 2013 WL 6184037, *1 (M.D. Fla. Nov. 25, 2013). Further, Plaintiffs did not and cannot claim that a reasonable consumer would interpret the Influencers' Posts as "honest consumer advice." *See Nivia v. Nationwide Mtg., LLC*, Case No. 13-cv-24080, 2014 WL 4146889, *6 (S.D. Fla. Aug. 21, 2014). To the contrary, Plaintiffs admit knowledge of the advertising. (Comp. ¶¶63-65, 70, 73-75.)

Plaintiffs' Complaint is nothing but unsubstantiated conclusory allegations with no factual support. Moreover, there is an absence of any allegation that the alleged label, any representation, or non-disclosures by Influencers are even likely to lead a consumer to purchase Blue Ice, or more importantly, that Plaintiffs' subjective disappointment with the quality of Blue Ice is linked to any alleged shortcoming. The FDUTPA claim must be dismissed.

### 3. Dissatisfaction with the Quality of Blue Ice Is Not Enough for Plaintiffs to Claim Injury under FDUTPA and Does Not Establish Actual Damages.

"FDUPTA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins,* 951 So.2d at 873. Thus, Pop's recovery relies on the pleading of actual damages which "are measured according to the difference in the market value in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Marrache*, 17 F.4th at 1098 (internal citation omitted); *Parr*, 2009 WL 5171770 at *8. Speculative damages are not actual damages. *Clear Marine Ventures Ltd. v. Brunswick Corp.,* Case No. 08-cv-22418, 2010 WL 528477, *5 (S.D. Fla. Feb. 11, 2010).

Plaintiffs paid the fair market value for Blue Ice and received what they paid for – Blue Ice. Plaintiffs' alleged damages are that "the Blue Ice products proved to be of a much lower value than the price paid." (Comp. ¶7.) Yet, the price paid, the product bought, and the alleged actual value are never stated. Also, there is no assertion of the value of the product received. In other words, Plaintiffs' claims are nothing more than a subjective opinion regarding Blue Ice. While it appears, Plaintiffs were dissatisfied with their purchase, dissatisfaction does not provide the foundation for a FDUTPA claim. *Rollins,* 951 So.2d at 873. Therefore, the FDUTPA claim is meritless.

### 4. Plaintiffs' Request for Injunctive Relief and Declaratory Judgment Must be Dismissed.

Plaintiffs also request injunctive relief and declaratory judgment that "Defendants' practice violates the law." (Compl. ¶¶111-112). To state a claim for injunctive relief under FDUTPA, Plaintiff must show he was "aggrieved" by an unfair or deceptive trade practice. Fla. Stat. §501.211(1). As previously outlined in this brief, Section IV, there was no allegation, let

alone a showing, of an unfair or deceptive trade practice. Next, declaratory judgments "clarify the legal relations at issue and…settle controversies prior to a legal breach of a duty or contract." *Marketran v. Brooklyn Water Enter., Inc.,* Case No. 16-cv-81019, 2017 WL 1292983, *4 (S.D. Fla. Jan. 31, 2017). Plaintiffs simply request this Court find "that the Defendants' practice violates the law." (Comp. ¶112.) Since this request merely seeks a finding there was a violation of FDUTPA, there is no legal significance beyond an "immediate attempt to collect damages." *Id.* Thus, Plaintiffs' request for injunctive and declaratory relief is meritless and must be stricken.

> **G.     Plaintiffs Fail to State a Claim Under the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1 et seq.**

To succeed on a ICFA claim, Plaintiff must state 1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Oliveira v. Amoco Oil Co.,* 201 Ill.2d 134, 161 (2002). Further, the disputed transaction must occur substantially in Illinois. *BCBSM, Inc. v. Walgreen's,* 512, F.Supp.3d 837, 856 (N.D. Ill. 2021). To determine if a transaction occurs substantially in Illinois, the Supreme Court of Illinois considers "1) the claimant's residence; (2) the defendant's place of business; (3) the location of the relevant item that is the subject of the disputed transaction; (4) the location of the claimant's contacts with the defendant; (5) where the contracts at issue were executed; (6) the contract's choice of law provisions, if there are any; (7) where the allegedly deceptive statements were made; (8) where payments for services were to be sent; and (9) where complaints about the goods or services were to be directed." *Id.* at 856-57. Based on the poorly drafted Complaint, it is impossible to tell if anything other than Sava's purchase of Blue Ice and his residence are connected to Illinois.

