IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO SAVA, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 22 C 6083 |
| 21st CENTURY SPIRITS, LLC, et al., | ) Magistrate Judge Finnegan |
| Defendants. | ) ) ) ) |

## ORDER

Plaintiffs have filed a Motion to Compel Better Discovery Responses and for Rule 37 Sanctions against Defendant 21st Century Spirits, LLC ("21st Century"). (Doc. 38). For the reasons stated herein, the motion is denied.

**I. BACKGROUND**

In this putative class action, Plaintiffs Mario Sava and Alin Pop bring eight statutory and common law claims against Defendants for "deceptive, unfair and misleading promotion of Blue Ice vodka products in the states of Illinois, Florida and throughout the United States." (Doc. 1 ¶¶ 2-3). The gist of the claims is that Defendants—which include 21st Century and ten so-called social media "Influencer" defendants—"are involved in misleading advertising by promoting Blue Ice as 'handcrafted,' as well as suggesting that there are health benefits in consuming vodka." (*Id*. ¶ 3). Plaintiffs allege that 21st Century improperly used "influencers" to induce consumers to buy Blue Ice vodka products without disclosing that these individuals were paid for their promotional activities. (*Id*. ¶ 4). Plaintiffs purport to bring a nationwide class action on behalf of all purchasers of Blue Ice

vodka products, as well as smaller classes of all Illinois and Florida residents who purchased these products. (*Id.* ¶¶ 90-91).

Plaintiff Mario Sava, an Illinois citizen, claims to have bought "Blue Ice" in October 2022. He was dismayed to discover that vodka was pure alcohol, did not provide health benefits, and was of "inferior quality." (Doc. 1 ¶¶ 41, 81-82). Plaintiff Alin Pop, a Florida citizen, bought "Blue Ice" in August 2022 and "realized that the spirit is not worth the high price he paid." (*Id.* ¶¶ 42, 84). He claims the vodka is "not special"; was not made "in a pot still"; and has no health benefits. (*Id.* ¶ 86). Both claim they bought "Blue Ice" because it "was consumed by many of the influencers they followed." (*Id.* ¶ 80.) Plaintiffs do not identify which one of the various Blue Ice Vodka products they bought.[1]

On January 17, 2023, Plaintiffs served 21st Century with twelve requests for production of documents ("RFPs") and seven interrogatories. (Doc. 38-1). After the parties were unable to resolve 21st Century's objections during a one-hour discovery conference, Plaintiffs filed the pending Motion to Compel Better Discovery Responses and for Sanctions. (Doc. 38). 21st Century has responded with an opposition brief (Doc. 46), and Plaintiffs have filed a reply (Doc. 47).[2]

---

[1] Plaintiffs' discovery requests define "Blue Ice Vodka" in the requests as "all alcoholic beverages marketed or sold" by 21st Century and "labeled as Blue Ice Vodka, including Blue Ice Potato Vodka, Blue Ice, Blue Ice Huckleberry Flavored Vodka, and Blue Ice Organic Wheat Vodka." (Doc. 38-1, at 3). For ease of reference, unless otherwise specified, page numbers for all briefs and exhibits are drawn from the CM/ECF docket entries at the top of the filed document.

[2] The Court's order setting the briefing schedule did not provide for a reply brief for this routine discovery motion, and Plaintiffs did not seek leave to file one. While the Court was under no obligation to consider the unauthorized reply under these circumstances, it opted to do so.

## II. ANALYSIS

### a. RFP Nos. 4 and 5

In RFP No. 4, Plaintiffs seek all documents showing 21st Century's "annual revenue", and in RFP No. 5, they seek 21st Century's annual revenue from sales of Blue Ice Vodka (Doc. 38, at 9-10), for the period September 1, 2018 to the present (Doc. 38-1, at 4). As noted, Plaintiffs define Blue Ice Vodka as encompassing multiple alcoholic beverages marketed or sold by 21st Century. (*Infra* at n. 1). 21st Century objected to both requests in their entirety, including for lack of relevance and because the request is not limited either to the vodka that Plaintiffs allegedly bought or to the vodka that 21st Century promoted through influencers (which it says includes only two of the Blue Ice Vodkas). (Doc. 38-2, at 34, 36; Doc. 38-4, at 4).

