**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MARIO SAVA, et al., | ) | Case No.: 1:22-cv-06083 |
| | ) | |
| Plaintiffs, | ) | Honorable Joan H. Lefkow |
| | ) | |
| v. | ) | |
| | ) | |
| 21st CENTURY SPIRITS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

_____

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION**
**COMPLAINT [DOC NO. 60]**

Now comes Defendants 21st Century Spirits, LLC ("21st Century"), Leanna Bartlett, Alexa Collins, Sara Houchens, Metisha Schaefer, Nina Serebrova, Skyler Simpson, Kristen Strout, Kathy Picos f/k/a Kathy Cruzalegui, Jamie Villamor, and Anna Katharina Von Staehle a/k/a Anna Katharina (the remaining named individual Defendants shall be referred to as "Influencers") (collectively 21st Century and Influencers shall be referred to as "Defendants"), by and through counsel, and pursuant to Federal Rules of Procedure 9(b) and 12(b)(6) as well as Article III of the United States Constitution, hereby move for dismissal of all claims asserted by Plaintiffs Mario Sava ("Sava") and Alin Pop ("Pop") (collectively "Plaintiffs") in the First Amended Complaint ("FAC"). [Doc. No. 60.] This Motion to Dismiss is more fully supported by the attached Memorandum in Support.

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 1

II.  PLAINTIFFS' CLAIMS ................................................................................. 2

III. LEGAL STANDARD ..................................................................................... 4

IV.  LAW AND ARGUMENT ............................................................................... 5

A. Federal Rule of Civil Procedure 9(b) Requires Dismissal. ................................. 5

B. Not Only Do Plaintiffs' Claims Fail Under Fed.R.Civ.Pro. 9(b), Neither Plaintiff has
   Article III Standing as Both Failed to Plead a Concrete Injury ........................... 9

C. Plaintiffs' Fail to Allege Any Deceptive Statement or Misrepresentation ................ 10

   1. The Label ...................................................................................... 10

   2. The Alleged Statements by Influencers and 21st Century ............................. 13

D. The FDA Guidance is NOT a Mandate ......................................................... 14

E. There is No Causal Connection Between the Influencer Posts and Quality ............... 15

F. Plaintiffs Fail to State a Claim under FDUTPA ............................................... 15

   1. There was No Misrepresentation. ......................................................... 17

   2. There is No Causation ....................................................................... 20

   3. Dissatisfaction with the Quality of Blue Ice Is Not Enough for Plaintiffs to Claim
      Injury under FDUTPA and Does Not Establish Actual Damages. ....................... 21

   4. Plaintiffs' Request for Injunctive Relief and Declaratory Judgment Must be
      Dismissed. ..................................................................................... 22

   5. Dismissal of Count I is Proper as Amendment is Futile. ............................... 22

G. Plaintiffs Fail to State a Claim Under the Illinois Consumer Fraud and Deceptive Trade
   Practices Act ("ICFA"), 815 ILCS 505/1 et seq. ........................................... 23

   1. Plaintiffs' Failure to Identify a Deceptive or Unfair Practice Occurring in a Course of
      Conduct Involving Trade or Commerce Mandates Dismissal. ........................... 23

   2. Plaintiffs Did Not Rely on Any Act or Promise of Defendants. ........................ 24

   3. Plaintiffs Did Not Sustain Any Damage. ................................................. 24

   4. There is No Causation. ...................................................................... 25

   5. The Transaction of Sava's Purchase of Blue Ice is Not Substantially Connected to
      Illinois. ........................................................................................ 25

   6. Dismissal of Count II is Proper as Amendment is Futile. ............................... 26

H. Plaintiffs Fail to State a Claim Under Illinois Uniform Deceptive Trade Practices Act
   ("IUDTPA") – 815 ILCS 510 et seq. ......................................................... 26

I. Plaintiffs Fail to State a Claim Under the Legal Remedy Act ("CLRA"). Cal. Civ. Code
   §§1750 et seq. ................................................................................... 27

1. Plaintiffs Failed to Allege any Unfair or Deceptive Acts or Practices Undertaken with an Intent to Sell Blue Ice Mandating Dismissal.................................................... 28

2. Plaintiffs' Claims Must be Dismissed as They Failed to Notify Defendants of Allegations and Request a Correction.................................................................. 28

3. Plaintiffs Sustained No Injury........................................................................... 28

4. The TTB Approved the Label on Blue Ice Barring any Claim Against 21st Century. 29

5. Dismissal of Count IV is Proper as Amendment is Futile. ........................................ 29

J. Plaintiffs Fail to State a Claim Under California's Unlawful Business Practices Act ("UCL").  Cal. Bus & Prof. Code §17200 et seq...................................................... 29

K. Plaintiffs' Unjust Enrichment Claim is Barred ................................................................ 30

L. Plaintiffs' Negligent Misrepresentation Claim is Barred ................................................ 31

M. Plaintiffs' Breach of Express Warranty Claim is Barred ................................................ 34

V. CONCLUSION.......................................................................................................... 37

## **TABLE OF AUTHORITIES**

**Cases**

*Aeroground, Inc. v. CenterPoint Props. Tr.*, 2010 U.S. Dist. LEXIS 52204, 2010 WL 2169493 (N.D. Ill. May 27, 2010) ................................................................................................ 34

*Aliano v. Louisville Distributing Company, LLC*, 115 F.Supp.3d 921, 928 (N.D. Ill 2015)......... 7

*Allstate Ins. Co. v. Auto Glass America, LLC*, 418 F.Supp.3d 1009, 1021 (M.D. Fla. 2019)...... 15

*Anders Elec. v. Ledbetter Erection Corp.*, 115 Ill.2d 146, 150 (1986).................................. 34, 35

*Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F.Supp.3d 911, 917 (C.D. Ca. 2021) . 28, 29

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ....................................................... 4, 8, 35

*BCBSM, Inc. v. Walgreen's*, 512, F.Supp.3d 837, 856 (N.D. Ill. 2021) .......................... 23, 30, 31

*Beardsall v. CVS Pharmacy, Inc.*, 2019 WL 1168103 (N.D. Ill. 2019) ...................................... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560, 1964–65 (2007) .................................. 4, 5, 8, 11

*Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 493 (7th Cir. 2020) ...................................... 10

*Benson v. Stafford*, 407 Ill. App. 3d 902 (Ill. App. Ct. 2010) ...................................... 34

*Blair v. Wachovia Mortgage Corp.*, Case No. 11-cv-566, 2012 WL 868878 (M.D. Fla. Mar. 14, 2012) .................................................................................................... 15, 18, 19

*Bd. of Educ. v. A, C & S, Inc.*, 131 Ill. 2d 428, 452, 546 N.E.2d 580, 591, 137 Ill. Dec. 635 (1989) .................................................................................................... 33

*Board of Education of the City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 452 (1989) .......... 31

*Bober v. Glaxco Welcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001) .......................... 10, 13, 14, 23

*Casey v. Fla. Coastal Sch. of Law, Inc.*, Case No. 14-cv-1229, 2015 WL 10096084 (M.D. Fla. Aug. 11, 2015) .................................................................................................... 19, 20

*Cerretti v. Whole Foods Market Group, Inc.*, Case No. 21-cv-5516, 2022 WL 1062793 (N.D. IL 2022) .................................................................................................... 10, 11, 12

*Cipollone v. Liggett Group, Inc.* 505 U.S. 504 (1992). ...................................................... 35

*Clear Marine Ventures Ltd. v. Brunswick Corp.*, Case No. 08-cv-22418, 2010 WL 528477 (S.D. Fla. Feb. 11, 2010) .................................................................................................... 21

*Clear Marine Ventures Ltd. v. Brunswick Corp.*, No. 08-CV-22418, 2010 WL 528477 (S.D. Fla. Feb. 11, 2010) .................................................................................................... 22

*Conley v. Gibson*, 355 U.S. 41, 47 (1957) .................................................................... 5

*Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496 (1996) .......................................... 33

*Dorestin v. Hollywood Imports, Inc.*, 45 So.3d 819, 824-825 (Fla. Dist. Ct. App. 2010) ........... 16

*Floyd v. Pepperidge Farm, Inc.*, 581 F.Supp.3d 1101, 1009 (S.D. Ill. 2022) ...................... 24, 32

*Hawaiian Airlines, Inc. v. AAR Aircraft Servs., Inc.*, 167 F. Supp. 3d 1311, 1322 (S.D. Fla. 2016) .................................................................................................... 33

*Hennegan Co. v. Arriola*, 855 F.Supp.2d 1354, 1356-57 (S.D. Fla. 2012) .............................. 20

*Hitchcock v. Scipione*, Case No. 13-cv-2581, 2013 WL 6184037 (M.D. Fla. Nov. 25, 2013) .... 20

*Hoffman v. Fifth Generation, Inc.*, Case No. 14-cv-2569, 2015 WL 5440330 (S.D. Cal. Mar. 18, 2015) .................................................................................................... 27

*In re Michael Stores Pin Pad Litigation*, 830 F.Supp. 518, 526 (N.D. Ill. 2011)........................ 24

*In re Standard Jury Instructions in Civil Cases – Report No. 0910*, 37 Fla. L. Weekly S358 (S.Ct. Fla. 2012), Jury Instruction 403.4.................................................................... 35

*In re VMS Securities Litigation*, 757 F.Supp. 1353, 1391 (N.D. Ill. 1990) ................................ 5

*Inouye v. Adidas Am., Inc.,* 2023 U.S.Dist. LEXIS 35990 (M.D. Fla. Mar. 3, 2023) ................ 36

*Kay v. Copper Cane, LLC,* 549 F.Supp.3d 1014, 1023 (N.D. Ca. 2021) citing *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 938 (9th Cir. 2008) ................................................ 27

*Klaehn v. Cali Bamboo, LLC,* 2021 U.S. Dist. LEXIS 136603 (S.D. Cal. May 4, 2023) ........... 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994) ............. 4

*Lokai Holdings,* 306 F.Supp.3d 629, 641 (S.D. NY 2018)....................................................... 19

*Marketran v. Brooklyn Water Enter., Inc.,* Case No. 16-cv-81019, 2017 WL 1292983 (S.D. Fla. Jan. 31, 2017)................................................................................................... 4, 22

*Marrache v. Bacardi U.S.A., Inc.,* 17 F.4th 1084 (11th Cir. 2021) .............................................. 19

*Media Bank, LLC v. SCOTTeVEST, Inc.,* No. 19-CV-2465, 2020 WL 6825691 (N.D. Ill. Nov. 20, 2021) ................................................................................................................. 31

*Muransky v. Godiva Chocolatier, Inc.*, 979 F3d. 917, 924-925 (11th Cir. 2020) ......................... 9

*Muy v. Int'l Bus. Machines Corp.*, 2019 WL 8161749, at *3 (N.D. Fla. Nov. 25, 2019)............. 34

*Naperville Smart Meter Awareness v. City of Naperville,* 114 F.Supp.3d 606, 610 (N.D. Ill. 2015). ................................................................................................................... 37

*Nivia v. Nationwide Mtg., LLC,* Case No. 13-cv-24080, 2014 WL 4146889 (S.D. Fla. Aug. 21, 2014) ......................................................................................................................... 21

*Nowruzi v. Maker's Mark Distillery, Inc.,* Case No. 14-cv-2885, 2015 WL 4523551 (S.D. Cal. July 27, 2015)................................................................................................................ 27

*Oliveira v. Amoco Oil Co.,* 201 Ill.2d 134, 161 (2002) ................................................ 23, 24, 25

