UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO SAVA and ALIN POP, <br> individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> 21ST CENTURY SPIRITS,LLC, LEANNA BARTLETT, ALEXA COLLINS, SARAH HOUCHENS, METISHA SCHAEFER, NINA SEREBROVA, SKYLER SIMPSON, KRISTEN STROUT, KATHY PICOS f/k/a KATHY CRUZALEGUI, JAMIE VILLAMOR, ANNA KATHARINA VON STAEHLE a/k/a ANNA KATHARINA, <br><br> Defendants. | No. 1:22-cv-06083 <br><br> **Honorable Joan H. Lefkow** <br><br> **Honorable Magistrate Judge Sheila Finnegan** |

**MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Plaintiffs MARIO SAVA and ALIN POP (collectively "Plaintiffs"), on behalf of themselves and all those similarly situated, by and through their attorneys, Keith L. Gibson and Bogdan Enica, pursuant to Federal Rule of Civil Procedure 12(f)(2), bring this Motion to Strike Defendants' Affirmative Defenses.

### I.  INTRODUCTION

After the denial of their motion to dismiss (Dkt. 112), Defendants filed an Answer and Defenses to Plaintiffs' First Amended Class Action Complaint (Dkt. 126) on August 9, 2024. That Answer contains no less than 35 affirmative defenses, many of which are completely irrelevant to the First Amended Complaint, are not actually affirmative defenses, and/or contain boilerplate

allegations without any supporting facts. Plaintiffs therefore move to strike the irrelevant and inappropriate affirmative defenses. Specifically, Plaintiffs move to strike Affirmative Defenses 1-3, 6-27, 29, 31-35 for the reasons set forth below.

## II. ARGUMENT

A. <u>Motion to Strike Standard</u>

Motions to strike are generally disfavored. "But where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay. Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. […] *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989) citing *Bobbitt v. Victorian House, Inc.,* 532 F.Supp. 734, 736–37 (N.D.Ill.1982).

Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Thus, defenses must set forth a "short and plain statement," Fed.R.Civ.P. 8(a), of the defense. *Id.*

Federal Rule of Civil Procedure 12(f) provides:

(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
(1) on its own; or
(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

"The purpose of an affirmative defense is to 'raise new facts and arguments that, if true, will defeat the plaintiff's ... claim, even if all allegations in the complaint are true.'" *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2015 WL 122747, at *1 (N.D. Ill. Jan. 9, 2015). A proper affirmative defense cannot merely "controvert the plaintiff's proof." *See Tireboots by Universal Canvas, Inc. v. Tiresocks, Inc.,* 2021 WL 5833986 at *5. As mentioned above, a motion to strike is proper "when it serves to remove unnecessary clutter" and thereby expedites the case.

2

*Divine v. Volunteers of America of Illinois*, 319 F.Supp.3d 994, 999 (N.D. Ill. 2018). Affirmative defenses subject to a motion to strike are examined using a three-part test: (1) the defense must be a proper affirmative defense, (2) it must be adequately pleaded under Rules 8 and 9; and (3) it must be able to withstand a Rule 12(b)(6) challenge. *See id.* *See also FDIC v. Vann*, No. 11 C 3491, 2013 WL 704478, *3-5 (N.D. Ill. Jan. 23, 2013) (applying this three-part test to strike unclean hands affirmative defense).

Also, when considering a motion to strike an affirmative defense, the court uses the standard governing motions to dismiss pursuant to Rule 12(b)(6). *Sanchez*, 2015 WL 122747, at *1. Thus, each affirmative defense must contain a "short and plain statement" supporting that defense. *Id.* (citing Fed. R.Civ. P. 8(a)). Affirmative defenses that amount to nothing more than "bare bones conclusory allegations" do not suffice under the Federal Rules and may be stricken. *See Ardagh Metal Packaging USA Corp. v. American Craft Brewery*, LLC, No. 22 CV 7367, 2024 WL 773796, *6 (N.D. Ill. Feb. 26. 2024).

