UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO SAVA, et al., | Case No.: 1:22-cv-06083 |
| Plaintiffs, | Honorable Judge Joan H. Lefkow |
| v. | Honorable Magistrate Judge Sheila M. Finnegan |
| 21st CENTURY SPIRITS, LLC, et al., | |
| Defendants. | |

## PLAINTIFFS' MOTION TO STRIKE THE REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

Plaintiffs Mario Sava and Alin Pop, by and through their counsel, Keith L. Gibson and Bogdan Enica, move this Court to strike Defendant's Reply in Support of their Motion to Compel (Dkt. 141) and thereof state as follows:

1. Defendants Reply in Further Support of their Motion to Compel has 25 pages, rather than 10 pages as allowed by this Court's Procedures. The excessive number of pages is unwarranted and extremely prejudicial to Plaintiffs.

2. On August 14, 2024, Defendants filed their Motion to Compel Written Discovery Responses and Production of Documents from Plaintiffs and for Sanctions. (Dkt.128).

3. On August 28, Plaintiffs filed their Response in Opposition to the above Motion to Compel. (Dkt.133).

4. On September 6, 2024, Defendants filed their Reply in Support of the Motion ("Reply"). The Reply itself has no less than 15 pages and it is accompanied by a document filed as an "Exhibit" of another 10 pages. The "Exhibit" is just another way to circumvent the page limit

in this Court, it is a document prepared in furtherance of Defendant's Reply and further argues points in Plaintiffs Motion to Compel. This Court should strike the Reply in its entirety.

5. Defendants' Reply has blatantly and deliberately exceeded the allowed number of pages.

6. "The Court follows the 15-page limit on briefs as set forth in Local Rule 7.1. The 15-page limit also applies to motions that operate as a party's brief **Reply briefs may not exceed 10 pages without leave of court upon a showing of good cause**." (emphasis added) Procedures to be followed in cases assigned to Magistrate Judge Sheila M. Finnegan[1].

7. "The page limit is designed as much for the benefit of the litigants as for the benefit of the court. If extra pages mean stronger argument, enforcement of the page limit protects those who obey the rules. *Morgan v. S. Bend Cmty. Sch. Corp*., 797 F.2d 471, 480 (7th Cir. 1986).

8. Defendants did not seek leave of court to file a 15-page Reply, using effectively 50% more space than allowed. What is even more disingenuous is that Defendants filed a document as an "Exhibit" in an attempt to further increase the number of pages used and avoid following the requirements in Local Rule 7.1. This document called "Exhibit" is created by counsel in order to further argue Defendants' position taken regarding the Motion to Compel and further presents what is supposed to be a "Reply Position." (s*ee* Reply, column 3).

9. The so-called Exhibit to the Reply is just another attempt to circumvent the page limit observed in this Court. "Adopting by reference arguments in documents other than in the brief dealing with the particular point under consideration not only provides an effective means of circumventing the page limitations on briefs ... but unnecessarily complicates the task of the ... judge." *Kove IO, Inc. v. Amazon Web Services, Inc*., 18 C 8175, 2024 WL 3888772, at *7 (N.D.

---

[1] Available at https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=1279. Last visited Sep. 10, 2024.

Ill. Aug. 20, 2024).

10. "Case after case in varying contexts have disapproved stratagems to avoid page limitations." *Miller UK Ltd. v. Caterpillar, Inc.,* 292 F.R.D. 590, 592 (N.D. Ill. 2013). This case should be no different. The page limitations are intended to be "a ceiling, not a floor, and a ceiling we rarely allow to be pierced." *United States v. Devine*, 768 F.2d 210, 210 (7th Cir. 1985). As such, this Court should strike the Reply with prejudice.

11. Defendants did not file a Motion for Leave because it would have been impossible for them to show good cause for grossly exceeding the number of pages. While Plaintiffs' Response complied with the limits set in Local Rule 7.1. and this Court's procedures, there is no justification for new arguments and a verbose Reply.

12. Defendants' filing of a 25-pages reply is unacceptable, severely prejudicial, violates the procedures imposed by this Court and leaves Plaintiffs with no recourse other than filing this motion to strike.

## CONFERRAL STATEMENT

13. Bogdan Enica for Plaintiffs and Amy Butler for Defendants conferred over the phone on September 12, 2024 and by email. Defendants oppose the relief sought in this motion.

## CONCLUSION

14. For the reasons stated above, this Court should strike Defendants' Reply with prejudice and impose any additional relief deemed proper and just.

Dated: September 13, 2024.　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　s/Bogdan Enica
　　　　　　　　　　　　　　　　　　　　Bogdan, Enica
　　　　　　　　　　　　　　　　　　　　FL Bar No.: 101934
　　　　　　　　　　　　　　　　　　　　66 West Flagler St., Ste. 937,
　　　　　　　　　　　　　　　　　　　　Miami, FL 33130
　　　　　　　　　　　　　　　　　　　　Telephone: (305) 306-4989

Email: Bogdan@keithgibsonlaw.com

Keith L. Gibson
IL Bar No.: 6237159
490 Pennsylvania Ave, Ste. 1,
Glen Ellyn, IL 60137
Telephone: (630) 677-6745
Email: Keith@keithgibsonlaw.com

*Counsel for Plaintiff and the Putative Class*

**Certificate of Service**

  The undersigned hereby certifies that on this 13th day of September 2024, the foregoing document was served by e-mail on all counsel of record listed below:

Anthony J. Calamunci, Esq.
FisherBroyles, LLP
anthony.calamunci@fisherbroyles.com

Robert Thomas Wright
Fisher Broyles LLP
robert.wright@fisherbroyles.com

Amy L. Butler
Fisher Broyles LLP
amy.butler@fisherbroyles.com

Irene Oria, Esq.
Pierson Ferdinand LLP
irene.oria@pierferd.com

John Alan Hinman
Hinman & Carmichael, LLP
jhinman@beveragelaw.com

            Keith L. Gibson
            Keith L. Gibson, Esq.
            490 Pennsylvania Ave, Ste. 1,
            Glen Ellyn, IL 60137
            Telephone: (630) 677-6745
            Email: Keith@keithgibsonlaw.com