UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO SAVA, et al., | ) Case No.: 1:22-cv-06083 |
| Plaintiffs, | ) Honorable District Judge Joan H. Lefkow |
| v. | ) Honorable Magistrate Judge Sheila Finnegan |
| 21st CENTURY SPIRITS, LLC, et al., | ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS AGAINST INFLUCENCER DEFENDANT LEANNA BARTLETT**

Plaintiffs, Mario Sava and Alin Pop, by and through their respective counsel, Keith L. Gibson and Bogdan Enica, hereby file this Motion for Discovery Sanctions Against Influencer Defendant Leanna Bartlett and in support thereof states as follows.

**INTRODUCTION**

Influencer Defendant Leanna Bartlett modified relevant original evidence related to her Blue Ice Vodka Instagram advertising ("Blue Ice Posts") after she was served with the lawsuit in this case. Afterwards, she tried to pass the spoliated posts as originals in her answers to discovery. Confronted with the facts at her deposition, Bartlett admitted that she modified the Blue Ice Posts after being served with the lawsuit, and that the modified Blue Ice Posts were then saved and archived in her Instagram account instead of the original posts. Bartlett's attorneys have also informed Plaintiffs in writing that the original Blue Ice Posts do not exist, stating in a meet and confer email that "for any posts that were modified by Leanna Bartlett, she does not have the original posts." *See* Exhibit A.

1

This is a clear case of intentional spoliation of evidence that is essential to this case and sanctions are warranted. As explained in more detail herein, the deleted original Blue Ice Vodka posts *did not* contain the "paid partnership" label or any tag indicating that the Influencer was paid for the post. This is critical to a determination of liability.

This case is about deceptive advertising under the Illinois Consumer Fraud and Deceptive Business Practices Act, as well as Florida and California consumer protection statutes. Specifically, it relates to undisclosed adverting by a number of social media influencers, some of them being defendants in this lawsuit. Plaintiffs' Complaint alleges "Because consumers may not be willing to pay as much for Blue Ice or purchase it at all if they know that the Influencers are paid to promote it, 21st Century and the Influencers have "devised a scheme" whereby the Influencers "tag or recommend Blue Ice products" while "pretending they are disinterested consumers." In other words, the Influencers do not indicate in their social-media posts that they are paid to promote Blue Ice." (Dkt. 112 at 1.) (citing First Amended Complaint, Dkt. 60.) "Relying on the representations made on the Blue Ice website, the "secondary label," the bottle collar, and the Influencers' Instagram posts, Pop and Sava purchased bottles of Blue Ice in August and October 2022, respectively." *Id.*

The Court found that "the Influencers' posts come within the scope of Section 255.5 and the material connection between the Influencers and 21st Century "might materially affect the weight or credibility of the [Influencers'] endorsements." See 16 C.F.R. § 255.5." (Dkt. 112 at 42.) Producing a spoliated post that altered specifically the material connection disclosure makes impossible for Plaintiffs to prove liability as to Leanna Bartlett.

Based on Bartlett's intentional destruction of relevant evidence, this Court should find that Defendant Leanna Bartlett violated Florida Deceptive and Unfair Trade Practices Act (FDUTPA),

2

Fla. Stat. § 501.201 et seq., the Illinois Consumer Fraud and Deceptive Trade Practices Act (ICFA), 815 Ill. Comp. Stat. 505/1 et seq., the Illinois Uniform Deceptive Trade Practices Act (IUDTPA), 815 Ill. Comp. Stat. § 510/1 et seq., the California Consumers Legal Remedy Act (CLRA), Cal. Civ. Code § 1750 et seq., and the California Unlawful Competition Act (CUCL), Cal. Bus. & Prof. Code § 17200 et seq. by failing to disclose material connections with the maker of Blue Ice Vodka and that Defendant Bartlett is estopped from arguing that the tag existed on the original Blue Ice Posts.

