IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARIO SAVA, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 22 C 6083 |
| | ) | |
| **21st CENTURY SPIRITS, LLC, et al.,** | ) | Magistrate Judge Finnegan |
| | ) | |
| Defendants. | ) | |

**ORDER**

**I.       Introduction.**

Plaintiffs have filed a Motion to Compel Additional Depositions and for Sanctions (Doc. 150, 152). Their primary argument is that defense counsel made approximately 400 "unnecessary objections" to the "form" of various questions in each of the depositions of Defendants Nina Serebrova, Sarah L. Houchens, and Alexa Collins-Shields, which they argue is patently excessive. (Doc. 150 (sealed version), at 2). They also assert that Defendants' form objections caused the witnesses to be evasive. (Doc. 150, at 3).

As relief, Plaintiffs ask this Court to order that these three depositions "be continued at the expense of defendants (including providing an interpreter for Nina Serebrova) . . . for another 4 hours" and that defense counsel should be "instructed to abstain from frustrating the depositions." They also seek sanctions, "including, but not limited to assessing attorney's fees and costs related to participating in the frustrated depositions and filing this motion." (Doc. 150, at 15). For reasons discussed below, the motion is denied.

**II.      "Unnecessary Objections."**

Plaintiffs first complain about the large number of form objections that they contend were "unnecessary." (Doc. 150, at 2). They do not assert that defense counsel gave improper explanations of the reason for the objections or instructed witnesses not to answer, which Defendants say did not happen in any event. (Doc. 163, at 5).

To demonstrate why they believe the form objections were improper, Plaintiffs direct the Court to twelve examples, many through truncated snippets that do not reveal the context of the questions, answers, and objections. Of these, one example is from Ms. Collins-Shields' deposition and the rest are from the deposition of Ms. Serebrova. There are no examples of "unnecessary objections" from Ms. Houchens' deposition.

In the Collins-Shields deposition, Plaintiffs criticize Defendants' form objection to a question asking the witness's full name as patently improper. (Doc. 152-2, at 65:23-25). But Plaintiffs fail to inform the Court that the witness had given her "full name" earlier in the deposition (Doc. 150-2, at 7:6-8). The form objection was a proper objection to make to a duplicative question, as the Court previously instructed both parties in its oral ruling on December 8, 2023.[1] Plaintiffs' first example of an improper objection in the Serebrova deposition is also a form objection to a question about her full name. (Doc. 150-1, at 8:8-11). But again, Plaintiffs do not reveal that the witness answered the question at page 8:12-13 *and* had answered a question about her full name at page 7:18-24. The form objection to a duplicative question was proper here as well.

The Court is also not persuaded that the other form objections identified by Plaintiffs (Doc. 150, at 4-8) to questions posed to Ms. Serebrova, all of which she answered, were improper. For example, a form objection to an attorney's statement that is not in question format is acceptable. (See Doc. 150, at 6-7; Doc. 150-1, at 11:12-18 and 74:12-24). As for objections to questions about whether the witness both lived in and was sued in the United States (see Doc. 150, at 6-7, referring to questions at Doc. 150-1, at 20:19-22; 21:17-24; and 22:8-16), defense counsel's form objections to the compound and repetitive nature of the questions were not improper. Indeed, the witness herself asked Plaintiffs' counsel to divide a compound question into two separate questions to facilitate her understanding. (Doc. 150-1, at 22:4-6). Defense counsel's form objection to the vague question—"Do you think it would be useful if you would see this document [the Amended Complaint] translated" (Doc. 150, at 7, quoting from Doc. 150-1, at 28:23-29:6[2])—was also acceptable, as was an objection to the prefatory comments to another question (Doc. 150, at 7, referring to Doc. 250-1, at 77:9-13). The same is true about a form objection to the question whether the witness understood what was written about herself in a page of the Amended Complaint, given that the page contained several factual and legal concepts, making the question compound in nature. (Doc. 150-1, at 19:10-14).