24

1. **Plaintiffs' Failure to Identify a Deceptive or Unfair Practice Occurring in a Course of Conduct Involving Trade or Commerce Mandates Dismissal.**

Under the ICFA, a statement is deceptive "if it creates a likelihood of deception or has the capacity to deceive" according to a reasonable consumer. *People ex rel. Hartigan v. Knecht Servs., Inc.,* 216 Ill.App.3d 843, 857 (1991). See also, *Stemm v. Tootsie Roll Indus., Inc.*, 374 F.Supp. 3d 734, 740 (N.D. Ill. 2019) citing *Bober,* 246 F.3d at 938. "To recover on a claim under the Act, a plaintiff must plead and prove that the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in the course of trade or commerce, and that it caused actual damages." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019). Under the ICFA, a statement is deceptive if it "creates a likelihood of deception or has the capacity to deceive" according to a reasonable consumer. *Stemm,* 374 F.Supp. 3d at 739. Puffery is not deceptive. *Id.* More importantly if the statement is not misleading as a matter of law, the claim may be dismissed. *Id.* at 740. Further, "[a] statement or label cannot mislead unless it actually conveys untrue information about a product." *Id.* Finally, "a court may dismiss an ICFA claim at the pleading state if the statement 'is not misleading as a matter of law.'" *Floyd v. Pepperidge Farm, Inc.,* 581 F.Supp.3d 1101, 1009 (S.D. Ill. 2022) citing *Fuchs v. Menard, Inc.,* Case No. 17-cv-01752, 2017 WL 4339821, *43 (N.D. Ill. Sept. 28, 2017).

As has been discussed throughout this brief, neither the label nor the Posts were deceptive or unfair. (*See* arguments set forth in Sections IV(C) and (F).) Plaintiffs did not allege even one false or misleading statement. No reasonable consumer would have been deceived or had the capacity to be deceived. Thus, the claim must be dismissed as a matter of law.

### 2.  Plaintiffs Did Not Rely on Any Act or Promise of Defendants.

Absent reliance upon a misrepresentation, there can be no loss.  *Oliveira,* 201 Ill.2d at 161.

Here, there was no misrepresentation.  Thus, reliance is an impossibility mandating dismissal of

the ICFA claim.

### 3.  Plaintiffs Did Not Sustain Any Damage.

If there are no deceptive or misleading statements, the Court need not decide if damage

was adequately alleged.  *See Floyd,* 581 F.Supp.3d at 1109.  Thus, this Court need not even

evaluate the damage requirements under the ICFA based upon Sava's failure to allege any

deceptive or misleading statements.  However, if damages were alleged, a "plaintiff must allege a

purely economic injury, measurable by the Plaintiff's loss."  *In re Michael Stores Pin Pad*

*Litigation*, 830 F.Supp. 518, 526 (N.D. Ill. 2011).

Here, the only claim is that Sava bought Blue Ice for an undisclosed price which, according

to his subjective opinion, was not supported by the quality of the vodka received.  However, it

remains undisputed that Sava received exactly what he bought – a vodka made from potatoes in

Idaho filtered multiple times.  Disappointment with the product does not equate to actual damage.

Thus, as with Plaintiffs' FDUPTA claim, Plaintiffs' ICFA claim should be dismissed as Plaintiffs

fail to allege actual damages and the ICFA does not provide for the recovery of nominal damages,

speculative losses, or compensation for subjective feelings of disappointment.  *See Rollins,* 951

So.2d at 873.

### 4. There is No Causation.

The Complaint alleges the Blue Ice that Plaintiffs' purchased was of inferior quality. (Comp. ¶¶82-83, 85-86.)  As previously noted, that harm is not even related to any alleged unfair or deceptive conduct (i.e., the bottle labeling regarding hand crafted, multiple distillations, and the Posts).  Further, Plaintiffs' claims do not rise to the level of causing any injury as required under the ICFA. *Oliveira,* 201 Ill.2d at 161.  Thus, there is no causal link between Plaintiffs' allegations of misrepresentation and alleged damages.  For these reasons as well, the ICFA claim fails.

### 5. The Transaction of Sava's Purchase of Blue Ice is Not Substantially Connected to Illinois.

The only connection with Illinois is Sava's purchase of an unidentified Blue Ice product at an unidentified liquor store in Illinois for an unidentified price.  (Comp. ¶81.)  The rest of the claims are silent on any ties to Illinois.  None of the Defendants live or are alleged to have done business in Illinois.  Blue Ice is made from potatoes in Idaho and distilled in Idaho.  (Comp. ¶¶11, 13.)  Sava makes no allegations of any contact with 21st Century before the purchase of Blue Ice and merely indicates unnamed influencers were followed on Instagram seen consuming Blue Ice which led to the purchase.   (Comp. ¶80.) Not only is there no contract and no deceptive statement(s), there is not even an allegation of any ties with Illinois beyond Sava's alleged purchase of an unknown Blue Ice product, from an unknown store, on an unknown date, for an unknown amount.  It is hard to see a substantial connection to Illinois.