Plaintiffs criticize some of 21st Century's objections to these RFPs as impermissible boilerplate and otherwise improper, but they never respond to 21st Century's relevance objections with an explanation as to *why* they need this information. There is no obvious connection between 21st Century's total annual revenues and the claims in this case, nor have Plaintiffs explained why they are entitled to revenues from vodka products that they did not buy or that are not promoted by influencers. The Court need not address 21st Century's additional arguments against allowing this discovery given the apparent lack of relevance of what is sought. The motion to compel is denied at to RFP Nos. 4 and 5.

### b. RFP Nos. 8 and 9

These RFPs seek "[a]ll documents relating to written or oral contracts or agreements" between 21st Century and "any distributor" (RFP No. 8) or "any wholesaler" (RFP No. 9) of Blue Ice Vodka. (Doc. 38, at 10-11). Plaintiffs define "relating to" as

3

"comprising, mentioning, describing, containing, enumerating, involving or in any way concerning, pertaining to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter." (Doc. 38-1, at 5-6).

21st Century again objected to these requests in their entirety due to, *inter alia*, lack of relevance and proportionality (including because the requests are not limited to the products that Plaintiffs bought or that were promoted by influencers). (Doc. 38-2, at 41-46). While Plaintiffs again take issue with some of 21st Century's objections (Doc. 38, at 10-11), they never explain, even in the reply brief (Doc. 47), how such contracts (and all related materials) are relevant to the claims and defenses. Plaintiffs' arguments that the requests are not burdensome and that discovery is not bifurcated (see Doc. 47, at 2-4) do not justify discovery without a threshold showing of relevance. The motion is thus denied, obviating the Court's consideration of 21st Century's other arguments against the discovery.

### c. RFP No. 10

This RFP seeks "[a]ll documents relating to written or oral contracts or agreements between [21st Century] and any manufacturer of Blue Ice Vodka." 21st Century again objected on relevance grounds (Doc. 38-2, at 45-46), to which Plaintiffs rejoin that they need these documents because:

> [t]he Complaint claims that the value of the product purchased by the plaintiffs is lower than the price paid, and the damage to the named plaintiffs is the difference between the price paid and the value of the vodka. In order to determine the value of the vodka, an inquiry needs to be made into the manufacturing price and manufacturing conditions.

(Doc. 38, at 12). As an initial matter, for a document to be relevant here, it must at least relate to the Blue Ice product that Plaintiffs bought or that the putative class was deceived

4

into buying, not all vodka products. Apart from this, it is not clear to the Court (and Plaintiffs do not explain) how manufacturing contracts would provide the "value" of the vodka. And discovery of "all" documents relating to such contracts is facially overbroad if the intent is to try to reconstruct the cost of producing the vodkas. Finally, Plaintiffs nowhere suggest, much less cite any legal authority for the proposition, that discovery of the manufacturing price and conditions—assuming they could be found in these contracts—equal the value of the vodka they bought under the claims they have asserted.

Plaintiffs also allege that the vodka they purchased was not made by "human hands" and under a "private label," as claimed by Defendants, and that these contracts will shed light on the production process. (*Id.*) But this request is far broader than this rationale would allow. The motion to compel as to RFP No. 10 is denied.[3]

### d. Interrogatory Nos. 2 and 3

Plaintiffs move to compel supplemental responses to Interrogatories Nos. 2 and 3 requesting the following information:

> Please identify all Influencers that You paid, and the amount of money paid by You to each Influencer during the Relevant Time Period. For each Influencer identify the Influencer's name, home address, last known contact information (e.g., email addresses, phone numbers, etc.), date of payment, reason for payment, number of posts and stories created in exchange of Your payment, other agent(s) or intermediaries involved in facilitating the contact with the Influencer. (Interrogatory No. 2)

> Please identify any social media influencers that promoted Your products on social media (Instagram and Facebook) during the Relevant Time Period, including correspondence, contracts, and payment records. (Interrogatory No. 3)

---

[3] Plaintiffs also ask this Court to disallow rolling productions. (Doc. 38, at 7-8). 21st Century responds that it has completed its agreed production of documents, mooting the motion on this point. (Doc. 46, at 4). Under these circumstances, the Court agrees. In any event, Plaintiffs have failed to demonstrate a basis for a blanket ban on rolling productions.