*Parr v. Maesbury Home, Inc.,* Case No. 09-cv-1268, 2009 WL 5171770 (M.D. Fla. Dec. 22, 2009) ..................................................................................................................... 17, 20

*PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*, No. 3:12-cv-1366, 2013 WL 12172912 (M.D. Fla. Aug. 28, 2013) ................................................................................................................ 17

*Peeples v. Omega Flex, Inc.*, 2020 U.S. Dist. LEXIS 152925 (M.D. Fla. July 31, 2020)........... 36

*People ex rel. Hartigan v. Knecht Servs., Inc.,* 216 Ill.App.3d 843, 857 (1991)........................ 23

*Pop v. Lulifama.com, LLC*, Case No. 8:22-cv-2698, 2023 WL 4661977 (M.D. Fla. July 20, 2023) .................................................................................................................. 14, 21, 33

*Pye v. Fifth Generation, Inc.,* Case No. 4:14-cv-493, 2015 WL 5634600 (N.D. Fla. 2015). 11, 12, 18, 19

*Rollins v. Butland*, 951 So.2d 860, 873 (Fla. Dist. Ct. App. 2007) ...................................... 16, 25

*Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 806 (N.D. Ill. 2013) ..................................... 32

*Rudy v. Family Dollar Stores, Inc.*, 583 F.Supp3d 1149, 1157-58 (N.D. Ill. 2022)..... 7, 26, 34, 35

*Silberman v. Miami Dade Transit,* 927 F.3d 1123, 1133 ......................................................... 22

*Silha v. ACT, Inc.,* 807 F.3d 169, 173 (Ill. App. 7th 2015).......................................................... 4, 9

*Sky Enterprises, LLC v. Offshore Design & Drilling Servs., LLC,* No. 16-cv-916, 2017 WL 519115 (M.D. Fla. Feb. 8, 2017) ..................................................................................... 18

*Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1503 (11th Cir. 1993) .......................................... 31

*Spaulding v. Abbott Labs.*, 2010 U.S. Dist. LEXIS 123532, 2010 WL 4822894 (N.D. Ill. Nov. 22, 2010) .................................................................................................................. 33, 34

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016) ................................................................. 9

*Stefanski v. City of Chicago*, 390 Ill. Dec. 314, 327 (Ill App. Ct. 2015) ..................................... 30

*Stemm v. Tootsie Roll Indus., Inc.*, 374 F.Supp. 3d 734, 740 (N.D. Ill. 2019) ................ 23, 24, 30

*Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So. 3d 207, 212 (Fla. 4th DCA 2019) 15, 20

*TransPetrol, Ltd. v. Radulovic*, 764 So.2d 878, 879 (Fla. 4th DCA 2000) ................................. 33

*TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) ..................................................... 9

*Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 802 (2021) ........................................................ 9

*Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) ..................................... 24

*Veera v. Banana Republic*, LLC, 6 Cal. App. 5th 907, 915 (2016) ............................................. 29

*Walcoff v. Innofoods USA, Inc.*, 2023 U.S. Dist. LEXIS 78474 (S.D. Ca. May 4, 2023) ............ 11

*Weiss v. Trader Joe's Co.*, 2018 U.S. Dist. LEXIS 220863 (C.D. Cal. Nov. 20, 2018) .............. 11

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, No. 01 C 4366, 2003 U.S. Dist. LEXIS 2278 (N.D. Ill. Feb. 12, 2003) ........................................................................................................... 22

## Statutes

15 U.C.C. §45(a) ...................................................................................................................... 18

15 U.S.C. §45(a) ...................................................................................................................... 13

16 C.F.R. Ch. I, Subchapter B, Part 17 .................................................................................... 14

16 C.F.R. §255.0(b) ................................................................................................................. 14

16 C.F.R. § 255.5 ............................................................................................................... 14, 18

27 C.F.R. §4.39 ........................................................................................................................ 13

27 C.F.R. §5.122 ...................................................................................................................... 13

27 C.F.R. §5.142 ...................................................................................................................... 13

27 C.F.R. §5.42(a) .................................................................................................................... 18

27 C.F.R. §7.41(a) .................................................................................................................... 19

28 C.F.R. §25 ........................................................................................................................... 29

815 ILCS 505/1 et seq. ............................................................................................................. 23

815 ILCS 510 et seq. ................................................................................................................ 26

Bus & Prof. Code §17200 ......................................................................................................... 29

Bus. & Prof. Code §17204 ........................................................................................................ 29

Cal. Bus & Prof. Code §17200 et seq. ...................................................................................... 29

Cal. Civ. Code §§1750 et seq. .................................................................................................. 26

Cal. Civ. Code §1770(a) ........................................................................................................... 26

Cal. Civ. Code §1783 ............................................................................................................... 27

Fed. R. Civ. Pro. 12(b)(1) ...................................................................................................... 4, 9

Fla. Stat. §501.203(3)(a) .......................................................................................................... 17

Fla. Stat. §501.211(1) ............................................................................................................... 22

Fla. Stat. §501.211(2) ............................................................................................................... 20

Fla. Stat. §501.212 ................................................................................................................... 19

Fla. Stat. §501.212(1) ............................................................................................................... 18

Fla. Stat. 501.203(3) ................................................................................................................ 18

## Other Authorities

Article III of the United States Constitution ................................................................................ 9

## Rules

Fed. R. Civ. P. 8(a)(2) ................................................................................................................ 5

Fed.R.Civ.Pro. 8(a)(2) ............................................................................................................. 35

Fed.R. Civ. Pro. 9(b) ......................................................................................................... 7, 8, 31

Fed. R. Civ. Pro. 12(b)(6) ..................................................................................................... 4, 13

## Treatises

*Guides Concerning the Use of Endorsements and Testimonials in Advertising,* 85 FR 10104-01 (2020) ................................................................................................................................ 14

*Guides Concerning the Use of Endorsements and Testimonials in Advertising*, 87 FR 44288-01 (2022) .................................................................................................................................. 14

## MEMORANDUM IN SUPPORT

### I.     INTRODUCTION

Blue Ice Vodka ("Blue Ice") is a handcrafted[1] and American made vodka produced from Idaho potatoes.  [Doc. 60, ¶¶11-12.] Review of the claims asserted by Plaintiffs show there appear to be two (2) insufficient claims for alleged liability against Defendants: (1) 21st Century misrepresented that Blue Ice was "handcrafted" on the bottle label and it is not distilled as advertised [Doc. 60 ¶¶8-35]; and (2) Defendants failed to properly disclose their advertising and promotion relationship concerning Blue Ice through unidentified Instagram Posts by Influencers [Doc. 60, ¶¶36-44]. Plaintiffs claim Influencers were "paid" by 21st Century and Defendants should have disclosed this relationship to Plaintiffs in compliance with Plaintiffs' interpretation of non-binding Federal Trade Commission ("FTC") guidance.  Plaintiffs then summarily conclude that the unidentified Posts by the Influencers constitute a "scheme"[2] of "misleading advertising by promoting Blue Ice as 'handcrafted,' as well as suggesting that there are health benefits of consuming vodka" and by having the Influencers "tag or recommend Blue Ice products, pretending they are disinterested consumers" when, in fact, Influencers were paid to promote Blue Ice. [Doc. 60 ¶¶3-5.]   In a conclusory fashion, Plaintiffs claim that, in reliance on the undisclosed and misleading advertising by the Influencers, each Plaintiff "purchased Blue Ice products and paid a premium," when the Blue Ice products had a lower value.  [Doc.60 ¶7.][3]

Even providing deference to Plaintiffs' claims, there is no scenario where the FAC should not be dismissed. First, noticeably absent from Plaintiffs' FAC and **<u>fatal</u>** are Plaintiffs' glaring

---

[1] Blue Ice explains, on the website cited in Plaintiffs' FAC, that "handcrafted means that you have complete control over every aspect of the process really from farm to bottle."  [Doc 60, ¶12 and fn 1.]

[2] The term "scheme" is mentioned a mere three (3) places in the Complaint and described as the Defendants working in conjunction to have the Influencers tag Blue Ice pretending, they are disinterested consumers. (Doc. 60 ¶¶5, 35, and 174).

[3] Interestingly, Plaintiffs later contradict this assertion when each allege that the decision to purchase Blue Ice was based upon the consumption of Blue Ice by many of the influencers Plaintiffs follow.  [Doc. 60 ¶80.]

1

omissions regarding (1) the exact product purchased; (2) dates of purchase; (3) the locations of purchase; (4) the amounts spent on the purchases; (5) the dates, times, and amounts of consumption; (6) any Influencer posting viewed prior to Plaintiffs' purchases; (7) any website or other promotional information viewed prior to Plaintiffs' purchases; (8) any allegations that Plaintiffs relied upon any Influencer posting or website or other information to make purchases; (9) any flaw with the Blue Ice products other than Plaintiffs' personal dissatisfaction; and (10) any injury. Despite the amendments, the claims in the FAC are still not pled with particularity as required under Federal Rule of Civil Procedure 9(b) as the **who, what, when, where, why, and how much** level of detail is absent. Second, Plaintiffs failed to allege a concrete injury, and thus this Court lacks subject matter jurisdiction under Article III of the United States Constitution. Third, the FAC is completely devoid of even one misrepresentation, deceptive or unfair practice committed by Defendants. Fourth, Plaintiffs' reliance on FTC guidance as a mandate is misguided. Fifth, there is no causal connection between the Influencer Posts and alleged quality issues. Finally, permitting Plaintiffs to amend the FAC would be futile as amendment has already been attempted and failed.

## II.     PLAINTIFFS' CLAIMS

Generally, Plaintiffs claim Blue Ice is misleading consumers regarding the (1) qualities of its vodka; (2) the nature of its operations; and (3) through promotions by Influencers on social media. [Doc. 60, ¶16.] Plaintiffs reference 21st Century's alleged website statement "WE ARE HANDCRAFTED AND AMERICAN MADE WITH A SINGULAR GOAL – TO CREATE THE BEST TASTING VODKA. BECAUSE TASTE IS EVERYTHING," but Plaintiffs expressly misrepresent and mislead this Court by stating 21st Century "made the unsubstantiated claim that Blue Ice is 'the best tasting vodka; BECAUSE TASTE IS EVERYTHING." [Doc.60, ¶10.] Plaintiffs provide no source where Blue Ice said it was "the best tasting vodka"; rather, only a

statement that its goal is to create the "best tasting vodka." More importantly, Plaintiffs fail to allege either Plaintiff even saw the website statement at any time, let alone *before* buying Blue Ice, and fail to allege that this statement, which amounts to mere puffery and is not misleading, was a factor Plaintiffs relied upon to make purchases. [Doc. 60, ¶10.] Next, Plaintiffs allege Blue Ice is manufactured as a "private label" for 21st Century by a third party and the Blue Ice website showing a picture of a Blue Ice sign outside the distillery is misleading [Doc. 60, ¶¶13-16.] Finally, Plaintiffs falsely claim Blue Ice stated it has health benefits that help a person stay fit. [Doc. 60, ¶¶20-21.] Also, erroneous and completely unsupported is Plaintiffs' entirely conclusory allegation that "false claims and the undisclosed advertising by Influencers are the ***only*** reasons why Blue Ice has a place on shelves and the reasons why the price of Blue Ice is inflated, much higher than the value of the spirit inside." [Doc. 60, ¶33.]