While the Seventh Circuit has not decided whether the heightened standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) applies to affirmative defenses, the majority view is that the heightened standard enunciated in those cases applies to affirmative defenses. *See Teamsters Local Union No. 75 v. Central Contractors Service*, No. 18-cv-05843, 2020 WL 5994496, *8 (N.D. Ill. Oct. 9, 2020). An affirmative defense should be pled with "sufficient factual matter" to be "plausible on its face." *Id.* (*citing Iqbal*, 556 U.S. at 678). "As a practical matter, however, affirmative defenses rarely will be as detailed as a complaint (or a counterclaim); nor do they need to be in most cases to provide sufficient notice of the defense asserted. But a problem arises when a party asserts boilerplate defenses as mere placeholders without any apparent factual basis." *Teamsters Local Union No. 75*, 2020 WL

3

5994496, at *8. As argued below, a majority of Defendants' Affirmative Defenses do not meet this standard and should be stricken.

### B. Many of Defendants' So-Called Affirmative Defenses are not Proper Affirmative Defenses.

#### 1. Defendants' affirmative defenses related to failure to state a claim are improper.

Despite losing their Motion to Dismiss (Dkt. 112), Defendants have alleged several affirmative defenses regarding failure to state a claim. Specifically, Defendants allege:

1. The claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred as they fail to state a claim upon which relief can be granted.

2. The claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred due to the failure to satisfy the pleading requirements of Fed.R.Civ.Pro. 9(b).

\*\*\*

35. The FAC should be dismissed and Plaintiffs and/or its counsel of record should be sanctioned under Fed.R.Civ.Pro. 11(c) because, upon information and belief: (1) the claims were filed and/or are being pursued for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are not warranted by existing law or by a nonfrivolous argument: and/or (3) the factual contentions have no evidentiary support and/or were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

But this Court has already ruled in a detailed opinion that Plaintiffs' First Amended Complaint properly states causes of action (Dkt. 112). Therefore, these defenses are improper.

Second, these are not appropriate affirmative defenses. *See Tireboots*, 2021 WL 5833986, at *4 (simply reciting the Rule 12(b)(6) standard is not a proper affirmative defense); *Divine*, 319 F.Supp.3d at 1003 (same); *Raquet v. Allstate Corporation*, 348 F.Supp.3d 775, 785-786 (N.D. Ill. 2018) (finding failure to state a claim is not an affirmative defense and that the fact that the

defendant had filed a motion to dismiss obviated the need to plead "failure to state a claim")[1]; *Sanchez*, 2015 WL 122747, at *2 ("[t]his so-called "affirmative defense" is procedurally deficient. If [defendant] wanted to pursue this argument, it should have filed a motion to dismiss pursuant to Rule 12(b)(6) that contained specific arguments and authority…").

Similarly, an alleged violation of Rule 11 is not an affirmative defense. *See Shield Tech. Corp. v. Paradigm Positioning, LLC*, No. 11 C 6183, 2012 WL 4120440, *9 (N.D. Ill. Sept. 19, 2012) (Rule 11 is not an affirmative defense). *Yash Raj Films (USA) Inc. v. Atlantic Video,* No. 03 C 7069, 2004 WL 1200184, *3 (N.D. Ill. May 28, 2004) (alleging an unspecified violation of Rule 11, is improper and does not qualify as an affirmative defense. Rule 11 requires that this allegation be brought as a separate motion at the appropriate time).

Therefore, Defendant requests that this Court strike affirmative defenses 1, 2 and 35.

## 2. **Affirmative Defenses Related to Standing**

The Court already rejected Defendants' standing argument in its Order on Defendants' Motion to Dismiss. (Dkt. 112). And, in any event, Defendants' standing defenses are boilerplate and fail to state any facts in support.

For instance, Affirmative Defense 17 states that "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred as Plaintiffs lack standing to sue individually or on behalf of any putative class."

Affirmative Defense 18 alleges that "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred by a lack of subject matter jurisdiction as Plaintiffs lack standing to sue and/or pursue class-wide relief under some or all of

---

[1] *Raquet* also notes that some courts in the district have allowed "failure to state a claim" defenses, but the court rejected the position of those cases and sided with courts holding that it is not a defense. *See* 348 F.Supp.3d at 785-786 (citing cases).

their claims."