**FACTUAL BACKGROUND**

1. **First Amended Complaint**

Plaintiffs brought a nationwide class action seeking monetary damages, restitution, injunctive and declaratory relief from Defendants 21st Century Spirits, LLC, maker, distributor and marketer of Blue Ice Vodka ("Blue Ice"), and so-called "influencers" illegally promoting Blue Ice products on social media. Leanna Bartlett is one of the influencers. (Dkt. 60 ¶ 1.) In in order to artificially inflate the prices for Blue Ice products, both 21st Century and the Influencers devised a scheme in which the Influencers will tag or recommend Blue Ice products, pretending they are disinterested consumers. (*Id.* ¶ 5.)

Relying on the undisclosed and misleading advertising, Plaintiffs and the Class Members […] purchased Blue Ice products and paid a premium, while the Blue Ice products proved to be of a much lower value than the price paid. (Dkt. 60 ¶ 9.) Defendant Leanna Bartlett ("Bartlett") is a citizen of California who resides in Los Angeles County and is otherwise sui juris. Bartlett is transacting business in California, Florida and Illinois over the internet and actively soliciting business in California, Florida and Illinois. (*Id.* ¶ 50.)

While being properly compensated, without disclosing any material relationship with 21st

3

Century (*Id.* ¶ 80.) Leanna Bartlett posted on her Instagram account pretending to consume Blue Ice and presented this fact to her followers, without disclosing any material relationship with 21st Century. (*Id.*) She did not use the "paid partnership" tag suggested by the FTC or other disclosures like "#ad," or "#sponsored." Therefore, she fails to be compliant with the FTC Rules found in 16 C.F.R. § 255.5 and the FTC guidelines regarding advertising on social media. (*Id.* ¶ 84.) Plaintiffs and Class Members purchased Blue Ice Vodka products at inflated prices, exclusively because of the way the Blue Ice products are advertised and the misleading content of the advertisement. (*Id.*)

### 2. Document Production

Defendant Bartlett produced documents in response to Plaintiff's request for production including Instagram posts in which Bartlett is promoting Blue Ice Vodka. All of the Instagram posts produced by Bartlett and promoting Blue Ice Vodka products contain the "Paid Partnership" label at the top of the post, a written disclosure compliant with the 16 C.F.R. § 255.5. (*See* attached Exhibit B).

In fact, none of Bartlett's Blue Ice Vodka Instagram posts contained the proper "Paid Partnership" written disclosure at the time of posting (See Exhibit C) . However, the disclosure appeared on all the posts produced by Bartlett.

For example, the June 19, 2021, "Father's Day" original post, does not contain the "Paid Partnership" label with reference to Blue Ice Vodka. (*See* Exhibit C, pg.2. PLAINTIFFS_00118) The June 19, 2021, post produced by Bartlett contains the label. (*See* Exhibit B, pg.8., DEFS_00000440, DEFS_00000441).

*See also* Exhibit C pg. 1, PLAINTIFFS_00006 compared to Exhibit B, pg.9, DEFS_00000448; Exhibit C pg. 3. PLAINTIFFS_00120 compared to Exhibit B pg.4 DEFS_00000444. The post captured and produced by Plaintiffs as PLAINTIFFS_00303 (Exhibit.

4

C pg.4 ) was not produced by Defendant Bartlett.

Trying to further cover up the spoliation and confuse the Plaintiffs. Counsel for Bartlett stated that "She does not remember which of her Blue Ice Vodka posts are original and which are edited. She has over a thousand Instagram posts on her page, including Blue Ice." (*See* Exhibit D). The statement is misleading since Instagram records when the post was edited, and the information is available for the account holder. *See Infra* Pic.1. The purpose of this effort to create confusion is simple: trying to pass the spoliated evidence as authentic and trying to cover Defendant's traces of fundamentally modifying the Instagram posts.