Even assuming these objections were improper (they were not), Plaintiffs have not come close to showing an "excessive" number of improper objections sufficient to justify re-deposing the witnesses. And Plaintiffs do not even try to show how much deposition time was wasted due to "unnecessary" form objections. To the extent Plaintiffs' motion relies primarily on a word-search showing 100s of objections, the Court finds that form of evidence, without more, to be insufficient to demonstrate a basis for sanctions. While Plaintiffs did not have to describe every improper objection in their motion, they at least

---

[1] At that time, the Court opined, among other things, that "my ruling here is that for a witness who has previously been asked and fully answered the same question, proper course is to make a form objection." (Doc. 95, Tr. 12/8/23, at 14:22-25).

[2] This page is the only place in the deposition where this question is asked. Plaintiffs' citation for it, which is to Doc. 150-1, at 77:9-13 (see Doc. 150, at 7), is incorrect.

had to make a showing that *improper* objections were excessive and prevented them from having sufficient time to pose their questions. They failed to do so.[3]

The two cases on which Plaintiffs rely in justifying their motion are inapposite. In *Nat'l Bank of Sioux City, Iowa v. Abbott Labs.*, 299 F.R.D. 595, 601-609 (N.D Iowa 2014), *vacated on other grounds*, 800 F.3d 936 (8th Cir. 2015), the objections included extensive explanations tantamount to coaching. This is absent in Plaintiffs' examples. And *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 528 (E.D. Pa. 1993), which addressed the propriety of mid-deposition client conferences not at issue here, opined that counsel at depositions should not engage in "interpreting questions" and "deciding which questions the witness should answer." (Doc. 150, at 5). Again, such conduct did not occur in Plaintiffs' examples here. Plaintiffs' request for relief from "unnecessary objections" is denied.

### III. Evasive Answers.

Plaintiffs argue that the witnesses "played the lost memory game" and gave evasive responses to questions. (Doc. 150, at 8). Reviewing Plaintiffs' allegations at pages 8-12 of their opening brief, the Court notes that, again, there are no examples of evasive answers from Ms. Houchens.

Turning to the eleven examples of alleged evasive testimony for the other witnesses, the Court finds nothing improper or evasive about the testimony of Ms. Serebrova (Doc. 150, at 8-12 (six examples))[4] or Ms. Collins-Shields (Doc. 150, at 11-12 (five examples)).[5] Nor did the Court see an apparent pattern of evasion after a form

---

[3] Plaintiffs attached as exhibits to their motion the full deposition transcripts for the 3 witnesses at issue (totaling approximately 569 pages). The Court assumes Plaintiffs reviewed these transcripts and highlighted in the motion the strongest examples (in their view) of "improper" objections and abusive lawyering. The Court closely reviewed the portions of the deposition transcripts relating to the examples selected by Plaintiffs.

[4] Plaintiffs' illustrations of evasive answers by Ms. Serebrova are as follows: the witness answered that she lived in the United States and was sued in the United States (Doc. 152-1, at 20:19-24; 21:9-22;11; 23:20-24:7); that she did not know or care what Blue Ice Vodka thought (*id*., at 75: 9-17, see 76:1-4 and 74:9-10); that she was not sure that 2K meant $2,000 and 3K meant $3,000 (*id*., at 64:4-16 and 69:9-20), explaining that her husband, and not she, handled business correspondence and that she trusted him to do it (*e.g., id*., at 61:3-14; 63:25-64:16); that she remembered many but not all of the facts about a post on which she was queried (*id*., at 84:9-85:20); and that her husband sometimes posted on her behalf from his or her phone and that she could not differentiate between what he or she posted (*id*., at 80:19-82:13). And there did not appear to be improper objections in the exchanges quoted from Serebrova's deposition at pages 8-12 of Plaintiffs' brief (Doc. 150). Indeed, the form objections appeared proper for various reasons, including because of their compound nature, prefaces summarizing prior testimony, lack of an identified subject ("can it be…" or "is it…"); request for what is "possible"; or a combination of the foregoing.