### H. Plaintiffs Fail to State a Claim Under Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") – 815 ILCS 510 et seq.

To state a claim under IUDTPA, "a plaintiff must show 'a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving

trade or commerce.'" *Rudy,* 583 F.Supp.3d at 1158 (internal citations omitted). If there was no misleading statement as a matter of law, the IUDTPA claim must be dismissed. *Id.* Further, if there is no showing of actual damages, the IUDTPA claim must also be foreclosed. *Id.* at 1160.

Like the preceding arguments under Sections IV(C), (F), and (G) of this brief, there are no deceptive or unfair acts, let alone one that would be intended to cause Plaintiffs' reliance. Thus, dismissal of the IUDTPA claim is mandated. Upon incorporating the preceding arguments in this brief, the IUDTPA claim fails for (1) lack of a deceptive/unfair practice and (2) Defendants' lack of intention to have Plaintiff rely on same. This claim, like the preceding claims, must be dismissed.

I.   **Plaintiffs Fail to State a Claim Under the Legal Remedy Act ("CLRA").**
      **Cal. Civ. Code §§1750 et seq.**

"[U]nfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer" are considered violations under the CLRA. Cal. Civ. Code §1770(a). Further, thirty (30) days or more before filing suit, the consumer must notify the potential Defendant via certified mail of the allegations and ask for a correction. Cal. Civ. Code §1783. To succeed on a claim, a Plaintiff must show that "members of the public are likely to be deceived." *Kay v. Copper Cane, LLC,* 549 F.Supp.3d 1014, 1023 (N.D. Ca. 2021) citing *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 938 (9th Cir. 2008). There must also be injury in fact.

In *Hoffman v. Fifth Generation, Inc.,* Case No. 14-cv-2569, 2015 WL 5440330 (S.D. Cal. Mar. 18, 2015), Plaintiff claimed he bought Tito's as he saw the handcrafted label, relied on the handcrafted representation and believed the product was high-quality made with human hands. In dismissing the CLRA and UCL claims, the Court found that plaintiff's failure to allege that had he known Tito's was not handmade, he would have paid a lesser price for a competing product or not

28

have bought Tito's at all barred his claims. Similarly, in *Nowruzi v. Maker's Mark Distillery, Inc.,* Case No. 14-cv-2885, 2015 WL 4523551 (S.D. Cal. July 27, 2015), Plaintiff claimed that Defendant's product label claimed it was "handmade" which led plaintiff to believe the product had a superior quality that justified the higher cost. In dismissing plaintiff's claim and denying leave to amend same, the Court noted that that "'handmade' cannot reasonably be interpreted as meaning literally by hand nor that a reasonable consumer would understand the term to mean no equipment or automated process was used to manufacture the whisky." *Nowruzi*, 2015 WL 4523551 at *7.

Here, Plaintiffs' only allegation that they would not have purchased Blue Ice is based on the sole premise that the Influencers failed to disclose that the Posts were advertising. (Comp. ¶33.) However, as discussed in Section IV(D), there was no mandate for disclosure. There was no violation and Plaintiffs did not plead an injury.

However, giving Plaintiffs leave to amend to somehow try to re-draft a claim for the representation that Blue Ice was described as hand crafted would be fruitless as the statement is accurate and no person could reasonably believe that Blue Ice was made "literally by hand." *Nowruzi,* 2015 WL 4523551 (Court dismissed the complaint without leave to amend after finding that '"handmade' cannot reasonably be interpreted as meaning literally by hand nor that a reasonable consumer would understand the term to mean no equipment or automated process was used.") Again, the lack of misrepresentations and unfair practices proves fatal to Plaintiffs' claim under the CLRA, and no injuries were sustained mandating dismissal.

Finally, claims under the CLRA are precluded if the claims are based upon an "action the Legislature permits" (i.e., safe harbor). *Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532

F.Supp.3d 911, 917 (C.D. Ca. 2021). Here, as discussed in Section IV(F), the TTB is responsible for the accuracy of the label on the product meaning that no CLRA claim can prevail.

### 1. Plaintiffs Failed to Allege any Unfair or Deceptive Acts or Practices Undertaken with an Intent to Sell Blue Ice Mandating Dismissal.

For all the reasons articulated in Sections IV(C), (F), and (G), the lack of unfair or deceptive acts taken with the intent to sell Blue Ice mandates dismissal of this claim against all Defendants.