21st Century points out that it has responded to these interrogatories as to the ten "Influencer Defendants" named in the complaint (see Doc. 46, at 29-33, 36), and argues that the interrogatories are overbroad to the extent they seek information on influencers that Plaintiffs did not allegedly view (i.e., influencers not named in the complaint). (Doc. 46, at 14; see Doc. 38-3, at 29, 35 (objection based on this reason)).

Plaintiffs assert that neither interrogatory is or should be limited to the ten Influencer Defendants. They reason that because discovery in this case has not been bifurcated between their individual claims and the claims of the putative class, 21st Century should be compelled to answer these interrogatories as to all influencers who might have induced putative class members to buy 21st Century vodkas. (Doc. 38, at 14). Yet Plaintiffs offer no reason why they need this discovery at this stage of the case.

The Court elects not to expand discovery as requested by Plaintiffs because it would be disproportionate to the needs of the case at this pre-certification stage of the proceedings. *See generally Bilek v. Fed. Ins. Co.*, 2022 WL 18912277, at *3 (N.D. Ill. Dec. 12, 2022) (relied upon by Plaintiffs at Doc. 38, at 6-7). In *Bilek*, also a putative class action where discovery had not been bifurcated between the individual and class claims, the court found that while class-wide discovery was not "categorically impermissible," some pre-certification class-wide discovery may be unduly burdensome and thus refused "to issue a blanket ruling that defendant tender class-wide responses to all of plaintiff's discovery requests at this early stage of the litigation." *Id.*[4] Because Plaintiffs gave no reason for needing more expansive influencer discovery at this stage of the litigation (an

---

[4] See also *Lowe v. CVS Pharmacy, Inc.*, 2015 WL 13427768, at *2 (N.D. Ill. Feb. 6, 2015) (relied upon by Plaintiffs at Doc. 38, at 7) (allowing discovery relevant to "class inquiry" in pre-certification stage where discovery was not bifurcated between individual and class issues).

important element in assessing the proportionality of the requested discovery), the *Bilek* decision does not help their motion.

In their reply brief, Plaintiffs try to distinguish *Bilek* and rely instead on *Clay v. Cytosport, Inc.*, 2016 WL 6082314, (S.D. Cal. Oct. 18, 2016), and *Garza v. Brinderson Constructors, Inc.*, 2017 WL 2861128, at *3 (N.D. Cal. July 5, 2017) (Doc. 47, at 4), to support their discovery. These cases are consistent with *Bilek* and do not persuade the Court to allow discovery into all of 21st Century's influencers. In each case, the court allowed discovery into matters needed to establish the elements of class certification. *Clay*, 2016 WL 6082314, at *3-4 (explaining that discovery was permitted on whether "Rule 23 prerequisites for class certification are satisfied," thereby allowing discovery of various recipes over time as relevant to "the uniformity of the class products over time"); *Garza*, 2017 WL 2861128, at *3 (allowing discovery relevant to proper scope of class). Here, Plaintiffs do not even make the argument that the class-wide influencer discovery they seek is relevant to the elements of class certification under Fed. R. Civ. P. 23. The motion to compel supplemental responses to Interrogatories Nos. 2 and 3 is denied.

### e. Interrogatory Nos. 4 and 5

These interrogatories seek the same information sought in RFPs Nos. 4 and 5. The motion is thus denied for the same reasons. *See infra* at 3.

### f. General Objections

Lastly, Plaintiffs ask this Court to overrule the general objections that 21st Century asserts. (Doc. 38, at 3-5; see Doc. 38-2, at 16-25 (general objections to document requests); Doc. 38-3, at 16-25 (same as to interrogatories)). The great majority of these objections are reservations of rights (including on privileges), information about the scope

of 21st Century's factual investigation into its discovery responses, or explanations of and objections to definitions and instructions. To the extent a general objection contains an actual objection to the discovery, 21st Century informed Plaintiffs during their meet-and-confer conference that it was "not withholding any documents or information based on the General Objections." (Doc. 38-4). Given this representation, and the lack of any apparent practical consequence from these general objections on 21st Century's actual production of discovery, the Court declines to individually evaluate the general objections at this time. The motion's request to overrule the general objections is thus denied without prejudice.

## III. CONCLUSION

For the reasons stated herein, Plaintiffs' motion to compel (Doc. 38) and request for sanctions under Fed. R. Civ. P. 37 are denied.

ENTER:

Dated: August 2, 2023

_Sheila Finnegan_
SHEILA FINNEGAN
United States Magistrate Judge