**Without so much as a singular reference to a specific website viewing or any specific Influencer Post**, Plaintiffs claim Blue Ice was purchased because the Influencers consumed Blue Ice in their unidentified Posts. [Doc. 60 ¶97.] Sava claims he bought Blue Ice Huckleberry Flavored Vodka from an unidentified liquor store in Chicago, Illinois in October 2022 to celebrate his birthday. [Doc. 60, ¶98.] Pop claims he bought Blue Ice Potato Flavored Vodka online in August 2022. [Doc. 60, ¶101.] Yet, neither identify an exact date, location, price, or precise product (size) of purchase; the Influencers followed; which Influencers consumed Blue Ice; which Influencer posts Plaintiffs viewed, let alone relied upon prior to purchase;[4] any website representations viewed **or** relied upon prior to purchase; the dates and details of Plaintiffs' consumption; or the basis for Plaintiffs' opinion that Blue Ice is of inferior quality and not handmade thereby supposedly providing both Plaintiffs a sustainable cause of action (and

---

[4] Doc. 60, ¶¶20, 50-59, 79, 84.

providing Plaintiffs a foundation for each to be a class action representative).[5]  [Doc. 60, ¶¶99-100, 102-103.]  Plaintiffs' threadbare allegations cannot be sustained and the FAC must be dismissed.

### III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and the burden of showing jurisdiction rests upon the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994). Claims that lack subject matter jurisdiction must be dismissed under Federal Rule 12(b)(1).  Thus, if a Plaintiff fails to support any element of standing (i.e. damages), dismissal must occur.  *Silha v. ACT, Inc.,* 807 F.3d 169, 173 (Ill. App. 7th 2015).  Plaintiffs' lack of damages mandates dismissal under Fed. R. Civ. P. 12(b)(1).

Additionally, a claim should be dismissed under Federal Rule 12(b)(6) if, accepting the well-pleaded allegations as true, a plaintiff is unable to state enough facts to show that it is plausible the plaintiff is entitled to relief.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 560, 1964–65 (2007) A "bare assertion" and "conclusory allegation" will not suffice.  *Id.* at 556-557.  Thus, to succeed, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id.  Moreover, the Supreme Court advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[5] Plaintiffs initiate this FAC as a Class Action lawsuit and while indicating that Pop seeks to represent a Nationwide class of consumers that purchased Blue Ice as well as a Florida subclass, and that Sava seeks to represent a Nationwide class of consumers that purchased Blue Ice as well as an Illinois subclass, for the Class Period of September 1, 2018, to present.  Neither have moved for class certification.  As such, Defendants specifically reserve all rights and arguments related to class certification until such time as appropriate. [Doc. 60, ¶¶104-118.]

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp.,* 127 S.Ct. at 1964–65 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

## IV.     LAW AND ARGUMENT
### A.     Federal Rule of Civil Procedure 9(b) Requires Dismissal.

Federal Rule of Civil Procedure 9(b) applies to claims that sound in fraud and mandates that "the circumstances constituting fraud…shall be stated with particularity." Review of Plaintiffs' FAC shows all claims are based on fraud and must satisfy Rule 9(b). Notably, Plaintiffs' opposition to the first motion to dismiss agrees the specificity requirements of Rule 9(b) are applicable to their claims. [Doc. 25, page 6.] Plaintiffs also acknowledge each must provide the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the Plaintiff. [Doc. 25, p. 7.]

"Rule 9(b)'s particularity requirement furthers two basic purposes: (1) to reasonably notify defendants of their roles in the alleged scheme so that they may prepare a responsive pleading; and (2) to 'safeguard potential defendants from lightly made claims charging commission of acts that involve some degree of moral turpitude.'" *In re VMS Securities Litigation*, 757 F.Supp. 1353, 1391 (N.D. Ill. 1990) (internal citations omitted). However, "conclusory allegations of fraud and averments of state of mind are insufficient." *Id.* (internal citations omitted). In *Pop v. Lulifama.com, LLC*, Case No. 8:22-cv-2698, 2023 WL 4661977 at *8 (M.D. Fla. July 20, 2023),

5

the Court dismissed an analogous case, without leave to amend, that involved Plaintiff Pop[6] suing Influencer Collins for allegedly posting information regarding a swimsuit brand that Plaintiff Pop claimed was a deceptive and misleading promotion. For the Court's convenience, a true and accurate copy of the publicly filed Complaint in *Pop* is attached hereto as Exhibit"1".[7] Review of the *Pop* Complaint and the FAC in this matter show striking similarities.[8]

The *Pop* Court found the heightened pleading standard of Rule 9(b) was required as the Complaint's allegations sounded in fraud. *Id.* at *2. In its analysis, the *Pop* Court noted Plaintiff Pop in that case failed to (1) indicate which posts led him to purchase product; (2) identify any instance of allegedly misleading advertisements let alone when they were posted; (3) allege when Pop viewed the posts; (4) provide a description of the product purchased; (5) provide a basis for the inferiority; or (6) substantiate why the product was not returned. *Id.* at *3. Thus, the Court in *Pop* concluded Plaintiff Pop failed to plead causation. *Id.* The instant case is analogous as Plaintiffs, like in *Pop*, "failed to allege 'whether [they] viewed [the alleged misrepresentations] at all before purchasing the allegedly defective products." *Id.* Application of the *Pop* Court's analysis here results in the same dismissal.

However, the *Pop* Court went further and found, even absent application of the heightened pleading standard, Pop's case against the swimsuit company failed for failure to state a claim. Specifically, the *Pop* Court noted 16 C.F.R. §255.5 does not form a basis for a per se violation of the Florida Deceptive Uniform Trade Practices Act ("FDUTPA"). *Id.* at *4. Additionally, the *Pop* Court found the claims further failed as the causation was not direct as required under FDUTPA. *Id.* Specifically, the alleged receipt of an inferior product was not causally connected to

---

[6] Plaintiff Pop was represented by the same counsel in Florida as in the instant case.
[7] Plaintiffs' counsel did file an appeal of the July 20, 2023, ruling.
[8] For ease of reference, a side-by-side summary of the analogous claims are attached as Exhibit "2."

Defendants' failure to disclose an advertising relationship. *Id.* Further, the FDTPA claim failed for lack of actual damages as subjective dissatisfaction is not enough to maintain a claim under FDUTPA. *Id.* at \*5. Further, the *Pop* Court noted the unjust enrichment claim failed as Pop did not explain how the Influencers were directly benefitted by his purchase. *Id.* at \*\*5-6. Finally, Plaintiff's failure to "explain how those posts led him to purchase unidentified 'products' he considers inferior" and the lack of a fiduciary relationship barred the negligent misrepresentation claim. *Id.* at 7.

Rule 9(b) is "usually satisfied if the complaint sets forth the time, place, and substance of the alleged misrepresentations, as well as who made the statements and the method by which the misrepresentation was communicated to the plaintiff." *Id.* However, blanket allegations that lump defendants together and make general allegations are insufficient. *Id.* Review of the FAC show Plaintiffs failed to allege any claim with sufficient particularity. Moreover, despite being required to satisfy the particularity requirement with the "who, what, when, where, and how," none of the claims provide the author, substance, or date/time of any alleged misrepresentation. *See Aliano v. Louisville Distributing Company, LLC,* 115 F.Supp.3d 921, 928 (N.D. Ill 2015); *Rudy v. Family Dollar Stores, Inc.*, 583 F.Supp3d 1149, 1157-58 (N.D. Ill. 2022). Further, all claims lump "Influencers" and/or "Defendants" as alleged violators in each claim which is fatal. Beyond that, however, the who, what, when where, and how remain vague and unanswered. By way of example, consider the following:

- **Who**: Who are the Influencers followed? Who made posts that omitted disclaimers Plaintiffs alleged should have been included? Who did the Defendants (21st Century and the Influencers) make statements to?

- **What**: What Blue Ice product (flavor and size) was purchased? What details give any substantiation to Plaintiffs' subjective assessment of the quality of Blue Ice? What Posts did Plaintiffs view and on what media? What express statements did Plaintiffs rely upon and

who made them?  What qualities of Blue Ice are being challenged? What are Plaintiffs' injuries?

- **When**:  When (a specific date) did Plaintiff(s) purchase Blue Ice?  When did Plaintiff(s) consume Blue Ice?  When did each Plaintiff follow each Influencer?  When did Plaintiffs view Posts?  When did Plaintiffs review the Blue Ice bottle label(s)?  When did Plaintiffs view the Blue Ice website?

- **Where**:  Where did either Plaintiff purchase Blue Ice?  Where did Defendants promise Blue Ice had health benefits?

- **How**:  How much did each Plaintiff pay?  How do Plaintiffs know or have any basis to allege that Blue Ice is not handcrafted or distilled? How is Blue Ice an insufficient "premium" vodka that does not support the price paid by Plaintiffs?

While not all inclusive, the absence of answers to the questions above in Plaintiffs' FAC highlights some deficiencies in the FAC. That said, the failure is even more pronounced in that review of the FAC shows neither Plaintiff references a single representation by 21st Century or Influencer Defendant Post that they viewed (let alone before Plaintiffs' respective purchases).

Plaintiffs alleged 21st Century, not the Influencers, represented it is "handcrafted," "filtered 5 times,"[9] manufactured as a "private label," "helps in weight management" and "tastes better than other vodkas" – with no reference as to who made the statement, when the statement was made, where the statement was made, or how the statement was misleading. [Doc. 60. ¶¶12, 14, 88.] Most of these statements were never even made as evidenced by Plaintiffs' lack of attribution to any source, date, or time.

First, despite the reality Blue Ice is handcrafted and filtered multiple times, Plaintiffs summarily conclude it is not.  Even taking Plaintiffs unsubstantiated allegations that Blue Ice is manufactured as a "private label", there is no misrepresentation.  The remaining two (2) assertions by Plaintiffs regarding "helps in weight management" and "tastes better than other vodkas" are

---

[9] In paragraph 32 of the FAC, Plaintiffs contradict their prior statement and indicate that 21st Century promotes Blue Ice as being filtered four (4) times, not five (5) times as alleged in paragraph 12.

just false statements contained in the FAC and Plaintiffs fail to provide any reference to who made the statements or where, when, and how the statements were made. Accordingly, Plaintiffs failed to plead facts to address one or more of the who, what, when, where, and how requirements of Rule 9(b) that are required to move the claim "across the line from conceivable to plausible." *Bell Atlantic Corp.,* 550 U.S. at 570. *See also, Ashcroft,* 556 U.S. 662. Simply put, Plaintiffs did not and cannot satisfy the mandates of Rule 9(b) which therefore acts as a bar to all claims.

**B.**     **Not Only Do Plaintiffs' Claims Fail Under Rule 9(b), Neither Plaintiff has Article III Standing as Both Failed to Plead a Concrete Injury.**

Article III of the United States Constitution defines the role of the judiciary as resolving cases and controversies. Art. III, ¶2. Standing to sue is required to invoke federal jurisdiction. *TransUnion, LLC v. Ramirez,* 141 S. Ct. 2190, 2200 (2021). Conclusory allegations are insufficient. *Muransky v. Godiva Chocolatier, Inc.*, 979 F3d. 917, 924-925 (11th Cir. 2020). Absent an injury-in fact that is "concrete and particularized" and 'actual or imminent, not conjectural or hypothetical," Plaintiffs do not have standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016) (internal citations omitted). In other words, Plaintiffs <u>must</u> allege "a completed violation of a legal right." *See Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 802 (2021).

In *Silha v. ACT, Inc.,* Plaintiffs initiated a claim against Defendant ACT, Inc. alleging Defendant failed to disclose it profited from the sale of Plaintiffs' personally identifiable information. 807 F.3d 169. Jurisdiction was denied because the factual allegations did not support an "injury in fact sufficient for standing under Article III of the Constitution." *Id.* at 174. The court noted "[a] plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution to challenge those acts in a suit in federal court." *Id.* at 174. In other words,

defendant's gain was immaterial as plaintiff must allege an injury in fact. *Id.* Thus, there was no Article III standing. *Id.* at 174.