Affirmative Defense 19 alleges that "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred as Plaintiffs and/or members of the putative classes have not suffered any injury in fact."

Affirmative Defense 21 alleges that "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred as the putative classes are not adequately defined, the putative classes are not ascertainable, and/or the members of the putative classes do not have standing."

None of these defenses state any facts in support or explain why the Plaintiffs lack standing. *See Teamsters Local Union No. 75*, 2020 WL 5994496, at *11 (striking affirmative defense stating that the plaintiff lacked standing because the defendant failed to plead facts in support and could not properly plead the defense because the plaintiff necessarily had standing).

Therefore, Affirmative Defenses 17, 18, 19, and 21 should be stricken.

### 3. **Affirmative Defense Related to Venue.**

Defendants assert in Affirmative Defense 32 that venue is improper.

An objection to venue must be made at the earliest possible opportunity. *Frietsch v. Refco*, Inc., 56 F.3d 825, 830 (7th Cir. 1995) *citing* Fed.R.Civ.P. 12(h)(1); *Albany Ins. Co. v. Almacenadora Somex, S.A.,* 5 F.3d 907, 909–10 (5th Cir.1993); *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Industries Fund,* 967 F.2d 688, 691–92 (1st Cir.1992). Raising such objection a year and a half after the suit had been filed, and after filing two motions to dismiss without mentioning the objection to venue, is improper. *Id.*

6

Also, "assuming a plaintiff has done its job in asserting the basis for venue in its Complaint, it is difficult for a defendant to plausibly assert that venue is improper in the form of an affirmative defense." *Intercon Solutions, Inc. v. Basel Action Network*, 969 F.Supp.2d 1026, 1064 (N.D. Ill. 2013) (striking affirmative defense of improper venue where the plaintiff had properly alleged venue, and the facts stated in defendant's affirmative defense were insufficient to allege improper venue).

Here, Plaintiffs have alleged that "[v]enue is proper pursuant to 28 U.S.C. § 1391(b)(2). The Defendants are alleged to have perpetrated their illegal conduct in Cook County, Illinois." FAC, ¶ 71. 28 U.S.C. § 1391(b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Plaintiffs have also alleged specific facts stating that "[d]uring the entire Class Period, dating back to September 1, 2018, 21st Century sold at least 2 million bottles of Blue Ice Vodka. Out of the 2 million bottles sold, at least 500,000 bottles were sold in Florida and Illinois, combined. 21st Century sells Blue Ice at nearly 1400 retail stores in Florida and nearly 600 retail stores in Illinois." FAC, ¶¶ 63-64.

The FAC further alleges that the Influencer Defendants transact and actively solicit business in Illinois and that Plaintiff decided to purchase Blue Ice in Illinois and online based on the Influencer Defendants' posts. FAC, ¶¶ 50-59, 97-98, 101-102.

Here, Defendants did not raise the issue of venue in a 12(b)(3) motion, nor have they alleged any facts plausibly asserting that venue is improper. Indeed, their affirmative defense merely states boilerplate language with no facts: "Defendants allege that venue is improper."

Accordingly, Plaintiffs request that Affirmative Defense 32 be stricken.

### 4. **Affirmative Defenses Related to Damages**

Defendants have alleged the following Affirmative Defenses that essentially allege that Plaintiffs have not suffered and cannot recover damages. Specifically, Defendants have alleged:

6. The claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred because Plaintiffs and/or the members of the putative classes have not suffered any actual damages.

7. Plaintiffs and/or members of the putative classes they purport to represent in the FAC cannot recover prejudgment interest on their alleged causes of action.

8. Plaintiffs and/or members of the putative classes they purport to represent in the FAC are not entitled to recover statutory penalties, punitive damages, or exemplary damages on their alleged causes of action and/or have failed to allege or show any conduct warranting the imposition of statutory penalties, punitive damages, or exemplary damages.