### 3. Leanna Bartlett Deposition Testimony

Bartlett admitted in her deposition testimony that she edited the original Blue Ice Posts after being served with the lawsuit. (*See* attached Exhibit E - Bartlett dep. 155:1-159:21.) The "Paid Partnership" label appears below Bartlett's name on the post when it is present. (Bartlett Dep. 118:17-21). Defendant Bartlett produced a series of Blue Ice Vodka posts (screenshots, not the native posts[1]) that have the "paid partnership" tag underneath her name as shown in the screenshot. The "Paid Partnership" label on Bartlett's produced posts states as follows: "Paid partnership with blueicevodkausa". Defendant Barlett produced a Blue Ice Post marked as DEFS_00000440 which contained the "Paid Partnership" written disclosure. (Exhibit E, Bartlett Dep. 155: 7-18, Ex.5)

However, in comparing two of the produced Posts, DEFENDANTS_00000440 (*See* Exhibit E, Bartlett Dep. Ex.5) and PLAINTIFFS_00006 (*See* Exhibit E, Bartlett Dep. Ex.7). Defendant Bartlett admitted that the original post (PLAINTIFFS_00006) was edited after she was

---

[1] Plaintiffs previously filed a Motion to Compel regarding, among others, the format of production. (Dkt. #146). While access to Influencers' Instagram accounts is needed to collect the posts and metadata, based on Bartlett's own admissions, her original posts have been deleted.

5

served with the lawsuit in this case to include the "Paid Partnership" label. The pertinent testimony is as follows:

Q: Yes. Defendants' 01233 and then Plaintiffs' 06. Do you have both of those up?

A: **Yes.**

Q: So if you see on Defendants' 1233, it has the language, "Paid partnership with Blue Ice Vodka USA." Do you see that?

A: **Right. I do see.**

Q: On this particular post, which is Plaintiffs' 06, it does not contain that paid partnership with Blue Ice Vodka language, correct?

A: **Yes.**

Q: Okay. And, again, just to be clear, do you why the difference is one contains that language and one does not?

A: **From what I believe, it's been archived and then edited as opposed to un-archived. It says right here, where is it, 20-something weeks ago, right.**

Q: So that's something that was edited –

A. **Or 25 weeks ago**.

Q. So that was edited, correct?

A. **It was archived after this post, and then it was re-archived.**

Q: So the post, which is Plaintiffs' 06, is that the original post?

A: **That is what it looks like.**

Q: Okay, and then it was archived, correct?

A: **Yes.**

Q: At then at some point after that it was edited, correct?

A: **Yes, because it was re-archived.**

Q: Okay, and then after – when it was edited was the, "Paid partnership with Blue Ice Vodka USA" added to the post?

6

A: **That's what it looks like.**

Q: And based on this, it was edited 25 weeks prior to when this post was archived, correct?

A. **That's what it says.**

Q: Okay. And, again, earlier I said if this metadata indicated its June 7, 2023, you don't have any reason to doubt that, correct?

A. **No.**

Bartlett Dep. 155:12 - 157:1

Further, Bartlett's testimony confirms that the relevant posts were edited and then archived after Bartlett was served with the lawsuit in this case. The pertinent testimony is as follows:

Q: At some point, this was archived from the original post –

A. **I think so**.

Q: And then edited?

A: **It was re-archived, yes.**

Q: And then it was re-archived. Okay. And so the original post did not include the language, "Paid partnership with Blue Ice Vodka USA", correct?

A: **That's what it looks like.**

Q: Okay, and then if it was edited 25 weeks prior to June 7, 2023, to add the paid partnership with Blue Ice Vodka USA language, you would agree with that, correct?

A: **Yes.**

Q: And then it was re-archived[2]?

A: **Right.**

Q: And the 25 weeks prior to June 7, 2023, that would be approximately the last part of December 2022, correct?

---

[2] Bartlett is using the term "re-archived" to describe saving the edited post on Instagram while hiding it from public view.