[5] Plaintiffs' illustrations of evasive answers by Ms. Collins-Shields are as follows: she testified that she could not recall the payment from a particular (non-Blue Ice) client but that she would answer questions about financial matters even though she felt they were personal matters (*id*., at 185:24-186:3); she did not "expect" followers to look at or engage with her account (*id*., at 33:4-17); her manager was not involved with 21st Century Spirits deals, because it was a deal she obtained by herself, and she did not recall what

3

objection.  A witness's lack of recall is not, standing alone, evidence of evasion.  Plaintiffs' reliance on *Payton v. Kale Realty, LLC*, 2015 WL 10374103, at *5 (N.D. Ill. Aug. 20, 2015), report and recommendation adopted, 2015 WL 14081023 (N.D. Ill. Sept. 15, 2015) (cited at Doc. 150, at 13), is inapposite since that case involved a Rule 30(b)(6) deposition.  Such depositions, unlike those at issue here, require the deponent to prepare for testimony on topics as to which he or she may have no first-hand knowledge.  The motion is thus denied on the ground that the witnesses were evasive.

### IV.  Imposition of Sanctions.

Plaintiffs' motion requests that this Court sanction Defendants for their allegedly improper conduct during the three depositions at issue.  (Doc. 150, at 14).  Because the Court denied Plaintiffs' motion, their request for sanctions is denied.

Defendants also seek sanctions, namely, payment of reasonable attorney's fees and expenses associated with responding to the motion.  (Doc. 163, at 14).  They contend there was no "substantial justification" for pursuing the motion to compel given the concessions that Defendants offered in writing to moot the motion.  (Doc. 163, at 14-15, citing Fed. R. Civ. P. 37(a)(5)(B)).[6]

The Court agrees that Defendants are entitled to recover their reasonable fees and costs in responding to the motion, but for a different reason.  Under Fed. R. Civ. P. 37(a)(5)(B), if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require" the movant, its counsel, or both "to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust."  For the reasons explained in this order, the Court found no support for Plaintiffs' motion.  Despite making broad claims of over 1,000 improper objections in three depositions, Plaintiffs' motion described no alleged improper objections at all during one of the depositions, and only a handful objections during the other two depositions.  And upon review of the transcripts, the Court found those objections to be proper.  Plaintiffs also had "an opportunity to be heard" through their briefing, including the 9-page reply brief (see Doc. 167).  Therefore, the Court orders

---

compensation her manager received on other deals that he brought to her (*id.*, at 183:2-185:11); and she does not charge a fixed fee for a post (*id.*, at 40:5-15).

[6]  Defendants posit that Plaintiffs filed the motion asserting improper form objections to provide a pretextual basis for re-deposing witnesses because Plaintiffs' counsel was unprepared the first time and lacking certain documents and discovery responses. (Doc. 163, at 8-9). Defendants note that the Court had warned Plaintiffs that they would not be allowed to re-depose these witnesses after obtaining their discovery responses. *Id.* at 2-5, 8-9; Doc. 108 (Tr. 12/7/23, at 6:12-7:15 and 14:4-15:15); Doc. 81 (12/7/2023 order stating "by agreement, depositions of Influencers are to be taken one time only. Plaintiffs intend to depose Influencers without receiving discovery responses."). Because the Court denies the motion on other grounds, this issue need not be decided.

Plaintiffs to pay Defendants the reasonable attorney's fees and costs incurred in opposing the instant motion.[7]

**V.      Conclusion.**

For the above reasons, Plaintiffs' Motion to Compel Additional Depositions and for Sanctions (Doc. 150, 152) is denied.  Defendants' request that Plaintiffs reimburse them for their reasonable fees and expenses in filing their opposition to Plaintiffs' motion is granted.

ENTER:

Dated: November 27, 2024

SHEILA FINNEGAN
United States Magistrate Judge

---

[7]      Defendants are to inform Plaintiffs of the amount sought as reasonable fees and expenses, and the parties are then to confer. If they are unable to reach agreement on the amount to be paid and the deadline to do so, Defendants may file a fee petition seeking an award of the specific sum (with supporting documentation), and Plaintiffs will be allowed to respond.