### 2. Plaintiffs' Claims Must be Dismissed as They Failed to Notify Defendants of Allegations and Request a Correction.

The Complaint is completely devoid of an assertion that Plaintiffs provided notice to the Defendants, via certified mail as is required by Cal. Civ. Code §1783. This failure is fatal to Plaintiffs' CLRA claim, mandating dismissal.

### 3. Plaintiffs Sustained No Injury.

Without injury, there is no claim. Plaintiffs' singular allegation that they would not have purchased Blue Ice is based on the Influencers' failure to disclose advertising. (Comp. ¶33.) None of the Defendants were required to disclose advertising.

### 4. The TTB Approved the Label on Blue Ice Barring any Claim Against 21st Century.

The "TTB has exclusive jurisdiction in regulating the labels [not packaging, pursuant to 28 C.F.R. §25] on alcoholic beverages because Congress expressly granted exclusive authority to the Treasury Department who in turn delegated its duties to the TTB." *Angiano,* 532 F.Supp.3d at 918 (internal citation omitted). Thus, as in *Angiano,* which found that claims based on a TTB approved label were subject to the safe harbor exemption, Plaintiffs' claims regarding labeling of the vodka could also be excluded. *Id.* at 918. Thus, the CLRA claim must be dismissed against 21st Century.

**J.     Plaintiffs Fail to State a Claim Under California's Unlawful Business Practices Act ("UCL").  Cal. Bus & Prof. Code §17200 et seq.**

The UCL prohibits unfair competition which includes "any unlawful, unfair or fraudulent business act or practice."  Bus & Prof. Code §17200.   A plaintiff must have an injury in fact and have lost money due to the unfair competition.  Bus. & Prof. Code §17204.  The remedies available under the UCL are limited to injunctive relief and restitution.  *Veera v. Banana Republic*, LLC, 6 Cal. App. 5th 907, 915 (2016).

As discussed in Sections IV(C), (F), and (G), the lack of unfair or deceptive acts taken with the intent to sell Blue Ice mandates dismissal of this claim.  Plaintiffs failed to identify any damages as there (1) is and was no "unfair, unlawful and/or deceptive practice" and (2) restitution is not owed as Plaintiffs purchased a bottle of Blue Ice vodka and received the product.  Finally, like the claim for violating the CLRA, the claim under the UCL is also banned to the extent any claimed infraction is associated with labeling.  *Angiano,* 532 F.Supp.3d at 918.

**K.     Plaintiffs' Unjust Enrichment Claim is Barred**

To state a claim for unjust enrichment, Plaintiff must allege a Defendant has unjustly retained a benefit to Plaintiff's detriment and the retention "violates the fundamental principles of justice, equity, and good conscience." *Stefanski v. City of Chicago,* 390 Ill. Dec. 314, 327 (Ill App. Ct. 2015).  However, when the unjust enrichment claim "rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim – and, of course, unjust enrichment will stand or fall with the related claim." *Stemm,* 374 F.Supp. 3d at 744.  Here, the unjust enrichment claim relies on the same alleged conduct as the preceding claim and likewise fails. *BCBSM, Inc.,* 512 F.Supp3d at 856 citing *Ass'n Benefit Servs. v. Caremark Rx, Inc.,* 493 F.3d 841, 855 (7th Cir. 2007) (resolution of the fraud claim is dispositive of the unjust enrichment claim when both claims are predicated on the same allegations).

### L. Plaintiffs' Negligent Misrepresentation Claim is Barred

In Illinois, a claim for negligent misrepresentation requires Plaintiffs allege "(1) the defendant had a duty to the plaintiff to communicate accurate information; (2) the defendant made a false statement of material fact to the plaintiff; (3) the defendant negligently failed to ascertain the truth of that statement; (4) the defendant made the statement with the intent to induce the plaintiff to act; (5) the plaintiff acted in reliance on the truth of that statement; and (6) the plaintiff suffered damage due to that reliance." *BCBSM, Inc.,* 512 F. Supp.3d at 837. It also requires a breach of duty. *Id.* at 854. Moreover, absent a false statement, there is no claim for negligent misrepresentation. *Floyd,* 581 F.Supp.3d at 1111.

Once again, the lack of an alleged misrepresentation is fatal to Plaintiffs' claim – in this case, the negligent misrepresentation claim. Here, the only possibility of identifying the vague statements regarding Plaintiffs' alleged misrepresentations are at (1) paragraph 4 of the Complaint wherein Plaintiffs assert the Influencers "misrepresented the material relation they have" with Blue Ice by failing to disclose the relationship when promoting Blue Ice products; (2) paragraph 12 where 21st Century is alleged to have represented that Blue Ice is "hand crafted" and "filtered 5 times" in a distillery bearing the name "Blue Ice Vodka" due to a sign in a yard; and (3) paragraphs 126, 133 of the Complaint wherein Plaintiffs allege Defendants represented "that Blue Ice has characteristics and ingredients that it does not have and offers health benefits."