Like *Silha,* when the unsupported conclusory facts asserted by Plaintiffs are removed, the remaining factual allegations are insufficient to establish jurisdiction under Article III. After stripping away Plaintiffs' conclusions, the only remaining facts are that Plaintiffs purchased Blue Ice after seeing many (unnamed) Influencers they follow consume Blue Ice. Here, Plaintiffs have no claimed loss – each bought Blue Ice and each received Blue Ice. That it was subjectively not up to Plaintiffs' expectations is immaterial and not an injury-in-fact. Despite Plaintiffs' bluster about 21st Century's labeling and manufacture and Defendants' purported advertising, none of these allegations form the basis for the purchase of Blue Ice and none are even asserted to have occurred before Plaintiffs' purchase of Blue Ice.

A "label is not deceptive as a matter of law when the plaintiff's interpretation is so facially illogical, implausible, of fanciful that no reasonable consumer would think it – and that dismissal is warranted in those circumstances." *Bell v. Publix Super Markets, Inc.,* 982 F.3d 468, 493 (7th Cir. 2020). Plaintiffs never alleged either saw or relied upon this purported information prior to purchase or that any of these alleged statements led to the purchase of Blue Ice.

Plaintiffs failed to allege an injury beyond personal dissatisfaction with a product purchased and an arbitrary claim that Blue Ice isn't worth the money paid. This is not an injury and Article III standing is lacking mandating dismissal.

### C. Plaintiffs' Fail to Allege Any Deceptive Statement or Misrepresentation.
#### 1. The Label

Misrepresentations are "likely to deceive reasonable consumers." *Cerretti v. Whole Foods Market Group, Inc.,* Case No. 21-cv-5516, 2022 WL 1062793, *3 (N.D. IL 2022). "A statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxco*

*Welcome PLC,* 246 F.3d 934, 938 (7th Cir. 2001). A consumer standard is applied to determine the likelihood of deception and it requires more than the mere possibility a label could be misunderstood, it requires a "probability that a significant portion of the general consuming public …acting reasonably in the circumstances could be misled." *Beardsall v. CVS Pharmacy, Inc.,* 2019 WL 1168103, *3 (N.D. Ill. 2019). "Where a plaintiff alleges 'unreasonable or fanciful interpretations' of labels of advertising, dismissal on the pleadings can be justified." *Cerretti,* 2002 WL 1062793, *3. "The content of the entire packaging…along with 'all the information available to consumers and the context in which that information is provided and used' is relevant." Id. See also, *Weiss v. Trader Joe's Co.*, 2018 U.S. Dist. LEXIS 220863, *17-18 (C.D. Cal. Nov. 20, 2018) (dismissing claims for lack of specificity when Plaintiff alleged damages for representations on a label when Plaintiff failed to plead with particularity how she came to believe the representations on the label were false). Moreover, if a reasonable juror could not find a statement to be false or misleading, the case should be dismissed. *Twombly*, 550 U.S. at 569, n. 14.

Plaintiffs' claim the Blue Ice label represents it is "handcrafted" and "filtered 5 times." [Doc. 90, ¶12.] However, the non-deceptive nature of the "handcrafted" representation has already been dismissed by a federal court in Florida. In *Pye v. Fifth Generation, Inc.*, Case No. 4:14-cv-493, 2015 WL 5634600, *1 (N.D. Fla. 2015), a case directly on point, consumer Plaintiffs initiated suit against the manufacturer of Tito's Handmade Vodka alleging it was not "handmade" as advertised.[10] In dismissing Plaintiffs' claims regarding the "handmade" representation by Tito's, the Court noted that "originally handmade' distinguished products from those naturally occurring

---

[10] In a clear attempt to muddy the waters, Plaintiffs argue that the term "handcrafted" somehow converts to the express representation that Blue Ice was made in a pot still. Yet, there is no allegation that Blue Ice made this representation.

in nature and, even with a more modern definition, no reasonable consumer could believe that a nationally marketed brand like Tito's was literally made by hand and without the use of substantial equipment." *Id.* at *2. Further the Court stated "handmade" could be a carefully monitored process or puffery if trying to "glom onto a trend toward products like craft beer," neither of which were deceptive nor a misrepresentation. *Id.*

Like *Pye,* the FAC "includes a long recitation of facts, conclusions, and legal arguments" whereby the essential arguments are that (1) the Blue Ice label says the vodka is "handcrafted" and "filtered multiple times" and (2) Plaintiffs, after following Influencers on Instagram, purchased Blue Ice and paid a premium based on claims the Influencers made about Blue Ice. [Doc. 60, ¶¶12, 32.] Plaintiffs' assertion of "handcrafted" is like Tito's representation it was "handmade" and the same analysis should be applied by this Court. *See generally, Pye,* 2015 WL 5634600. Further, even Plaintiffs admit "handcrafted" can involve different amounts of human intervention when it was expressly admitted in the that the term "handcrafted" never defined the "amount of human intervention in the process of distilling vodka." [Doc. 60, ¶32.] As for Plaintiffs' assertion Blue Ice represents it is "filtered 5 times" or "filtered 4 times," depending on the paragraph in the FAC, there is no allegation submitted by Plaintiffs that even alleges Blue Ice is not filtered multiple times. [Doc.60, ¶¶ 17, 32.] The FAC is devoid of one claimed misrepresentation.

In *Cerretti v. Whole Foods,* this Court dismissed a claim against Whole Foods based on consumer misinterpretation when a consumer claimed she believed organic ice cream bars would be covered only in chocolate and nothing else. 2022 WL 1062793. In dismissing the claim, the Court noted that Plaintiff's interpretation of chocolate covered was unreasonable as "Whole Foods called its ice cream bars chocolate, and the bars included chocolate." *Id.* at *4.

12

Here, Blue Ice was handcrafted and distilled multiple times. There is no misrepresentation related to the qualities of Blue Ice or the nature of operations. Claims based upon labeling that are neither false nor misleading are ripe for dismissal under Rule 12(b)(6). *See Bober,* 246 F.3d 934. The claims presented by Plaintiffs in this matter present this exact scenario.

### 2. The Alleged Statements by Influencers and 21st Century

Next, Plaintiffs assert the Influencers engaged in the commission of some unidentified deceptive acts and practices. Plaintiffs argue the Influencers failed to abide by the requirements of 15 U.S.C. §45(a) misleading consumers by violating 27 C.F.R. §4.39 (which defines wine not vodka; vodka is defined by 27 C.F.R. §5.142.) However, even if Plaintiffs had properly cited the prohibition on misleading statements or representations applicable to vodka, 27 C.F.R. §5.122, Plaintiffs' claims still fail as there are no allegations or any misleading statements on the label, container, or packaging.

Next, Plaintiffs falsely claim Blue Ice represented it has health benefits that help a person stay fit. [Doc. 60, ¶¶20-21.] This is untrue. Undisputed is Influencer Villamor allegedly posted "Blue Ice can definitely help you stay fit during quarantine" and Influencer Collins was alleged to state, "I make fit-friendly cocktails that have fewer calories than an apple." [Doc.. ¶¶26-27.] Plaintiffs' attempts to categorize these statements as false or misleading should be rejected. Defendants never claimed Blue Ice benefits weight loss or vodka is healthier than an apple. Rather, Plaintiffs attempt to hold Defendants liable for *suggestions* Plaintiffs manufactured. These mischaracterizations are fatal to Plaintiffs' claims.

Here, the absence of any misrepresentation mandates dismissal of Plaintiffs' claims. The label on Blue Ice was and is accurate as were the Posts. Moreover, it is impossible for Plaintiffs to assert that any reasonable customer was or has the capacity to be deceived. *See Bober*, 246F.3d

at 938.  Thus, Plaintiffs' fanciful interpretations of the label and Posts cannot be justified and

dismissal of the FAC, without leave to amend, is proper as the deficiencies cannot be cured.

### D. The FDA Guidance is NOT a Mandate

Next, Plaintiffs summarily and improperly assert the Influencers are in violation of 16

C.F.R. §255.5 as each fails to be compliant with the FTC *guidelines* regarding advertising on social

media.  However, Exhibit A relied upon by Plaintiffs is a "Guide" not a "rule" and "does not

proscribe conduct."  *Pop*, 2023 WL 4661977, *4.  See also,  16 C.F.R. 255 ("Guides Concerning

Use of Endorsement and Testimonials in Advertising").  Moreover,

> Industry guides are administrative <u>interpretations</u> of laws administered by
> the Commission for the <u>guidance</u> of the public in conducting its affairs in
> conformity with legal requirements. They provide the basis for <u>voluntary</u>
> and simultaneous abandonment of unlawful practices by members of
> industry. ***

16 C.F.R. Ch. I, Subchapter B, Part 17 (emphasis added).  See also, *Guides Concerning the Use of
Endorsements and Testimonials in Advertising*, 87 FR 44288-01 (2022) (noting Guides are
advisory in nature); *Guides Concerning the Use of Endorsements and Testimonials in Advertising,*
85 FR 10104-01 (2020) (noting Guides are advisory in nature).

Plaintiffs completely fail to note the changes to Section 255 that were implemented on July 26,

2023, after this lawsuit commenced.  Here, Section 255 enacted on December 1, 2009 is applicable.

More concerning, Section 255.5 only applies to "endorsements."  Per the 2009 version,

"endorsement means any advertising message…that consumers are likely to believe reflects the

opinions, beliefs, findings, or experiences of a party other than that sponsoring advertiser, even if

the views expressed by that party are identical to those of the sponsoring advertiser."  16 C.F.R.

§255.0(b), eff. Dec. 1, 2009.  In that regard, there is no allegation of an endorsement and a

photograph holding Blue Ice or mentioning a cocktail was made with Blue Ice has less calories

than an apple is not an endorsement or advertisement within the meaning of 16 C.F.R. §255.5 eff.

December 1, 2009.  Thus, there are no factual allegations permitting this Court to find Defendants'

conduct constituted a violation of any of the named statutes. *See Blair v. Wachovia Mortgage Corp.*, Case No. 11-cv-566, 2012 WL 868878, *3 (M.D. Fla. Mar. 14, 2012).

      **E.**      **There is No Causal Connection Between the Influencer Posts and Quality**

Plaintiffs next assert that the Influencers posted about the quality of Blue Ice. None of the Influencers' statements indicate a "health benefit" or a "high-quality handcrafted vodka made by human hands." Therefore, there is no causal connection between the Influencers and quality. That said, the quality statements regarding handcrafted, distilling, and manufacturing were previously discussed and as noted in Section III(C) of this brief, are not misrepresentations. More importantly, Plaintiffs never allege they viewed, let alone relied on any specific post.

At most, Plaintiffs purchased Blue Ice and did not like it. While disappointing and certainly not the objective for 21st Century from a customer satisfaction perspective, there is no cause of action. Blue Ice is handcrafted and distilled multiple times. It does not add sugar, is keto friendly, and has no carbohydrates. https://www.blueicevodka.com (last accessed 11/1/23). And there is no assertion otherwise in the FAC. Further, there never was a representation regarding weight loss. Finally, the fit-friendly label and the fit-friendly comment that a drink of Blue Ice has fewer calories than an apple is accurate. No Defendant stated drinking Blue Ice was healthy or would help with weight loss. Thus, there is no causal connection to Plaintiffs' claims their purchase of Blue Ice was related to advertised health benefits.