9. The claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred as the asserted claims were not outrageous and not made with evil motive or reckless indifference to the rights of others.

10. The claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are not entitled to recover litigation expenses including, but not limited to, attorneys' fees, expert witness fees, and costs.

11. The claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred because the alleged damages and/or injuries, if any, are speculative and too uncertain to be recoverable.

\*\*\*

15. The claims for injunctive relief of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are moot or otherwise barred.

These are not affirmative defenses and are mere surplusage. *See Wigod v. Wells Fargo Bank, N.A.,* No. 10 C 2348, 2012 WL 13395247, \*2 (N.D. Ill. Oct. 25, 2012) (defense that plaintiffs had not suffered any damages or ascertainable loss reiterated matters already in issue under a denial and was mere surplusage and must be stricken). *See also Tireboots,* 2021 WL 5833986, at \*5 (defense of lack of injury was deficient because plaintiff bears the burden to prove a cognizable injury); *Park Ridge Sports, Inc. v. Park Ridge Travel Falcons*, No. 20 C 2244, 2020 WL 8409295,

\*2 (N.D. Ill. Aug. 26, 2020) (finding injunctive relief was not an affirmative defense because it was no more than a denial of what was in the complaint and also finding that defense regarding punitive damages was a legal argument about the availability of remedies and not an affirmative defense); *Slick v. Portfolio Recovery Assoc., LLC*, No. 12 C 2562, 2013 WL 12618664, \* (Feb. 1, 2013) (lack of entitlement to attorney's fees is not an affirmative defense). Moreover, Defendants already denied Plaintiffs' allegations of damages in their general denials (*see, e.g.,* Answer, ¶¶ 45, 132-135, 167, 177-178) and therefore these are redundant. Thus, Affirmative Defenses 6-11 and 15 should be stricken.

Additionally, Affirmative Defense 20 states that "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred by the doctrines of setoff and/or recoupment. Defendants are entitled to set off and/or recoup amounts sufficient to diminish or defeat any recovery based on expenses, costs, losses, or damages incurred by Defendants because of the acts, conduct, or omissions of Plaintiffs and/or the members of the putative class." But "a claim for setoff ... is not an affirmative defense because it does not destroy the plaintiff's right of action." *Signal Financial Holdings LLC v. Looking Glass Financial LLC*, No. 17 C 8816, 2018 WL 11365996 (N.D. Ill. December 21, 2018). Accordingly, the twentieth affirmative defense should be stricken.

Affirmative Defense 34 states "Plaintiffs have failed, in whole or in part, to mitigate their alleged damages and injuries." This is a "bare bones" recital of a defense "without adequate factual enhancement" and is therefore inadequately pled under Rule 8 and unable to withstand a Rule 12(b)(6) challenge. *See Bernfeld v. U.S. Airways Inc.*, No. 14–cv–5573, 2015 WL 2448275, \*3 (N.D. Ill. May 21, 2015) (finding that a defense that "[t]he plaintiffs may have failed to mitigate

9

their damages" was insufficient to withstand a motion to strike); *Wigod*, 2012 WL 13395247 at *2 (same).

Therefore, Plaintiffs respectfully request that this Court strike Affirmative Defenses 6-11, 20, and 34.

### 5. Affirmative Defenses Related to Class Certification

Defendants assert several affirmative defenses that are related to class certification.

Affirmative Defense 21 states that "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred as the putative classes are not adequately defined, the putative classes are not ascertainable, and/or the members of the putative classes do not have standing."

Affirmative Defense 22 alleges that "[t]he putative class is uncertifiable because Plaintiffs' claims and those of the putative class lack commonality, typicality, numerosity, and predominance of common question. As such, a class action would not be a superior method for resolving this dispute."

Affirmative Defense 23 is essentially duplicative of Defense 22 except it is wordier and adds lack of adequacy of representation.