> A: **Yes.**
>
> Q: And that was shortly after you were served with this lawsuit, correct?
>
> A: **That's what it sounds.**

Barlett Dep. 158:6 – 159:4.

Finally, Bartlett admitted that other Blue Ice Posts, including the Father's Day post (PLAINTIFFS_00129) were edited and archived in the same manner after Barlett was served with the lawsuit in this case.

> *See* Bartlett Dep. 159:5-161:25.



Pic.1

8

## ARGUMENT

1. **Influencer Defendant Bartlett's Conduct in Deleting Relevant Instagram Posts is Spoliation of Evidence.**

Bartlett's deleting of the original Blue Ice Instagram posts after the lawsuit was filed is clear grounds for spoliation sanctions. Bartlett's editing and saving the modified post has caused the original posts to no longer exist in her Instagram account. This is sanctionable conduct that is highly prejudicial on Plaintiffs' efforts to prove their allegations in this case.

Spoliation of evidence occurs when one party destroys evidence related to an issue in the case. *See Cohn v. Guaranteed Rate, Inc.* 318 F.R.D. 350. 354 (2016) *citing Smith v. United States*, 293 F.3d 984, 988 (7th Cir. 2002). The Court has broad, inherent power to impose sanctions for failure to produce discovery and for destruction of evidence, over and above the provisions of Federal Rule of Civil Procedure 37(e). *Cohn v. Guaranteed Rate, Inc.* 318 F.R.D. 350. 354 (2016) *citing SEC v. First Choice Mgt. Servs., Inc.*, 678 F.3d 538, 543(7th Cir. 2012). Before imposing sanctions for spoliation of evidence, the court must find that: (1) there was a duty to preserve the specific documents and/or evidence; (2) the duty was breached; (3) the other party was harmed by the breach; and (4) the breach was caused by the breaching party's willfulness, bad faith, or fault. *See Cohn*, 318 F.3d at 354 *citing Jones v. Bremen High Sch.*, No. 08-cv-3548, 2010 WL 2106640, at *5. (N.D. Ill May 25, 2010).

A party has a duty to preserve evidence that it has control over and which it reasonably knows of can foresee would be material, and thus relevant to a potential legal action. *Jones,* 2010 WL 2106640 at *6. At a minimum, this duty applies when the plaintiff informs the defendant of his/her potential claim. *Haraburda v. Arcelor Mittal USA, Inc.*, No. 2:-11-cv-0093, 2011 WL 2600756, at *1 (N.D. Ind. June 28, 2011). The duty to preserve is broad and encompasses any

9

evidence that the non-preserving party knew or reasonably could foresee would be relevant to the action. *Scruggs v. Miller*, No. 3:16-cv-0050, 2016 WL 495603, at *5 (N.D. Ind Feb. 8, 2016).

After being served with the lawsuit, Bartlett had a duty to preserve the original Blue Ice Instagram posts in their original form and was not permitted to edit the posts to make them legally compliant with 16 C.F.R. § 255.5 and the state statues, by adding the required "Paid Partnership" label. Despite being represented by counsel (same counsel as for all the other parties and in this case), Bartlett decided to destroy the evidence, fabricate new evidence, present the new evidence as authentic in response to discovery requests, and feign memory loss regarding her editing of the posts. In fact, in her answer to Plaintiffs' Interrogatories, Bartlett, falsely states, under oath, that she is producing the 48 posts for which she received compensation:

> *"Forty-eight Instagram posts. Pursuant to Fed. R. Civ. P. 33(d), see social media posts to be produced by Defendants on rolling basis in response to Plaintiffs' First Sets of Requests for Production to 21st Century and the Influencer Defendants." (See* Exhibit F, pg. 33)

In fact, Bartlett produced falsified posts and presented them as the required evidence in this action. But for Plaintiffs' diligent pre-filing preparation Bartlett spoliation would have been unnoticed. Plaintiff have been harmed in that the original posts now no longer exist. And while Plaintiffs were able to save portions of some of them prior to deletion, most of the posts are irretrievably lost. The posts are "material and irreplaceable evidence necessary to establish Plaintiffs' theories of recovery." *See Myers v. Mercedes-Benz USA, LLC,* 3:23CV755 (DJN), 2024 WL 3738228, at *4 (E.D. Va. May 15, 2024) citing *Marrocco v. Gen. Motors Corp.,* 966 F.2d 220, 222 (7th Cir. 1992).