As discussed in Sections IV(C), (F) and (G), there was no misrepresentation through failure to disclose the alleged relationship between Blue Ice and the Influencers. Next, Blue Ice is hand crafted and filtered multiple times and there is no allegation to the contrary. Third, Defendants never alleged that Blue Ice has characteristics and/or ingredients that are not present and Plaintiffs have asserted no allegation to the contrary. Finally, there is no assertion that any of the Defendants

indicated that Blue Ice has health benefits. At most, the low-calorie nature of the product is true and was noted, but there is no factual basis that any suggestion of health benefits or weight loss ever occurred. Accordingly, none of the representations made by Defendants were false and none were material to Plaintiffs' actions of buying Blue Ice based on the consumption by Influencers that Plaintiffs alleged was their sole basis for purchase. (Comp. ¶80.)

Plaintiffs also failed to allege damage as disappointed commercial expectations are not enough to establish harm. *Rudy,* 583 F.Supp.3d 1149. *See also Anders Elec. v. Ledbetter Erection Corp.*, 115 Ill.2d 146, 150 (1986). For these reasons, the negligent misrepresentation cannot proceed.

### M.    Plaintiffs' Breach of Express Warranty Claim is Barred

To state a claim for breach of express warranty in Illinois, the Plaintiff must allege the seller "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *O'Connor v. Ford Motor Co.,* 477 F.Supp.3d 705, 714 (N.D. Ill. 2020). If the description of a product is made part of the basis of the bargain, the goods must confirm to the description." 810 ILCS 5/2-313.

Plaintiffs' breach of express warranty claim is premised on Blue Ice failing to conform to Defendants' description that Blue Ice has a specific taste, is hand crafted, and promotes a healthy lifestyle." (Comp. ¶163.) Already established is that Blue Ice is hand crafted and that a healthy lifestyle was never represented. Thus, those arguments are meritless for all the reasons previously articulated in this brief.

Review of the Complaint shows one (1) reference to taste by 21st Century:

We are handcrafted and American made with a singular goal – to create the best tasting vodka. Because taste is everything. (Comp. Screenshot after ¶10)

33

Yet, Plaintiffs misquote Defendants' statement above and recast it as "Blue Ice is 'the best tasting vodka.'" (Comp. ¶10). Additionally, Plaintiffs note that Blue Ice said it tastes better than other vodkas, made misrepresentations regarding the taste, and described Blue Ice to have a specific taste. (Comp. ¶67, 121, and 163). Yet, review of the Complaint shows no other allegations regarding "taste" by Defendants and no other facts, assertions, or information to support these baseless conclusions at paragraphs 67, 121, and 163 of the Complaint.

Defendants showed that Blue Ice was hand crafted under all interpretations of the law. Defendants also established at Sections IV(C), (F), and (G) of this brief that there was never a representation that drinking Blue Ice supports a "healthy lifestyle." Finally, there was no promise relating to Blue Ice regarding taste. There was no promise that the vodka would conform to these absurd assertions fabricated by Plaintiffs and, to the contrary, Blue Ice did and does conform to all assertions made by Defendants regarding Blue Ice. As such, the breach of express warranty claim must also be dismissed.

## V. CONCLUSION

For all the reasons asserted herein, Plaintiffs' Complaint must be dismissed in its entirety with prejudice. Permitting Plaintiffs to amend the Complaint would be inappropriate as Plaintiffs cannot rectify the deficiencies identified herein. In the alternative, Defendants request that this Court dismiss Plaintiffs' Complaint and require Plaintiffs to file a more definite statement of the claims asserted. *Naperville Smart Meter Awareness v. City of Naperville,* 114 F.Supp.3d 606, 610 (N.D. Ill. 2015) (internal citations omitted) (finding it is proper to deny leave to amend a pleading if amendment would be futile defined as "restating the same facts using different language, reasserting claims previously determined, and the inability to survive a motion to dismiss.").

34

Dated: February 1, 2023                         Respectfully submitted,

*/s/ Anthony J. Calamunci*
Anthony J. Calamunci (6308404)
FisherBroyles
203 North LaSalle St., Suite 2100
Chicago, IL 60601
(567) 455-5257
anthony.calamunci@fisherbroyles.com
*Counsel for Defendants*