      **F.**      **Plaintiffs Fail to State a Claim under FDUTPA**

To succeed on a FDUTPA claim for damages, a plaintiff must allege and prove three (3) elements: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages. *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So. 3d 207, 212 (Fla. 4th DCA 2019). The standard under FDUTPA is actually ***more restrictive*** than Rule 9(b). *Allstate Ins. Co. v. Auto Glass America, LLC,* 418 F.Supp.3d 1009, 1021 (M.D. Fla. 2019). "Proof of actual damages is necessary

to sustain a FDUTPA claim" and the recovery of other damages is not permitted. *Dorestin v. Hollywood Imports, Inc.*, 45 So.3d 819, 824-825 (Fla. Dist. Ct. App. 2010) (internal references omitted). "FDUPTA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins v. Butland*, 951 So.2d 860, 873 (Fla. Dist. Ct. App. 2007).

Applying the *Pop* Court's analysis here, Rule 9(b)'s heightened pleading requirements apply to Plaintiffs' claims because Sava and Pop allege fraudulent conduct on the part of Defendants. (*See, e.g.,* FAC, ¶¶ 33 (alleging Defendants made "false claims" about Blue Ice), 45 (describing the "nature of the action" as including "fraud"); 170-173 (alleging "fraudulent competition"), 186 (alleging "Defendants had a duty to be truthful in their commercial speech" and "Defendants made representations that they knew to be false")). Plaintiffs also allege Defendants' conduct is "unscrupulous, and likely to mislead any consumer acting reasonably in the circumstances, to the class members' detriment." (FAC, ¶¶ 130, 150). Accordingly, as the *Pop* Court found, "[g]iven the above allegations of the complaint, Mr. Pop's FDUPTA claim sounds in fraud as it avers 'unscrupulous [practices] . . . likely to mislead any consumer acting reasonably in the circumstances.'" *Pop*, 2023 WL 4661977, *3.

Also, applying the *Pop* Court's analysis here, Sava and Pop failed to allege the "who, what, when, where and how" of Defendants' alleged misconduct. Plaintiffs failed to plead with particularity any element of their FDUTPA claim. Specifically, as in the *Pop* case, Plaintiffs did not indicate which posts from the Influencers led them to purchase a Blue Ice product or provided any details of Defendants' alleged scheme to pay Influencers to promote Blue Ice products – other than vague and conclusory allegations 21st Century "paid" the Influencers "substantial amounts" to promote Blue Ice. (*See* FAC, ¶¶ 4, 35, 39, 44, 78-79, 88, 147). Pop's similar allegations that

Lulifama paid the Influencers in the *Pop* case "significant monies" were found to be insufficient to satisfy Rule 9(b). *Pop*, 2023 WL 4661977, at *3. Furthermore, as in the *Pop* case, Plaintiffs "failed to identify any instances in which the Influencers posted any allegedly misleading advertisements – let alone when the advertisements were posted – or allege when [they themselves] viewed such posts" and "failed to provide any description of what product [they] purchased, why it was of inferior quality, or why [they were] unable to return or resell the product." *Id.* at *3. "Importantly, because of this," Plaintiffs have "not sufficiently pled the 'causation' element of [their] FDUTPA claim" because while they allege "that the misleading posts induced [them] to purchase the product, [they do] not allege with particularity that [they were] induced by any misleading statements by any defendant." *Id.* at *9. In other words, Plaintiffs failed to allege "whether [they] viewed [the alleged misrepresentations] at all before purchasing the allegedly defective products." *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*, No. 3:12-cv-1366, 2013 WL 12172912, at *6 (M.D. Fla. Aug. 28, 2013). Without alleging each viewed specific misrepresentations attributable to either 21st Century or to the Influencers, Plaintiffs cannot support a claim under FDUPTA.

### 1. There was No Misrepresentation.

Absent a "deceptive or unfair practice," there is no FDUTPA claim. *Parr v. Maesbury Home, Inc.*, Case No. 09-cv-1268, 2009 WL 5171770, *7 (M.D. Fla. Dec. 22, 2009). It is undisputed an assertion of a violation of an FTC rule of "[a]ny law, statute, rule, regulation, or ordinance which prescribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" can be a deceptive or unfair practice under the FDUTPA. *Id.* (citing Fla. Stat. §501.203(3)(a)). However, there must be a factual basis to conclude there was a violation of the law. *Blair,* 2012 WL 868878 at*3. Here, there is none and without a misrepresentation, dismissal is required.

17

In a desperate attempt to maintain a cause of action, it is believed Plaintiffs mentioned 15 U.C.C. §45(a), although inappropriately, as a violation of same is a per se violation of FDUTPA. However, recitation of a rule, without an alleged violation, is not enough. *Sky Enterprises, LLC v. Offshore Design & Drilling Servs., LLC,* No. 16-cv-916, 2017 WL 519115, 2 (M.D. Fla. Feb. 8, 2017). Moreover, a violation of FTC guidelines does not create a violation of FDUTPA as there must be a violation of FTC "rules" to initiate a viable claim. Fla. Stat. 501.203(3). As in the *Pop* case, Plaintiffs attempt to satisfy the "deceptive or unfair practice" element of a FDUTPA claim by alleging that Defendants committed a *per se* FDUTPA violation by violating 16 C.F.R. § 255.5 and, therefore, violating the FTC Act. (*See* FAC, ¶¶ 84 (Defendants "fail to be compliant with the FTC Rules found in 16 C.F.R. § 255.5 and the FTC guidelines regarding advertising on social media."). For the reason detailed by the *Pop* Court, Section 255.5 cannot form the basis of a *per se* FDUPTA violation. *Pop*, 2023 WL 4661977, *4. Because Plaintiffs have not, and cannot, produce any authority stating that Section 255.5 may serve as a FDUTPA predicate, Plaintiffs' FDUTPA claim should be dismissed.

Further, with respect to Plaintiffs' allegations concerning 21st Century's labeling on Blue Ice bottles, Fla. Stat. §501.212(1) provides Defendants with a safe harbor exception to FDUTPA as it explicitly prohibits application to "any act or practice required or specifically permitted by federal or state law." This safe harbor has been specifically applied within the State of Florida regarding the labeling of spirits. *Pye,* 2015 WL 5634600 at *4. The labeling and advertising of distilled spirits is regulated by The Alcohol and Tobacco Tax and Trade Bureau ("TTB"). 27 C.F.R. Subchapter A, Part 5. Labels are prohibited from containing false or misleading impressions. 27 C.F.R. §5.42(a). The labels required by TTB must be issued in accordance with a valid Certificate of Label Approval ("COLA"). 27 C.F.R. §7.41(a). Further, as noted in *Pye,*

"the TTB evaluates and preapproves an alcohol label to ensure it contains all mandatory information and contains no prohibited information." *Pye,* 2015 WL 5634600 at *3. Like in *Pye,* a TTB regulator was charged with ensuring the representations on the Blue Ice labels were not misleading. Thus, in addition to the lack of a misrepresentation, the statements made on labels could never have been a basis for a viable FDUPTA claim based upon Fla. Stat. §501.212.

Like Plaintiffs' other baseless attempts to identify a claim, Plaintiffs also failed to allege a "traditional violation" of FDUTPA since there was no "representation, omission, or practice that is likely to mislead the consumer" to probably, not possibly, act to his "detriment." *Blair*, 2012 WL 868878, at *3. *See also Casey v. Fla. Coastal Sch. of Law, Inc.*, Case No. 14-cv-1229, 2015 WL 10096084, *6 (M.D. Fla. Aug. 11, 2015). Plaintiffs cannot and did not claim that the failure to disclose an alleged material connection between the Defendants alone would have been enough to mislead a reasonable consumer, let alone to his/her detriment; rather, Plaintiffs premise their insufficient claim solely on the alleged violation of the FTC Guidelines. *See Lokai Holdings, LLC v. Twin Tiger USA, LLC,* 306 F.Supp.3d 629, 641 (S.D. NY 2018) (granting dismissal of statutory consumer protection claims as "the FTC's guidelines" were "the sole basis for alleging a violation of those statutes").

Here, Pop admitted he followed Influencers and he allegedly purchased Blue Ice because Influencers consumed the product. [Doc. 60, ¶¶86, 97.] He further admitted he knew some Influencers act as advertisers, including for alcohol, for hire and fail to disclose they are paid. *Id.* at ¶¶78, 119. Yet, Pop never states he viewed anything before the purchase or that any Influencer made a representation regarding quality, and the same holds true for Sava. At most, this is a case of buyer's remorse which does not equate to a violation of law. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084 (11th Cir. 2021). More simply, there is no violation of FDUTPA, and the claim fails

19

as a matter of law requiring it to be dismissed with prejudice as there is a complete absence of any facts that state a plausible deceptive or unfair act or practice. *Casey,* 2015 WL 10096084, *16 .

### 2. There is No Causation.

Plaintiffs "cannot demonstrate a causal connection between the alleged wrongdoing and alleged injury" because Plaintiffs allege "that [21st Century] and Influencers engaged in the deceptive and unfair practice of failing to disclose an advertising relationship [FAC, ¶¶ 80]," but their "alleged injury, however, is [their] purchase of a [Blue Ice] product of ["inferior quality compared with the expectations the Plaintiffs had and the premiums they paid for Blue Ice" [FAC, ¶ 37]]." *Pop*, 2023 WL 4661977, *5. Plaintiffs, as in the *Pop* case, do not explain "how the Defendants' alleged failure to disclose an advertising relationship led to [them] receiving a [Blue Ice] product that [they] perceived to be inferior," and "it is unclear how [they] could even have attempted to draw such a connection." *Id.* "Even taking the facts in the light most favorable to [Plaintiffs], [Plaintiffs do] not allege that the [Blue Ice] product was different from what [they] presumably saw in an Instagram post," and they "[do] not allege that the Influencer Defendants made any statements regarding the quality of the product." *Id.* Thus, the FDUTPA claim must be dismissed as Plaintiffs must allege the unfair practice was the direct cause of the harm. *Parr* 2009 WL 5171770 at *7. *See also* Fla. Stat. §501.211(2) (actual damages must be from a "loss as a result of" the statutory violation); *Stewart Agency, Inc.,* 266 So. 3d 2017, 213; *Hennegan Co. v. Arriola*, 855 F.Supp.2d 1354, 1356-57 (S.D. Fla. 2012) (finding no FDUTPA violation when customers left after employee left as customer left for personal reasons not due to the ex-employee's conduct).

Plaintiffs failed to show the misrepresentations "would have deceived an objectively reasonable person" as required. *Hitchcock v. Scipione,* Case No. 13-cv-2581, 2013 WL 6184037, *1 (M.D. Fla. Nov. 25, 2013). Further, Plaintiffs did not and cannot claim a reasonable consumer

would interpret the Influencers' Posts as "honest consumer advice."  *See Nivia v. Nationwide Mtg., LLC*, Case No. 13-cv-24080, 2014 WL 4146889, *6 (S.D. Fla. Aug. 21, 2014).  To the contrary, Plaintiffs admit knowledge of the advertising.  [Doc. 60, ¶¶76-80, 84, 94-96.]

Plaintiffs' FAC is nothing but unsubstantiated conclusory allegations with no factual support.  Moreover, there is an absence of any allegation explaining how the alleged label, any representation, or non-disclosures by Influencers are even likely to lead a consumer to purchase Blue Ice, or more importantly, how Plaintiffs' subjective disappointment with the quality of Blue Ice is linked to any actual shortcoming.  Thus, the FDUTPA claim must be dismissed.

### 3. Dissatisfaction with the Quality of Blue Ice Is Not Enough for Plaintiffs to Claim Injury under FDUTPA and Does Not Establish Actual Damages.