Affirmative Defense 24 alleges that the requirements of Rule 23(b)(1) are not satisfied, and Affirmative Defense 25 alleges the requirements of Rule 23(b)(2) are not satisfied here because Defendants have not acted or refused to act on grounds that apply generally to the putative classes and injunctive relief is not appropriate with respect to the class as a whole, and Affirmative Defense 26 alleges that the requirements of Rule 23(b)(3) are not satisfied.

Affirmative Defense 27 alleges that the claims of certain class members are barred because there are insufficient contacts between Illinois and the class members.

Affirmative Defense 29 alleges that class certification would violate Defendants due process rights.

None of these are affirmative defenses, and they add nothing to the case. *See Sanchez*, 2015 WL 122747, at * 2 (striking an "affirmative defense" stating that a plaintiff could not represent a collective action). Moreover, they are duplicative of the general denials in the answer (*see, e.g.,* Answer, ¶¶ 104-118) and are best addressed in briefing on class certification. *See id.* (striking affirmative defense stating that the plaintiff "cannot meet or satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure including, but not limited to: class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of community of interest among the putative class; and because class certification is inappropriate due to [defendant's] lawful policies and conduct"). *See also Bernfeld*, 2015 WL 2448275, *4 (N.D. Ill. May 21, 2015) (striking class certification defenses as unnecessary and redundant of denials in answer).

Thus, Plaintiffs request that Affirmative Defenses 21-27 and 29 be stricken.

### 6. Other Improper Affirmative Defenses

#### a. Statute of Limitations

Defendants' Twelfth Affirmative Defense alleges that "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred, in whole or in part, by the applicable statutes of limitations." "But something more than a bald assertion about the statute of limitations is necessary." *See Sanchez*, 2015 WL 122747, at * 2. Because Defendants have failed to allege any facts in support of a statute of limitations defense, Plaintiffs request that the Court strike Affirmative Defense 12.

11

### b. Laches, Knowledge, Waiver Consent, Ratification and/or Estoppel

Affirmative Defense 13 provides that "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred by the doctrines of laches, knowledge, waiver, consent, ratification and/or estoppel." This affirmative defense is conclusory and leaves Plaintiffs and the Court guessing as to which defense is allegedly applicable and why. *See Sanchez*, 2015 WL 122747, at * 2. *See also Raquet*, 348 F.Supp.3d at 786 (where defendant pled "waiver, estoppel, ratification, and/or acquiescence" without segregating which facts support each of those separate defenses, defendant failed to apprise plaintiff and the court of the predicate for each claimed defense).

In *Raquet*, the court struck a similar affirmative defense and noted that "waiver and estoppel are equitable defenses 'that must be pled with the specific elements required to establish the defense.'" *Id.* Because the court was left to speculate as to which aspects of Plaintiff's conduct constituted "voluntary relinquishment of a known right, claim or privilege," or how Plaintiff led Defendant to "detrimentally rely upon" her conduct or statements, the court struck defendant's defense. *Id. See also Tireboots,* 2021 WL 5833986 at *5 (finding similar allegations did not survive a motion to strike and noting that if the defendant should attempt to replead this defense, it should bear in mind that equitable defenses such as laches, estoppel, acquiescence, constitute equitable defenses which "*must* be pled with the specific elements required to establish such defenses).

Therefore, Affirmative Defense 13 should be dismissed.

### c. Unclean Hands

Affirmative Defense 14 provides "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred by the doctrine of unclean hands." But

12

such threadbare affirmative defenses do not withstand a Rule 12(b)(6) challenge and, thus, do not survive a motion to strike." *Cozzi v. United of Omaha Life Insurance Company*, No. 1:20-CV-04031, 2021 WL 1165090, *4 (N.D. Ill. March 26, 2021) (finding that a similar, single sentence regarding unclean hands and estoppel without facts was insufficient). Unclean hands is an equitable defense which "*must* be pled with the specific elements required to establish such defenses." *Id.*

Thus, because it does not contain sufficient factual material to establish each element of unclean hands, Affirmative Defense 14 should be stricken.