Bartlett's actions were clearly willful and in bad faith with the intent of trying to make the edited posts appear complaint with law *after* she was served with the lawsuit, many months, or even years after she initially created the posts about Blue Ice Vodka. It would be reasonable and

appropriate for this Court to sanction Influencer Defendant Bartlett in accordance to Rule 37(b)(2(A)(iii) by striking her answer and affirmative defenses. Further, the Court should require Influencer Defendant Bartlett to pay all of the reasonable attorney's fees and costs the Plaintiffs incurred in taking her deposition.

### 2. Sanctions are Warranted for Bartlett's Spoliation of Evidence

"[T]he Supreme Court has expressly stated that sanctions may be appropriate in any one of three instances - where the noncomplying party acted *either* with willfulness, bad faith *or* fault." *Marrocco* 66 F.2d 220 at 224. In this case, the correct standard is "bad faith." Not only that Bartlett spoliated the evidence, but she tried to pass her modified posts as originals in her answering the discovery, including her sworn answers to interrogatories. Sanctions under Rule 37 are appropriate in a case of spoliation. Such sanctions include an adverse inference instruction, prohibiting the disobedient party from supporting affirmative defenses, striking pleadings, or rendering a default judgment. *Fermaint v. Planet Home Lending, LLC*, 18 C 07325, 2020 WL 13929939, at *2 (N.D. Ill. Apr. 30, 2020), *report and recommendation adopted*, 1:18-CV-07325, 2020 WL 13930275 (N.D. Ill. May 21, 2020).

Also, the Court has broad, inherent power to impose sanctions for failure to produce discovery and for destruction of evidence, over and above the provisions of Federal Rule of Civil Procedure 37(e). *Cohn*, 318 F.R.D. at 354 *citing SEC v. First Choice Mgt. Servs., Inc.*, 678 F.3d 538, 543(7th Cir. 2012). And, although Rule 37(b)(2)(A) requires a party to violate a judicial directive in order to impose sanctions, "a formal, written order to comply with discovery is not required. Courts are entitled to interpret broadly what constitutes an order. […] we believe such an order is not required to provide notice that parties must not engage in such abusive litigation practices as coercing witness testimony, lying to the court, and tampering with the integrity of the

judicial system. The latitude to interpret broadly stems from the presumption that all litigants, including those far less educated and intelligent than those involved in this case, are reasonably deemed to understand that fabricating evidence and committing perjury is conduct of the sort that is absolutely unacceptable." *REP MCR Realty, L.L.C. v. Lynch,* 363 F. Supp. 2d 984, 998 (N.D. Ill. 2005), *aff'd,* 200 Fed. Appx. 592 (7th Cir. 2006) (internal citations omitted). As such, this Court should impose sanctions, including striking Bartlett's pleadings in whole and rendering a default judgment against the disobedient party.

As Bartlett destroyed the evidence and fabricated new documents, she tried to pass the false ones as real evidence in this case. Federal courts have inherent power to impose sanctions for misconduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991); *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) ("Beyond any rule-based justification, the court's inherent authority to rectify abuses to the judicial process also authorizes sanctions for certain violations."). *Doe v. Purdue Univ.*, 2:17-CV-33-JPK, 2021 WL 2767405, at *10–11 (N.D. Ind. July 2, 2021).