Plaintiffs' FDUTPA claim also fails for failure to allege "actual damages." Speculative damages are not actual damages.  *Clear Marine Ventures Ltd. v. Brunswick Corp.*, Case No. 08-cv-22418, 2010 WL 528477, *5 (S.D. Fla. Feb. 11, 2010).  "Actual damages 'are measured according to the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.'"  *Pop*, 2023 U.S. Dist. LEXIS 125429, at *13.  FDUTPA "does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment."  *Id.* Plaintiffs believe the products they purchased were of "an inferior quality" compared with their expectations and the price they paid.  (FAC, ¶ 37).  However, Plaintiffs "[do] not allege that [they] paid more than market value for the products or do [they] allege that [they] received a product different than the one [they] intended to purchase."  *Pop*, 2023 U.S. Dist. LEXIS 125429, at *13-14.  Rather, they are "simply dissatisfied with the products."  *Id.* at *14.  "Subjective dissatisfaction does not constitute actual damages under FDUPTA."  *Id.* (citing *Clear Marine Ventures Ltd. v. Brunswick Corp.*, No. 08-CV-22418, 2010

WL 528477, at *5 (S.D. Fla. Feb. 11, 2010) (dismissing FDUPTA claim, where purchaser of a boat claimed it was "aesthetically unpleasing" and, thus, "entirely unsellable," for failing to allege that the "aesthetic changes affected . . . . the value beyond mere speculation.")).

### 4. Plaintiffs' Request for Injunctive Relief and Declaratory Judgment Must be Dismissed.

Plaintiffs also request injunctive relief and declaratory judgment "Defendants' practice violates the law." [Doc. 60, ¶¶133-134.] To state a claim for injunctive relief under FDUTPA, Plaintiff must show he was "aggrieved" by an unfair or deceptive trade practice. Fla. Stat. §501.211(1). As previously outlined in this brief, Section IV, there was no allegation, let alone a showing, of an unfair or deceptive trade practice. Next, declaratory judgments "clarify the legal relations at issue and…settle controversies prior to a legal breach of a duty or contract." *Marketran v. Brooklyn Water Enter., Inc.,* Case No. 16-cv-81019, 2017 WL 1292983, *4 (S.D. Fla. Jan. 31, 2017). Plaintiffs simply request this Court find "the Defendants' practice violates the law." [Doc. 60, ¶134.] Since this request merely seeks a finding there was a violation of FDUTPA, there is no legal significance beyond an "immediate attempt to collect damages." *Marketran,* 2017 WL 1292983, 4. Thus, Plaintiffs' request for injunctive and declaratory relief is meritless.

### 5. Dismissal of Count I Should Be With Prejudice as Amendment is Futile.

As the *Pop* Court found, "[b]ecause amendment would not cure the fatal defects in [Plaintiffs] FDUPTA claim," Count I of the FAC should be dismissed with prejudice as to all Defendants. *Pop,* 2023 WL 4661977, at *5 (citing *Silberman v. Miami Dade Transit,* 927 F.3d 1123, 1133 (11th Cir. 2019) (explaining that while leave to amend ought generally to be freely granted, leave to amend need not be granted when any amendment would be futile)); *see also Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, No. 01 C 4366, 2003 U.S. Dist. LEXIS 2278, at *3 (N.D. Ill. Feb. 12, 2003) ("leave to amend may be denied where amendment is futile"). Notably,

Plaintiffs already had the chance to amend their Complaint and have once again failed to plead a FDUPTA claim. Any further attempts to plead a FDUTPA claim would be similarly unsuccessful and would waste the parties' and the Court's time and resources.

> **G.    Plaintiffs Fail to State a Claim Under the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1 et seq.**

To succeed on a ICFA claim, Plaintiff must state 1) a deceptive act or practice by the defendant; (2) defendant's intent that the plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Oliveira v. Amoco Oil Co.,* 201 Ill.2d 134, 161 (2002). Further, the disputed transaction must occur substantially in Illinois. *BCBSM, Inc. v. Walgreen's,* 512, F.Supp.3d 837, 856 (N.D. Ill. 2021). To determine if a transaction occurs substantially in Illinois, the Supreme Court of Illinois considers "1) the claimant's residence; (2) the defendant's place of business; (3) the location of the relevant item that is the subject of the disputed transaction; (4) the location of the claimant's contacts with the defendant; (5) where the contracts at issue were executed; (6) the contract's choice of law provisions, if there are any; (7) where the allegedly deceptive statements were made; (8) where payments for services were to be sent; and (9) where complaints about the goods or services were to be directed." *Id.* at 856-57. Based on the poorly drafted FAC, it is impossible to tell if anything other than Sava's purchase of Blue Ice and his residence are connected to Illinois.

> **1.    Plaintiffs' Failure to Identify a Deceptive or Unfair Practice Occurring in a Course of Conduct Involving Trade or Commerce Mandates Dismissal.**

Under the ICFA, a statement is deceptive "if it creates a likelihood of deception or has the capacity to deceive" according to a reasonable consumer. *People ex rel. Hartigan v. Knecht Servs., Inc.,* 216 Ill.App.3d 843, 857 (1991). See also, *Stemm v. Tootsie Roll Indus., Inc.*, 374 F.Supp. 3d 734, 740 (N.D. Ill. 2019) citing *Bober,* 246 F.3d at 938. "To recover on a claim under the Act, a

plaintiff must plead and prove that the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in the course of trade or commerce, and that it caused actual damages." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019). Under the ICFA, a statement is deceptive if it "creates a likelihood of deception or has the capacity to deceive" according to a reasonable consumer. *Stemm,* 374 F.Supp. 3d at 739. Puffery is not deceptive. *Id.* More importantly if the statement is not misleading as a matter of law, the claim may be dismissed. *Id.* at 740. Further, "[a] statement or label cannot mislead unless it actually conveys untrue information about a product." *Id.* Finally, "a court may dismiss an ICFA claim at the pleading state if the statement 'is not misleading as a matter of law.'" *Floyd v. Pepperidge Farm, Inc.,* 581 F.Supp.3d 1101, 1009 (S.D. Ill. 2022).

As discussed throughout this brief, neither the label nor the Posts were deceptive or unfair. (*See* arguments set forth in Sections IV(C) and (F).) Plaintiffs did not allege even one false or misleading statement and no reasonable consumer would have been deceived or had the capacity to be deceived. Thus, the claim must be dismissed as a matter of law.

### 2. Plaintiffs Did Not Rely on Any Act or Promise of Defendants.
Absent reliance upon a misrepresentation, there can be no loss. *Oliveira,* 201 Ill.2d at 161. Here, there was no misrepresentation. Thus, reliance is an impossibility mandating dismissal.

### 3. Plaintiffs Did Not Sustain Any Damage.
If there are no deceptive or misleading statements, the Court need not decide if damage was adequately alleged. *See Floyd,* 581 F.Supp.3d at 1109. Thus, this Court need not even evaluate the damage requirements under the ICFA based upon Sava's failure to allege any deceptive or misleading statements. However, if damages were alleged, a "plaintiff must allege a purely economic injury, measurable by the Plaintiff's loss." *In re Michael Stores Pin Pad Litigation*, 830 F.Supp. 518, 526 (N.D. Ill. 2011).

Here, the only claim is Sava bought Blue Ice for an undisclosed price which, according to his subjective opinion, was not supported by the quality of the vodka received. However, it remains undisputed Sava received exactly what he bought – a vodka made from potatoes in Idaho filtered multiple times. Disappointment with the product does not equate to actual damage. Thus, as with Plaintiffs' FDUPTA claim, Plaintiffs' ICFA claim should be dismissed as Plaintiffs fail to allege actual damages and the ICFA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment. *See Rollins,* 951 So.2d at 873.

### 4. There is No Causation.

The FAC alleges the Blue Ice purchased was of inferior quality. As previously noted, that harm is not even related to any alleged unfair or deceptive conduct (i.e., the bottle labeling regarding handcrafted, multiple distillations, and the Posts). Further, Plaintiffs' claims do not rise to the level of causing any injury as required under the ICFA. *Oliveira,* 201 Ill.2d at 161. Thus, there is no causal link between Plaintiffs' allegations of misrepresentation and alleged damages. For these reasons as well, the ICFA claim fails.

### 5. The Transaction of Sava's Purchase of Blue Ice is Not Substantially Connected to Illinois.

The only connection with Illinois is Sava's purchase of an unidentified Blue Ice product at an unidentified liquor store location in Illinois for an unidentified price. [Doc. 60, ¶98.] None of the Defendants live or are alleged to have done business in Illinois. Blue Ice is made from potatoes in Idaho and distilled in Idaho. [Doc. 60, ¶¶11, 14.] Sava makes no allegations of any contact with 21st Century before the purchase of Blue Ice and merely indicates unnamed Influencers were followed on Instagram consuming Blue Ice which led to the purchase on an unknown date. [Doc. 60, ¶98.] There is not one assertion that specific Influencer Posts were viewed by either Plaintiff, let alone prior to purchase. Under these circumstances, there could be

no deception. *Oliveira,* 201 Ill.2d at 154–55 ("plaintiff could not allege that defendant's advertisements deceived him or misled him as to what he was receiving when he made his purchase. Because plaintiff does not allege that he saw, heard or read any of defendant's ads.") Not only is there no contract and no deceptive statement(s), but there is also not even an allegation of ties with Illinois beyond Sava's alleged purchase. Thus, it is hard to see a substantial connection to Illinois.

### 6. Dismissal of Count II should be With Prejudice as Amendment is Futile.

For the reasons applicable to Count I, amendment of Count II claim is futile and Count II should be dismissed with prejudice.

### H. Plaintiffs Fail to State a Claim Under Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") – 815 ILCS 510 et seq.

To state a claim under IUDTPA, "a plaintiff must show 'a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce.'" *Rudy,* 583 F.Supp.3d at 1158 (internal citations omitted). If there was no misleading statement as a matter of law, the IUDTPA claim must be dismissed. *Id.* Further, if there is no showing of actual damages, the IUDTPA claim must also be foreclosed. *Id.* at 1160.

Like preceding arguments under Sections IV(C), (F), and (G), there are no deceptive or unfair acts, let alone one intended to cause Plaintiffs' reliance. Thus, dismissal of the IUDTPA claim is mandated. Upon incorporating the preceding arguments in this brief, the IUDTPA claim fails for lack of a deceptive/unfair practice and Defendants' lack of intention to have Plaintiffs rely on same. This claim, like the preceding claims, must be dismissed without leave to amend.

I.    **Plaintiffs Fail to State a Claim Under the Legal Remedy Act ("CLRA").
      Cal. Civ. Code §§1750 et seq.**

"[U]nfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer" are considered violations under the CLRA.  Cal. Civ. Code §1770(a). Further, thirty (30) days or more before filing suit, the consumer must notify the potential Defendant via certified mail of the allegations and ask for a correction. Cal. Civ. Code §1783.  To succeed on a claim, a Plaintiff must show that "members of the public are likely to be deceived." *Kay v. Copper Cane, LLC,* 549 F.Supp.3d 1014, 1023 (N.D. Ca. 2021) citing *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 938 (9th Cir. 2008).  There must also be injury in fact.