### d. Unjust Enrichment

Affirmative Defense 31 alleges that "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent are barred because they would be unjustly enriched if they are granted the relief they seek including, but not limited to, the recovery of any amounts paid to Defendants and/or its agents as Plaintiffs and/or members of the purported putative class do not have a right or standing to recover." But this is not an affirmative defense under Illinois law. *See Raquet*, 348 F.Supp.3d at 786-787. Moreover, Defendant has not asserted any cause of action for fraud, duress, or undue influence. Therefore, its unjust enrichment "defense" cannot be maintained under Illinois law. *See id.*

Thus, Affirmative Defense 31 should be stricken.

### e. Affirmative Defense Number 3

Affirmative Defense 3 alleges that:

> 3. The claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred as Defendants did not engage in any deceptive or unfair conduct in trade or commerce to any consumers, Plaintiffs and/or members of the putative classes that caused any actual damages to any consumers, Plaintiffs, and/or members of the putative classes. Among other things: (1) there was no "deceptive" act or practice since the alleged conduct of Defendants was not likely to mislead

13

>consumers, Plaintiffs, and/or any member of the putative classes acting reasonably in the circumstances, to their detriment; and (2) there was no "unfair' act or practice since the alleged injuries are not substantial, are outweighed by the countervailing benefits to consumers or competition that the practice produces, and are not injuries that consumers, Plaintiffs, and/or member of the putative classes themselves could not reasonably have avoided.

This is simply a denial of Plaintiffs' allegations, "whereas a true affirmative defense 'requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability[.]'' *See Divine*, 319 F.Supp.3d at 1003-1004 (striking affirmative defense that was simply a denial of the allegations in the complaint and was repetitive of the answer).

Accordingly, this Affirmative Defense 3 should be stricken as well.

### f. Affirmative Defense 16

Affirmative Defense 16 states that "[t]he claims of Plaintiffs and/or members of the putative classes they purport to represent in the FAC are barred and/or moot as there is no substantial continuing controversy that is real and immediate, and not conjectural, hypothetical, or contingent."

This is not an affirmative defense but a jurisdictional objection. *See Signal Financial Holdings*, 2018 WL 11365996, at *2.

Consequently, this defense should be stricken as well.

### g. Affirmative Defense 33

Affirmative Defense 33 states "Plaintiffs are not the real parties-in-interest for all or part of the claims herein."

This defense fails because it is a bare legal conclusion without any facts in support. *See ADM Investor Servs., Inc. v. Collins*, No. 05 C 1823, 2006 WL 224095, *8 (N.D. Ill. Jan. 26, 2006) (striking an affirmative defense that the plaintiff was not a real party in interest because it was

"patently defective" since the defendant asserted "only bare legal conclusions with no factual support").

As such, Affirmative Defense 33 should be stricken as well.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court strike Affirmative Defenses 1-3, 6-27, 29, 31-35 without leave to amend.

Dated: August 30, 2024                                    Respectfully Submitted,


/s/ Keith L. Gibson
Keith L. Gibson, Esq.
Keith Gibson Law, P.C.
586 Duane Street, Suite 102
Glen Ellyn, IL 60137
Telephone: (630) 677-6745
Email: keith@keithgibsonlaw.com

Bogdan Enica, Esq.
Keith Gibson Law, P.C.
1200 N Federal Hwy. Ste,375
Boca Raton, FL 33432
Telephone: (305) 306-4989
Email: bogdan@keithgibsonlaw.com

*Attorneys for the Plaintiff and the Putative Class*

## **Certificate of Service**

The undersigned hereby certifies that on this 30th day of August 2024, the foregoing document was served by e-mail on all counsel of record listed below:

Anthony J. Calamunci, Esq.
FisherBroyles, LLP
anthony.calamunci@fisherbroyles.com

Irene Oria, Esq.
Pierson Ferdinand LLP
irene.oria@pierferd.com

John Alan Hinman
Hinman & Carmichael, LLP
jhinman@beveragelaw.com

Robert Thomas Wright
Fisher Broyles LLP
robert.wright@fisherbroyles.com

Amy L. Butler
Fisher Broyles LLP
amy.butler@fisherbroyles.com