The type of misconduct found in this case warrants striking the Answer and Affirmative Defenses filed by Defendant Bartlett and enter a summary judgment against her. The cases that have upheld dismissals as a sanction based on inherent powers have typically involved bad faith, fraud, or undue delay by one of the parties *Kovilic Const. Co., Inc. v. Missbrenner,* 106 F.3d 768, 773 (7th Cir. 1997). This is exactly what happened here. Bartlett falsified and destroyed the evidence, but she also tried to pass the spoliated evidence as being the correct one. In *Quela v. Payco-Gen. Am. Creditas, Inc.,* 99 C 1904, 2000 WL 656681, at *2 (N.D. Ill. May 18, 2000). Bartlett's spoliation of evidence should be sanctioned by the Court.

## RULE 37.2 STATEMENT

Parties engaged in a long meet and conferred process, both by email and by attending phone conferences and online meetings. Parties had at least one call, on March 18, 2024, where they discussed the issues raised in this motion. Irene Oria, Amy Butler, and Anthony Calamunci were present on behalf of the Defendants, Keith Gibson and Bogdan Enica represented the Plaintiffs. Despite the overwhelming evidence that the original posts were deleted and replaced by the modified posts, counsel for Bartlett still maintains that: "she has never deleted any Blue Ice Vodka post." (*see* Exhibit D – email from August 23, 2024.)

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request the Court to enter an order as follows:

a. Striking Defendant Bartlett's Answer and Affirmative Defenses and have the matters alleged therein deemed admitted, including that Bartlett violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 et seq., the Illinois Consumer Fraud and Deceptive Trade Practices Act (ICFA), 815 Ill. Comp. Stat. 505/1 et seq., the Illinois Uniform Deceptive Trade Practices Act (IUDTPA), 815 Ill. Comp. Stat. § 510/1 et seq., the California Consumers Legal Remedy Act (CLRA), Cal. Civ. Code § 1750 et seq., and the California Unlawful Competition Act (CUCL), Cal. Bus. & Prof. Code § 17200 et seq. by failing to disclose material connections with the maker of Blue Ice Vodka;

b. Deem Defendant Bartlett's edited and re-archived Blue Ice Instagram posts stricken and bar Defendant Bartlett from arguing or presenting evidence that shows the "Paid Partnership with Blue Ice Vodka USA" tag on any Instagram Post.

c. Order Influencer Defendant Bartlett to pay Plaintiffs for all of the reasonable attorney's fees and costs incurred in taking her deposition and bringing this motion.

13

      d.      Any other relief this Court deems appropriate.

| | |
|---|---|
| Dated: September 30, 2024 | /s/Keith L. Gibson, Esq. |
| | Keith L. Gibson |
| | KEITH GIBSON LAW P.C. |
| | IL Bar No.: 6237159 |
| | 586 Duane Street, Suite 102 |
| | Glen Ellyn IL 60137 |
| | Telephone: (630) 677-6745 |
| | Email: keith@keithgibsonlaw.com |
| | |
| | Bogdan, Enica |
| | FL Bar No.: 0101934 |
| | NY Bar No.: 5705629 |
| | NJ Bar No.: 012602012 |
| | 1200 N Federal Hwy, Ste.375 |
| | Boca Raton FL 33432 |
| | Telephone: (305) 306-4989 |
| | bogdan@keithgibsonlaw.com |
| | |
| | *Counsel for Plaintiffs and the Putative Class* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2024, the foregoing was electronically served on all counsel of record in this case via the Court's ECF system, as listed below.

Anthony J. Calamunci, Esq.
FisherBroyles, LLP
anthony.calamunci@fisherbroyles.com

Irene Oria, Esq.
Pierson Ferdinand LLP
irene.oria@pierferd.com

John Alan Hinman
Hinman & Carmichael, LLP
jhinman@beveragelaw.com

Robert Thomas Wright
Fisher Broyles LLP
robert.wright@fisherbroyles.com

Amy L. Butler
Fisher Broyles LLP
amy.butler@fisherbroyles.com

/s/Bogdan Enica
Bogdan Enica