In *Hoffman v. Fifth Generation, Inc.,* Case No. 14-cv-2569, 2015 WL 5440330 (S.D. Cal. Mar. 18, 2015), Plaintiff claimed he bought Tito's as he saw the handcrafted label, relied on the handcrafted representation and believed the product was high-quality made with human hands.  In dismissing the CLRA and UCL claims, the Court found that plaintiff's failure to allege that had he known Tito's was not handmade, he would have paid a lesser price for a competing product or not have bought Tito's at all barred his claims.  Similarly, in *Nowruzi v. Maker's Mark Distillery, Inc.,* Case No. 14-cv-2885, 2015 WL 4523551 (S.D. Cal. July 27, 2015), Plaintiff claimed Defendant's product label claimed it was "handmade" which led plaintiff to believe the product had a superior quality that justified the higher cost.  In dismissing plaintiff's claim and denying leave to amend same, the Court noted "'handmade' cannot reasonably be interpreted as meaning literally by hand nor that a reasonable consumer would understand the term to mean no equipment or automated process was used to manufacture the whiskey. *Nowruzi*, 2015 WL 4523551 at *7.

Here, Plaintiffs' only allegation that they would not have purchased Blue Ice is based on the sole premise the Influencers failed to disclose the Posts were advertising.  [Doc. 60, ¶86.]

27

However, as discussed in Section IV(D), there was no mandate for disclosure. Further, there was no violation and Plaintiffs did not plead an injury. However, giving Plaintiffs leave to amend to somehow try to re-draft a claim for the representation that Blue Ice was described as handcrafted would be fruitless as the statement is accurate and no person could reasonably believe that Blue Ice was made "literally by hand." *Nowruzi,* 2015 WL 4523551 (Court dismissed the complaint without leave to amend after finding that '"handmade' cannot reasonably be interpreted as meaning literally by hand nor that a reasonable consumer would understand the term to mean no equipment or automated process was used.") Again, the lack of misrepresentations and unfair practices proves fatal to Plaintiffs' claim under the CLRA, and no injuries were sustained mandating dismissal.

Finally, claims under the CLRA are precluded if the claims are based upon an "action the Legislature permits" (*i.e.*, safe harbor). *Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F.Supp.3d 911, 917 (C.D. Ca. 2021). Here, as discussed in Section IV(F), the TTB is responsible for the accuracy of the label on the product meaning that no CLRA claim can prevail.

### 1. Plaintiffs Failed to Allege any Unfair or Deceptive Acts or Practices Undertaken with an Intent to Sell Blue Ice Mandating Dismissal.

For all the reasons articulated in Sections IV(C), (F), and (G), the lack of unfair or deceptive acts taken with the intent to sell Blue Ice mandates dismissal of this claim against all Defendants.

### 2. Plaintiffs' Claims Must be Dismissed as They Failed to Notify Defendants of Allegations and Request a Correction.

The FAC is completely devoid of an assertion Plaintiffs provided notice to Defendants, via certified mail as is required by Cal. Civ. Code §1783. This failure is fatal to Plaintiffs' CLRA claim, mandating dismissal.

### 3. Plaintiffs Sustained No Injury.

Without injury, there is no claim. Since there is no misrepresentation as required under the CLRA, this Court does not need to evaluate the existence of an injury. Here, the only injury alleged

28

is that Plaintiffs overpaid (*generally speaking as Plaintiffs failed to allege how much was paid or provide proof of payment)* for an unknown Blue Ice product from an unknown store due to Plaintiffs' subjective taste preferences.  These generalizations are not damages.

### 4. The TTB Approved the Label on Blue Ice Barring any Claim Against 21st Century.

The "TTB has exclusive jurisdiction in regulating the labels [not packaging, pursuant to 28 C.F.R. §25] on alcoholic beverages because Congress expressly granted exclusive authority to the Treasury Department who in turn delegated its duties to the TTB."  *Angiano,* 532 F.Supp.3d at 918 (internal citation omitted).  Thus, as in *Angiano,* which found claims based on a TTB approved label were subject to the safe harbor exemption, Plaintiffs' claims regarding labeling of the vodka could also be excluded.  *Id.* at 918.  Thus, the CLRA claim must be dismissed against 21st Century.

### 5. Dismissal of Count IV should be with Prejudice as Amendment is Futile.

Identical to the preceding counts, amendment of the claim is futile and Count IV should be dismissed without leave to amend.

### J. Plaintiffs Fail to State a Claim Under California's Unlawful Business Practices Act ("UCL").  Cal. Bus & Prof. Code §17200 et seq.

The UCL prohibits unfair competition which includes "any unlawful, unfair or fraudulent business act or practice."  Bus & Prof. Code §17200.   A plaintiff must have an injury in fact and have lost money due to the unfair competition. Bus. & Prof. Code §17204.  The remedies available under the UCL are limited to injunctive relief and restitution.  *Veera v. Banana Republic*, LLC, 6 Cal. App. 5th 907, 915 (2016).

As discussed in Sections IV(C), (F), and (G), the lack of unfair or deceptive acts taken with the intent to sell Blue Ice mandates dismissal of this claim.  Plaintiffs failed to identify any damages as there is and was no "unfair, unlawful and/or deceptive practice" and restitution is not owed as Plaintiffs purchased a bottle of Blue Ice and received the product.  Finally, the claim under the

UCL is also banned to the extent any claimed infraction is associated with labeling. *Angiano,* 532 F.Supp.3d at 918. As such, Count V of the FAC must be dismissed without leave to amend.

### K. Plaintiffs' Unjust Enrichment Claim is Barred.

To state a claim for unjust enrichment, Plaintiff must allege a Defendant has unjustly retained a benefit to Plaintiff's detriment and the retention "violates the fundamental principles of justice, equity, and good conscience." *Stefanski v. City of Chicago,* 390 Ill. Dec. 314, 327 (Ill App. Ct. 2015). However, when the unjust enrichment claim "rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim – and, of course, unjust enrichment will stand or fall with the related claim." *Stemm,* 374 F.Supp. 3d at 744. Here, the unjust enrichment claim relies on the same alleged conduct as the preceding claim and likewise fails. *BCBSM, Inc.,* 512 F.Supp3d at 856 (resolution of the fraud claim is dispositive of the unjust enrichment claim when both claims are predicated on the same allegations).

This exact claim was also dismissed by the Court in *Pop,* 2023 WL 4661977, *17. In doing so, the *Pop* Court found Plaintiff's only allegation supporting the unjust enrichment claim was "by paying the higher practices demanded by Luli Fama, Plaintiff and the members of the class conferred a direct benefit to each of the Defendants," but "[a]t no point in the complaint does Pop detail how his purchases from Luli Fama directly benefitted the Influencer Defendants." *Id.* at *15-16. Similarly here, Plaintiffs' only allegation supporting unjust enrichment is that "[b]y paying the high prices demanded by 21st Century, Plaintiffs and Class Members conferred a direct benefit to all Defendants," but Plaintiffs fail to explain how their purchases benefitted Influencers directly. [Doc. 60, ¶ 180]. Plaintiffs do not allege the Influencers received any portion of revenues from sales of Blue Ice, and even if they received some portion of the revenues, which did not happen and is not alleged, this would be an "indirect benefit." *Pop,* 2023 WL 4661977, *16. Accordingly, Plaintiffs failed to establish, and cannot establish, they conferred a direct benefit on

Influencers and their unjust enrichment claim is due to be dismissed with prejudice against the Influencers for failure to state a claim. *Id.* at *17.

Plaintiffs' unjust enrichment claim also fails as to 21st Century based on the analysis of the *Pop* Court. Plaintiffs did not confer a direct benefit on 21st Century since 21st Century is not alleged to have sold Blue Ice to Plaintiffs and did not allegedly benefit from the sales. *See Inouye v. Adidas Am.*, Inc., No. 8:22-cv-416-VMC-TGW, 2023 U.S. Dist. LEXIS 35990, at *28-31 (M.D. Fla. Mar. 3, 2023) (unjust enrichment claim dismissed as to manufacturer who was not seller). Moreover, like the unjust enrichment claim at issue in the *Pop* case, Plaintiffs' Count VI is based solely on Defendants' alleged failure to disclose an advertising relationship. "Accordingly, [Plaintiffs] have failed to allege that [21st Century] and the Influencer Defendants were enriched independently of their alleged deceptive advertising relationship." *Id.* Thus, like all other claims, Count VI must be dismissed with prejudice as to all Defendants.

## L. Plaintiffs' Negligent Misrepresentation Claim is Barred.

In Illinois, a claim for negligent misrepresentation requires Plaintiffs allege "(1) the defendant had a duty to the plaintiff to communicate accurate information; (2) the defendant made a false statement of material fact to the plaintiff; (3) the defendant negligently failed to ascertain the truth of that statement; (4) the defendant made the statement with the intent to induce the plaintiff to act; (5) the plaintiff acted in reliance on the truth of that statement; and (6) the plaintiff suffered damage due to that reliance." *BCBSM, Inc.,* 512 F. Supp.3d at 837. It also requires a breach of duty. *Id.* at 854. *See also, Board of Education of the City of Chicago v. A, C & S, Inc.,* 131 Ill. 2d 428, 452 (1989). Under Seventh Circuit law as with Eleventh Circuit law,[11]

---

[11] To state a claim for negligent misrepresentation in Florida, a plaintiff must allege: (1) a misrepresentation of a material fact; (2) that the defendant made the representation without knowledge as to its truth or falsity, or under circumstances in which he ought to have known of its falsity; (3) that the defendant intended that the misrepresentation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation. *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1503 (11th Cir. 1993). As

because Plaintiffs' negligent misrepresentation sounds in fraud, the heightened pleading standard of Rule 9(b) applies to the claim. *See, e.g., Pop*, 2023 U.S. Dist. LEXIS 125429, at *18-19; *Media Bank, LLC v. SCOTTeVEST, Inc.*, No. 19-CV-2465, 2020 WL 6825691, at *8-9 (N.D. Ill. Nov. 20, 2020) (applying Rule 9(b) to negligent misrepresentation claim that sounded in fraud where the plaintiff "allege[d] intent to deceive, not carelessness"); *Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 806 (N.D. Ill. 2013) (citation omitted) (applying Rule 9(b) to negligent misrepresentation claim where "Plaintiff does *not* allege that Allergan acted with 'carelessness or negligence in ascertaining the truth' of its statements regarding the safety of Botox, but rather that Allergan *knowingly* made false statements").Moreover, absent a false statement, there is no claim for negligent misrepresentation. *Floyd,* 581 F.Supp.3d at 1111.

Once again, the lack of an alleged misrepresentation is fatal to Plaintiffs' claim – in this case, the negligent misrepresentation claim. Here, the only possibility of identifying the vague statements regarding Plaintiffs' alleged misrepresentations are at (1) paragraph 4 of the FAC wherein Plaintiffs assert the Influencers "misrepresented the material relation they have" with Blue Ice by failing to disclose the relationship when promoting Blue Ice products; (2) paragraph 12 where 21st Century is alleged to have represented that Blue Ice is "handcrafted" and "filtered 5 times" in a distillery bearing the name "Blue Ice Vodka"; and (3) paragraph 148 of the FAC wherein Plaintiffs allege Defendants represented "Blue Ice has characteristics and ingredients that it does not have and offers health benefits."

Once again, *Pop,* 2023 WL 466197 is instructive. As in the *Pop* case, Plaintiffs alleged "Defendants had a duty to be truth in their commercial speech." [Doc. 60, ¶ 186]. And as with Pop's negligent misrepresentation claim in the *Pop* case, Plaintiffs' negligent misrepresentation

---

a fraud-based claim, Plaintiffs' negligent misrepresentation claim is also subject to the heightened pleading requirement of Rule 9(b). *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014).

claim in this case "fails to specify any details – beginning by failing to allege which posts he saw from the Influencers promoting [Blue Ice] products and ending with failing to explain how those posts led him to purchase unidentified 'products' he considered inferior – regarding the elements of [their] claim." *Pop*, 2023 WL 466197 at *7. "Thus, [Plaintiffs] failed to plead with sufficient particularity that any defendant made a misstatement or that [they] acted in 'justifiable reliance' on the Defendants' alleged misrepresentations." *Id.*

Alternatively, even if Rule 9(b)'s heightened pleading does not apply to Plaintiffs' negligent misrepresentation, the claim is still subject to dismissal for failure to state a claim. Plaintiffs here, like in the *Pop* case, claim the misrepresentation was the failure to disclose an advertising relationship between 21st Century and the Influencers. [Doc. 60, ¶¶ 119-121] *Pop*, 2023 WL 466197, *7. But, as with the *Pop* case, Plaintiffs have "not specified a single post where one of the Influencers failed to disclose it was a paid advertisement," and as held by the *Pop* court, "[e]ven if [they] had, a failure to disclose such information would not constitute an actionable misrepresentation in this case" under Florida or Illinois law. *Pop*, 2023 WL 466197, *7, This is because under both Florida and Illinois law, "the failure to disclose material information is not actionable as part of a negligent misrepresentation claim absent some fiduciary or fiduciary-like duty to disclose the information[.]" *Hawaiian Airlines, Inc. v. AAR Aircraft Servs., Inc.*, 167 F. Supp. 3d 1311, 1322 (S.D. Fla. 2016).[12] "To establish a fiduciary relationship, a party must allege

---

[12] *See also TransPetrol, Ltd. v. Radulovic*, 764 So.2d 878, 879 (Fla. 4th DCA 2000) ("A defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose."); *Bd. of Educ. v. A, C & S, Inc.*, 131 Ill. 2d 428, 452, 546 N.E.2d 580, 591, 137 Ill. Dec. 635 (1989) (a plaintiff alleging negligent misrepresentation must allege that "the defendant owes a duty to the plaintiff to communicate accurate information"); *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496 (1996) (where a fiduciary relationship exists between a plaintiff and a defendant, the defendant is under a duty to disclose all material facts); *Spaulding v. Abbott Labs.*, 2010 U.S. Dist. LEXIS 123532, 2010 WL 4822894, at *8 (N.D. Ill. Nov. 22, 2010) ("A duty to speak arises only where there is a special or fiduciary relationship between the parties."); *Aeroground, Inc. v. CenterPoint Props. Tr.*, 2010 U.S. Dist. LEXIS 52204, 2010 WL 2169493, at *4 (N.D. Ill. May 27, 2010) ("The duty to disclose arises only when a

some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Muy v. Int'l Bus. Machines Corp.*, 2019 WL 8161749, at *3 (N.D. Fla. Nov. 25, 2019). "Parties in arms-length transactions generally do not incur a duty to disclose all material facts." *Pop*, 2023 WL 4661977, *7 ("While parties in arms-length transactions may incur a duty to disclose all material facts when other information is disclosed … such liability is generally limited to actions for fraudulent misrepresentations between parties with a contractual relationship[.]" (citations omitted)); *Spaulding*, 2010 U.S. Dist. LEXIS 123532, 2010 WL 4822894, at *8 (no duty to disclose where agreement is the product of a typical arms' length business relationship); *Benson v. Stafford*, 407 Ill. App. 3d 902 (Ill. App. Ct. 2010) ("The mere fact that the parties have engaged in business transactions or have a contractual relationship is not itself sufficient to establish a fiduciary relationship."). Plaintiffs, like in the *Pop* case, have not and "cannot, allege that as a consumer, [they] had any fiduciary-like relationship with either [21ˢᵗ Century] or Influencer Defendants." *Pop*, 2023 WL 4661977, *7. They "did not have a contractual relationship with either group that would trigger a duty to disclose." *Id.* Amendment would be just as futile for Pop and Sava here as it was in the *Pop* case and thus Count VII for negligent misrepresentation should be dismissed with prejudice. *See id.*

**M. Plaintiffs' Breach of Express Warranty Claim is Barred.**

Express warranty claims arise under state law. *Cipollone v. Liggett Group, Inc.* 505 U.S. 504 (1992). Express warranties are factual assertions. *In re Standard Jury Instructions in Civil Cases – Report No. 0910,* 37 Fla. L. Weekly S358 (Fla. 2012), Jury Instruction 403.4**.** Express warranties are not violated if the product conforms with representations made by Defendants. *Id.* Express warranties can only form the basis for a claim if the representation was relied upon. *Id.*

---

fiduciary relationship is present or when the defendant's acts contribute to the plaintiff's misapprehension and the defendant intentionally fails to correct the plaintiff.").

Plaintiffs' breach of express warranty claim is premised on Blue Ice allegedly failing to conform to Defendants' descriptions that Blue Ice (1) has a specific taste, (2) is handcrafted, and (3) promotes a healthy lifestyle. [Doc. 60, ¶189.]  Pop, the only Plaintiff asserting this claim, also alleges, "Plaintiff and Class Members saw Defendants' marketing and online advertising materials prior to purchasing Blue Ice," [Doc. 60, ¶149.]  However, this assertion is neither specific nor sufficient as Plaintiff never alleged he viewed specific statements on a website or any Influencer post.  In short, Count VIII of the FAC does not even satisfy the requisite level of notice pleading pursuant to Fed.R.Civ.Pro. 8(a)(2) and clarified by *Iqbal,* 129 S. Ct. at 1949, and should be dismissed on that basis.  *See, e.g., Wilson v. Chattem, Inc*., No. 09-80681-CIV-DIMITROULEAS, 2009 U.S. Dist. LEXIS 139318, at *9 (S.D. Fla. Sep. 17, 2009) (dismissing breach of express warranty claim under Rule 8(a)(2) as "Plaintiff fails to allege … facts with respect to the creation of the purported warranty, such as the statements or documents Plaintiff relied upon [that] serve as the basis for the warranty").

Alternatively, even if Count VIII of the FAC satisfied Fed. R. Civ. P. 8 relative to notice pleading, it must still be dismissed for other reasons.  Even if there was a misrepresentation, the claim fails as "warranty-based claims require privity of contract between the parties."  *Inouye,* 2023 U.S.Dist. LEXIS 35990 at *17.  In this case, the required privity is absent.  Plaintiffs do not allege that they bought Blue Ice directly from 21st Century, the manufacturer.  [Doc. 60, ¶¶98, 101.]  Further, a manufacturer's untargeted marketing such as advertisements on various forms of media and labeling "cannot surmount Florida's privity requirement for warranty claims."  *Inouye,* 2023 U.S.Dist. LEXIS 35990 at *21.  Additionally, the "substantial direct contacts" exception to the privity requirement does not apply as Plaintiffs do not allege any direct communications or interactions, let alone substantial direct contacts, between Plaintiffs and 21st Century regarding

their Blue Ice purchases which were purchased from an unknown liquor store and an unknown website. *See Peeples v. Omega Flex, Inc.*, 2020 U.S. Dist. LEXIS 152925 at *12-13 (M.D. Fla. July 31, 2020) ("[A] viable claim for breach of express warranty requires, at the very least, substantial direct contacts between a plaintiff and a defendant…. Here, Plaintiffs do not allege that the Peeples purchased the CSST system directly from Defendant. Nor do they allege that there were any direct communications or interactions between the Peeples and Defendant…. Peeples apparently interacted solely with third-party contractors. Plaintiffs allege that Defendant 'warrants' that the CSST system is 'free of defects related to workmanship and materials,' but the circumstances surrounding the provision of such a warranty are not set out in the Complaint.") (citations omitted).  Thus, lack of privity acts as a bar to Plaintiffs' warranty claim.

Furthermore, to the extent the warranty claim is based on Plaintiffs' allegation that 21st Century advertised Blue as the "best tasting Vodka," there are several problems with this claim.  First, a review of the FAC shows only one (1) reference to taste by 21st Century:  "We are handcrafted and American made with a singular goal – to create the best tasting vodka.  Because taste is everything."  [Doc. 60, Screenshot after ¶10.]  Plaintiffs misquote Defendants' statement above and recast it as an advertisement that "Blue Ice is 'the best tasting vodka.'" [Doc. 60, ¶10.]  Specifically, Plaintiffs allege that Blue Ice said it tastes better than other vodkas, made misrepresentations regarding the taste, and described Blue Ice to have a specific taste. Doc. 60, ¶¶81, 143, and 189.]  Yet, review of the FAC reveals no other allegations regarding a "specific taste" by Defendants and no other facts, assertions, or information to support Plaintiffs' baseless express warranty based on the taste of Blue Ice.  Bottom line: there was no promise by 21st Century relating to the taste of Blue Ice – none is alleged.  Moreover, even if 21st Century had represented that Blue Ice was the "best tasking Vodka," which it did not, this would constitute mere puffery

which is not actionable as an express warranty.[13]  *See, e.g., Stuve v. Kraft Heinz Co.*, No. 21-CV-1845, 2023 U.S. Dist. LEXIS 6184, at *33-34 (N.D. Ill. Jan. 12, 2023) ("Representations about taste are, by definition, 'not quantifiable, objective statements'" and thus cannot form the basis of express warranty claims) (citing cases); Fla. Stat. § 672.313(2) ("an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty"); *Arcure v. Kellogg Co.*, No. 2:10-cv-192-FtM-36SPC, 2011 U.S. Dist. LEXIS 165996, at *17-18 (M.D. Fla. Mar. 29, 2011) ("statements, which amount to vague, subjective claims of product superiority, are non-actionable puffery").

Finally, Blue Ice was "handcrafted" under all interpretations of the law as set forth above at Section IV(C).  Defendants have also established at Sections IV(C), (F), and (G) of this brief that there was never a representation that drinking Blue Ice supports a "healthy lifestyle," and the "fit-friendly" reference on Blue Ice bottle labels is, at best, non-actionable puffery.[14]  Count VIII should be dismissed with prejudice.

## V.    CONCLUSION

Plaintiffs' FAC must be dismissed in its entirety with prejudice.  A *third* amendment would be inappropriate as Plaintiffs cannot rectify the multitude of deficiencies identified herein. Defendants therefore request this Court deny Plaintiffs leave to amend due to futility.  *Naperville Smart Meter Awareness v. City of Naperville,* 114 F.Supp.3d 606, 610 (N.D. Ill. 2015) ("Futile repleadings include restating the same facts using different language, reasserting claims previously determined, and the inability to survive a motion to dismiss.").

---

[13] Whether an alleged misrepresentation constitutes puffery is a question of law appropriate for resolution on a Rule 12(b)(6) motion.  *See, e.g., Riley v. Gen. Motors, LLC*, No. 6:22-cv-499-RBD-EJK, 2023 U.S. Dist. LEXIS 79829, at *13 (M.D. Fla. Mar. 28, 2023).

[14] *See, e.g., Klaehn v. Cali Bamboo, LLC,* 2021 U.S. Dist. LEXIS 136603 at *15 (S.D. Cal. May 4, 2023) ("pet-friendly" representations held "non-actionable puffery") ; *Walcoff v. Innofoods USA, Inc.*, 2023 U.S. Dist. LEXIS 78474, *16-17 (S.D. Cal. May 4, 2023) ("keto-friendly" statement on product packaging was not misleading).

Dated: November 3, 2023

Respectfully submitted,

*/s/ Anthony J. Calamunci*

Anthony J. Calamunci (6308404)
FisherBroyles
203 North LaSalle St., Suite 2100
Chicago, IL 60601
(567) 455-5257
anthony.calamunci@fisherbroyles.com
*Counsel for Defendants*

38

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 3, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon counsel of record.

*/s/ Anthony J. Calamunci*

Anthony J. Calamunci